UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOWRIDER SURF, LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC.,<br><br>Defendant. | Case No.: 3:15-cv-01879-BEN-BLM<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS** |

Presently before the Court is Defendant Pacific Surf Designs, Inc.'s ("PSD") Motion for Leave to File First Amended Answer and Counterclaims. (Mot., ECF No. 50.) PSD seeks to add a counterclaim and defense for inequitable conduct, and an intervening rights defense. (Proposed Am. Answer, Filed Under Seal at ECF No. 61.) Plaintiffs have opposed the motion (Opp'n, ECF No. 65), to which Defendant filed a reply (Reply, ECF No. 66). As explained below, the motion is **DENIED.**

## BACKGROUND

PSD requests leave to file a first amended answer and counterclaims related to the allegedly improper revival of the Asserted Patents (U.S. Patent No. 6,491,589 ("'589 patent") and U.S. Patent No. 8,088,016 ("'016 patent")) after they expired. In short, PSD alleges that both Asserted Patents expired for failure to pay maintenance fees. The '589 patent expired on December 10, 2014, and the '016 patent expired on January 3, 2016.

1

(Proposed Am. Answer ¶¶ 59, 77.) In petitioning for revival of the patents, Plaintiffs' counsel represented that the delays in paying the maintenance fees were unintentional. (*Id.* ¶¶ 62, 78.) PSD asserts that these representations were false, and at least a portion of the delay was intentional. (*Id.* ¶¶ 64, 81.) On August 24, 2015, the United States Patent and Trademark Office ("USPTO") granted Plaintiffs' petition to revive the '589 patent. (*Id.* ¶ 68.) The instant action was filed the same day. (Compl., ECF No. 1.) On February 9, 2016, USPTO auto-granted the petition to revive the '016 patent. (Proposed Am. Answer ¶ 91.)

PSD's proposed amended answer adds inequitable conduct and intervening rights defenses related to the delayed maintenance fee payments for the '589 and '016 patents, and inequitable conduct counterclaims for both Asserted Patents. (*Id.* at pp. 9-18, 21-28.) It contends that the patents are unenforceable because of the false representations and that it is entitled to intervening rights for any damages that may have occurred during the period the patents were expired.

PSD filed its Answer on October 22, 2015. (ECF No. 13.) The deadline to amend pleadings was January 4, 2016. (ECF No. 22.) PSD filed the present motion on June 22, 2016.

## LEGAL STANDARD

If a party seeks leave to amend a pleading after the time period specified in the court's scheduling order, as is the case here, Federal Rule of Civil Procedure 16(b)'s "good cause" standard governs the motion for leave to amend. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). The "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.'" *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 736 (9th Cir. 2013) (quoting *Johnson*, 975 F.3d at 609).

1  Once good cause is shown, the moving party must demonstrate that the amendment
2  is proper under Federal Rule of Civil Procedure 15. *Johnson*, 975 F.3d at 608. Rule 15
3  directs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P.
4  15(a)(2). Courts generally consider five factors when assessing the propriety of a motion
5  for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the
6  opposing party, and whether the party has previously amended the pleadings. *Ahlmeyer*
7  *v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 n.3 (9th Cir. 2009).

## DISCUSSION

PSD's motion fails because it cannot establish good cause to justify the late amendment. PSD's motion to amend was brought over five months after the deadline to amend in the scheduling order. But the facts supporting its new claims related to the '589 patent were available to PSD when it filed its original Answer in October 2015. Information about the '589 patent's expiration and renewal is publicly available on the USPTO's Public Patent Application Information Retrieval ("PAIR") website. (Opp'n, Hoting Decl. ¶ 4.) The website's transaction history page shows that the patent expired on January 2, 2015; that a petition to accept late payment was filed on February 20, 2015; and that the petition was ultimately granted on August 24, 2015. (Hoting Decl. ¶ 4 & Ex. C.) Considering that the information about the expiration and renewal of the '589 patent was publicly available to PSD before it filed its original Answer, the Court cannot say that Plaintiff has been diligent in seeking to amend.[1] *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (stating that, in assessing timeliness of motion to amend, the court must consider whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading).

The '016 patent did not expire until after PSD filed its Answer, but the information

---

[1] Plaintiffs also produced the '589 patent's file history to PSD on January 20, 2016. (Hoting Decl. ¶ 3 & Ex. B.)

about its expiration and renewal was similarly publicly available several months ago. The USPTO's PAIR website shows that, on January 29, 2016, the '016 patent expired. (Hoting Decl. ¶ 5 & Ex. D.) On February 10, 2016, a petition to accept late payment of the maintenance fee was filed, and the PTO granted the petition the same day. (*Id.*)

Moreover, from January to March 2016, the parties exchanged discovery requests and responses and met-and-conferred on the subject of the maintenance fee payments. Since at least March 9, 2016, Plaintiffs have asserted that discovery on the failure to make the payments is privileged and irrelevant. (Hoting Decl. ¶ 9 & Exs. K, L.) Specifically, Plaintiffs stated that information about the expiration and/or revival of the Asserted Patents was not relevant because PSD had not alleged inequitable conduct. (*Id.*) On April 14, 2016, after a meet-and-confer in March, counsel for PSD emailed Plaintiffs' counsel, announcing their intention to seek leave to amend PSD's answer to include inequitable conduct claims. (Hoting Decl. ¶ 12 & Ex. N.) Yet, PSD did not file its motion for leave to amend until more than two months later on June 22, 2016.

PSD acknowledges that much of the back-and-forth between the parties occurred from January to March 2016. (Reply at 4.) It contends that if the Court concludes that PSD has not been diligent, then the Court is finding that "PSD should not have bothered to meet-and-confer, but instead immediately pulled the trigger on expensive and time-consuming motion practice in March when Plaintiffs first objected to the discovery." (*Id.* at 5.) But this is not so. The Court does expect parties to meet-and-confer before filing a motion and, if such conferences fail, to timely move for the requested relief. PSD simply did not do that here. It was aware or should have been aware of the relevant facts supporting its proposed amendment for many months, and it filed the instant motion another two months after initially announcing its intent to do so. Under such circumstances, the Court finds that PSD has not been diligent. *See, e.g.*, *Sako v. Wells Fargo Bank, N.A.*, No. 14-cv-1034-GPC (JMA), 2015 WL 5022326, at *2 (S.D. Cal. Aug. 24, 2015) ("Courts have held that waiting two months after discovery of new facts to bring a motion to amend does not constitute diligence under Rule 16."). Therefore,

1  PSD cannot establish good cause for the amendment.  Because the "inquiry should end"
2  if the movant cannot show diligence, the Court need not consider whether the proposed
3  amendment is appropriate under Federal Rule of Civil Procedure 15.  *Johnson*, 975 F.3d
4  at 609.

5      **IT IS SO ORDERED.**

7  Dated:  November 4, 2016

                                          Hon. Roger T. Benitez
                                          United States District Judge