UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOWRIDER SURF, LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC.,<br><br>Defendant. | Case No.: 3:15-cv-01879-BEN-BLM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO FILE UNDER SEAL**<br><br>**[ECF No. 100]** |

Defendant Pacific Surf Designs, Inc. ("PSD") filed a Motion to File Under Seal seeking to file an entire motion and several exhibits under seal in connection with Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Docket No. 100.) PSD explains that Plaintiffs have designated the exhibits "CONFIDENTIAL-FOR COUNSEL ONLY" under the Protective Order, and that portions of the motion to dismiss reference or paraphrase documents and correspondence designated "CONFIDENTIAL-FOR COUNSEL ONLY."

**I.    Law Regarding The Right of Access to Judicial Records**

In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), the Supreme Court recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Id.* at 597. The main reason for this general

right is to accommodate "the citizen's desire to keep a watchful eye on the workings of . . . government." *Id.* at 598. However, the Supreme Court also stated that "the right to inspect and copy judicial records is not absolute." *Id.* at 589. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes," such as "to gratify private spite or promote public scandal," or to serve as a source of "business information that might harm a litigant's competitive standing." *Id.* (internal citations omitted).

Except for certain documents "traditionally kept secret," federal courts begin a sealing analysis with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id.* That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id.*, that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process," *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "Simply mentioning a general category of privilege, without further elaboration or any specific linkage with the documents, [also] does not satisfy the burden." *Id.* at 1184. A party's failure to meet the burden of articulating specific facts showing a "compelling reason" means that the "default posture of public access prevails." *Id.* at 1182.

The "compelling reasons" standard applies fully to dispositive motions, such as the one at issue here. *Id.* at 1179. The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where . . .

documents subject to a protective order are filed under seal as attachments to a dispositive motion.  The . . . 'compelling reasons' standard continues to apply.").

In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret.  *Foltz,* 331 F.3d at 1135.  After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."  *Hagestad,* 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.,* 798 F.2d 1289, 1295 (9th Cir.1986)).

## II.  Discussion

As explained above, PSD is required to "present 'articulable facts' identifying the interests favoring continued security, *and* to show that these specific interests overc[o]me the presumption of access by outweighing the 'public interest in understanding the judicial process.'"  *Kamakana*, 447 F.3d at 1181 (emphasis in original) (internal citations omitted).  PSD fails to make this showing.  Instead, PSD merely asserts in conclusory fashion that the motion to dismiss and certain exhibits contain confidential information concerning patent rights that Plaintiffs have designated as "CONFIDENTIAL-FOR COUNSEL ONLY" pursuant to the Protective Order.  PSD has not presented any supporting declarations, specific demonstrations of fact, or concrete examples of prejudice or harm that could result if these documents are filed in the public record.  Nor has PSD identified what information in these documents is considered privileged or sensitive.  This is not the particularized showing necessary to establish a "compelling" interest.  Additionally, it is not immediately clear to the Court how some of the information sought to be sealed would place Plaintiffs at a competitive disadvantage if disclosed to the public.  Therefore, Defendant's Motion to File Under Seal is **DENIED.**

The Court grants PSD leave to file a renewed motion to file under seal.  The Court reminds PSD *and* Plaintiffs, the designating party, of the Protective Order, which states that any request to seal "must be narrowly tailored to seek sealing only of the confidential or privileged material."  (Docket No. 24.)  PSD must support its motion with specific

1  facts that demonstrate a compelling reason to seal the documents, supported by citations
2  to authority.
3      **IT IS SO ORDERED.**
4
5  Dated:  November 16, 2016

                                            Hon. Roger T. Benitez
                                            United States District Judge