UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOWRIDER SURF, LTD., et al.,<br><br>                                    Plaintiffs,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC.,<br><br>                                    Defendant. | Case No.: 3:15-cv-01879-BEN-BLM<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO FILE EXHIBITS UNDER SEAL**<br><br>**[ECF No. 118]** |

    Plaintiffs FlowRider Surf, Ltd. and Surf Waves Ltd. have moved to file under seal Exhibits 1-3 and 5-11 to the Declaration of Geoff Chutter and Exhibit A to the Declaration of Thomas Lochtefeld in support of Plaintiffs' Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.  (Docket No. 118.)

    The exhibits are license and sublicense agreements and amendments thereto, a contribution agreement, and a deed of assignment.  Plaintiffs explain that these documents have been designated "CONFIDENTIAL-FOR COUNSEL ONLY" under the Protective Order because they "contain[] sensitive information regarding royalties and other financial terms for the sale of Flowriders," "trade secret information regarding the products' specifications," and "sensitive information regarding the cost of [an] assignment."  (*See id.*)

"[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement of Torts § 757 cmt. b.  Royalty rates fall within the definition of trade secrets, *In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008), "because disclosure could create an asymmetry of information in the negotiation of future licensing deals," *Apple, Inc. v. Samsung Elec. Co., Ltd.*, No. 11-cv-01846-LHK, 2012 WL 4933287, at *2 (N.D. Cal. Oct. 16, 2012).  The cost of an assignment is similarly sensitive financial information that may also be sealed.  And, clearly, product specifications qualify as trade secrets.

Accordingly, Plaintiffs' motion to seal is **GRANTED.**  The Clerk is directed to file the documents lodged at Docket No. 119 under seal.

**IT IS SO ORDERED.**

Dated:  December 19, 2016

_____
Hon. Roger T. Benitez
United States District Judge