UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOWRIDER SURF, LTD., et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC.,<br><br>　　　　　　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 15cv1879-BEN (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY [ECF No. 139]**<br><br>**AND**<br><br>**(2) REQUIRING THE PARTIES TO SUBMIT ADDITIONAL DOCUMENTATION REGARDING THE IMPOSITION OF SANCTIONS** |

Currently before the Court is Defendant's January 27, 2017 "Motion to Compel Discovery" [ECF No. 139-1 ("Mot.")], Plaintiffs' February 3, 2017 opposition to the motion [ECF No. 150 ("Oppo.")], and Defendant's February 10, 2017 reply [ECF No. 156 ("Reply")].[1]  Having considered the briefing submitted by the parties and having reviewed all of the supporting

---

[1] The Court notes that the unreacted versions of Defendant's motion to compel, Plaintiffs' opposition and Defendant's reply appear as ECF Nos. 158, 163, and 165.

exhibits, the Court **DENIES** Defendant's motion for the reasons set forth below. The Court further requires the parties to submit additional documentation regarding the imposition of sanctions on Defendant.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2014, Plaintiff FlowRider Surf, Ltd. ("FlowRider")[2] and Wave Loch, LLC ("Wave Loch"), a company owned by the inventor of the U.S. Patent No. 6,491,589 (the "'589 Patent"), Thomas Lochtefeld, entered into a Contribution Agreement pursuant to which FlowRider acquired a portion of Wave Loch's sheet wave attraction business. See Oppo. at 6; ECF No. 150-3, Declaration of Leanna C. Costantini ("Costantini Decl.") at 2; id., Exh. 2. Wave Loch retained the right to sell certain sheet wave attractions provided that FlowRider manufactured the rides. See Oppo. at 6; Costantini Decl., Exh. 2 at 28-30. FlowRider entered into a separate license agreement with Surf Park PTE, Ltd., pursuant to which it obtained the exclusive right to a portfolio of patents and trademarks, including the '589 Patent at issue in this suit. See Oppo. at 6, 14; Costantini Decl., Exh. 2 at 4-36.

On October 17, 2014, FlowRider filed an arbitration claim (the "Arbitration") against Wave Loch alleging that ████████████████████████████████████████

---

[2] Plaintiffs assert that FlowRider "was recently amalgamated into its parent corporation, Whitewater West Industries ('Whitewater')," and that "FlowRider no longer exists as an entity separate from Whitewater." Oppo. at 6 n.2. For the purposes of their opposition Plaintiffs refer to FlowRider as an entity separate from Whitewater. See id. The Court will do the same in this order.

██████████████████████████████████████ See ECF No. 150-2, Declaration of Roger L. Scott ("Scott Decl.") at 2; ECF No. 139-2, Declaration of Justin M. Barnes ("Barnes Decl."); id., Exh. D at 2-3.  On February 1, 2016, FlowRider and Wave Loch entered into a Settlement Agreement, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████. See Oppo. at 7; Barnes Decl., Exh. A.

On August 24, 2015, Plaintiffs filed the instant patent infringement suit.  ECF No. 1.  On April 18, 2016, Plaintiffs produced to Defendant in discovery a copy of the 2014 Contribution Agreement between FlowRider and Wave Loch.  Costantini Decl. at 2; id., Exh. 2.  On November 23, 2016, Plaintiffs produced the Settlement Agreement between FlowRider and Mr. Lochtefeld, which resolved the Arbitration dispute.  Mot. at 2 (citing Barnes Decl., Exh. A).  In an email dated December 21, 2016, Defendant requested the production of "whatever documents, pleadings, etc. were exchanged or provided" in the Arbitration, and on January 3, 2017, Plaintiffs objected on relevance, undue burden, and proportionality grounds.  See Mot. at 2-3; Oppo. at 9; Barnes Decl. at 2; id., Exhs. B at 4, C at 3.  During the parties' meet and confer on January 6, 2017, Defendant requested a copy of the Arbitration Demand and Answer, and in an email dated January 12, 2017, Plaintiffs reasserted their relevance objections, but to avoid a dispute, provided a copy of the Demand for Arbitration.  See Oppo. at 9; Costantini Decl. at 3-4; id., Exh. 9.  Defendant requested additional documents concerning the Arbitration, Plaintiffs refused to provide such documents, and Defendant filed the instant motion to compel seeking Plaintiffs'

production of all pleadings and documents exchanged in the Arbitration.  See Costantini Decl. at 3-4; Mot.

## LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  District courts also have broad discretion to limit discovery to prevent its abuse.  See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

A party may request the production of any document within the scope of Rule 26(b).  Fed. R. Civ. P. 34(a).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Id. at 34(b)(2)(B).  The responding party is responsible for all items in "the responding party's possession, custody, or control."  Id. at

34(a)(1).  Actual possession, custody or control is not required.  Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).  The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26. <u>Soto</u>, 162 F.R.D. at 610.  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining, and supporting its objections." <u>DIRECTV, Inc. v. Trone</u>, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing <u>Blankenship v. Hearst Corp.</u>, 519 F.2d 418, 429 (9th Cir. 1975)).

**DISCUSSION**

Defendant seeks to compel the production of all documents and pleadings exchanged in the Arbitration claiming that the requested documents are relevant and that it has not waived the discovery sought in the motion.  Mot. at 4-8.  Defendant argues that the documents at issue are relevant because the Arbitration involved FlowRider's claim that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and the Contribution Agreement gave FlowRider standing to file the instant action. <u>Id.</u> at 4-5 (citing Barnes Decl., Exh. D at 2).  Defendant further claims that the requested documents could be relevant to damages because Plaintiffs are seeking to exclude Defendant from selling products that allegedly embody the '589 Patent. <u>See id.</u> at 5-6. Defendant also asserts that because Plaintiffs listed Mr. Lochtefeld on their initial disclosures, provided Mr. Lochtefeld's declaration in support of their pleadings, and might call him to testify

at trial, Plaintiffs' "serious reservations" about Mr. Lochtefeld's credibility expressed during the Arbitration are relevant. Id. at 6. Finally, Defendant maintains that the dispute giving rise to this motion became ripe on January 3, 2017, when Plaintiffs refused to provide the documents at issue, and argues that its motion to compel is thus timely. Id. at 7-8.

Plaintiffs assert in their opposition that discovery regarding the Arbitration is not responsive to Defendant's discovery requests, is untimely, seeks irrelevant, unreasonably cumulative, duplicative, and confidential information, and is disproportionate to the needs of the case. See Oppo. In support, Plaintiffs claim that Defendant has served 39 requests for production ("RFPs") and 16 interrogatories, none of which sought information regarding the Arbitration. Id. at 4, 7, 10; Costantini Decl. at 2-3; id., Exhs. 3-4. Plaintiffs also maintain that the issues involved in the Arbitration are not relevant because the Arbitration involved a claim by FlowRider that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and none of the issues in the Arbitration related to Wave Loch's development or ownership of patents or other intellectual property. Oppo. at 4-5, 13; Scott Decl. at 2. Plaintiffs emphasize that the Contribution Agreement does not provide the basis for FlowRider's standing in this case; rather, the Contribution Agreement provides for the sale to Whitewater of a significant portion of Wave Loch's sheet wave attraction business. Oppo. at 13-14. Plaintiffs claim that a separate agreement was executed granting FlowRider the exclusive license to the intellectual property, including the '589 Patent, and that their Complaint and Opposition to Motion to Dismiss the '589 Patent for lack of standing are based on that license agreement. See id. at 6, 14. Plaintiffs also assert that a FlowRider employee's opinion regarding the veracity of Mr. Lochtefeld's statements

1  with respect to the issues involved in the Arbitration is not relevant to any issues in this case.
2  Id. at 15.  Plaintiffs further contend that Defendant's motion is untimely because Defendant
3  failed to raise this issue with the Court for more than six months after Plaintiffs' initial rejection
4  of Defendant's discovery request concerning the Arbitration.  See id. at 4, 11-12; see also
5  Costantini Decl. at 2-4.

6        Plaintiffs further argue that any additional discovery regarding the Arbitration for the
7  purpose of discovering costs, profits and royalty figures is unreasonably cumulative and
8  duplicative in light of their prior production of responsive documents related to damages.  See
9  Oppo. at 5, 14; Costantini Decl. at 4.  Plaintiffs claim that Defendant's motion seeks the
10 production of voluminous documents "the majority of which included confidential third party
11 information . . . the disclosure of which is prohibited by the Protective Order in the arbitration
12 and would be detrimental to Wave Loch's business if disclosed to third parties."  Oppo. at 5, see
13 also id. at 15-16; ECF No. 150-1, Declaration of Thomas Lochtefeld ("Lochtefeld Decl.") at 2.
14 Plaintiffs thus ask the Court to deny Defendant's motion and to order Defendant to pay their
15 costs associated with opposing the motion pursuant to Fed. R. Civ. P. 37(a)(5)(B).  Oppo. at 5-
16 6, 16-17.

17       Defendant reasserts in its reply that the requested discovery is relevant, that it did not
18 waive its ability to bring the instant motion to compel, and argues that the Plaintiffs'
19 confidentiality concerns are alleviated by the parties' Protective Order.  See Reply.  Defendant
20 claims that the requested discovery falls within the scope of RFP Nos. 9, 14-17, 38.  Id. at 2-3.
21 Defendant further argues that the Arbitration documents could be relevant to the issue of
22 damages and to ███████████████████

██████, thus potentially being relevant to non-infringement (or non-infringing substitutes) in the instant case.[3]  Id. at 7-8.  Defendant also asserts that the 30-day window to bring a dispute to the Court's attention was triggered on January 3, 2017, when Plaintiffs refused to produce documents related to the Arbitration.  Id. at 2-5.  Finally, Defendant claims that Plaintiffs are not entitled to costs associated with filing their motion and asks the Court to grant its motion to compel.  Id. at 10-11.

### a. Timing of Defendant's Motion

Defendant alleges that its motion to compel is timely because it was not aware of the Arbitration until Plaintiffs produced the Arbitration Settlement Agreement in November 2016, and that the dispute giving rise to this motion became ripe on January 3, 2017, when Plaintiffs refused to provide the documents at issue.  See Mot. at 7-8; Reply at 2-5.  The facts do not support Defendant's argument.

On April 18, 2016, Plaintiffs produced a copy of the 2014 Contribution Agreement between FlowRider and Wave Loch.  Costantini Decl. at 2; id., Exh. 2.   On June 22, 2016, Defendant filed a "Motion for Leave to File its First Amended Answer and Counterclaim," in which it specifically alleged that in 2014,

> Flowrider had a dispute with the named inventor of the '589 patent, Thomas Lochtefeld and/or Mr. Lochtefeld's company Wave Loch, LLC, regarding ████████████████████████████████████ under the License and/or Contribution Agreement and delayed paying the maintenance fee until the dispute was resolved.

---

[3] Defendant contends that the "Arbitration stemming from the Contribution Agreement related to ████████████████████████████████████████████████████████████████████████ Id. at 7 (emphasis omitted).

ECF No. 49 at 13, 25; see also ECF No. 50.  Additionally, in an email dated June 13, 2016, Defendant requested the production of documents associated with the Arbitration by including the word "arbitration" in its list of search terms and custodians for Plaintiffs' ESI production. Costantini Decl. at 2 (declaring that Defendant "made its first demand for documents associated with the arbitration between Wave Loch and FlowRider" in an email dated June 13, 2016); id., Exh. 5 at 4-5; see also Oppo. at 8.  On June 14, 2016, Plaintiffs objected to the request claiming that several of Defendant's proposed search terms, including the term "arbitration," were "overbroad," and "w[ould] result in voluminous hits, very few of which w[ould] be related to issues in this case."  See Costantini Decl. at 2; id., Exh. 5 at 3-4; see also Oppo. at 8.  The parties' email correspondence further shows that on July 8, 2016, Plaintiffs refused to run ESI searches for several terms, including the term "arbitration," stating that the terms had "no relevance to any issue in this case or w[ould] be decided by the Court on [Defendant's] Motion . . . ."  Costantini Decl. at 2; id., Exh. 6 at 2.  On September 9, 2016, Defendant filed a motion to compel discovery, which sought, *inter alia*, the production of documents responsive to Defendant's ESI search terms, but did not include a request for the term "arbitration."  See ECF No. 76.  As such, by June 2016, Defendant clearly was aware of the Contribution Agreement, License Agreement, and legal disagreement between FlowRider and Wave Loch, and Defendant made several unsuccessful efforts in June and July 2016 to obtain the Arbitration documents.

After the Court's ruling on Defendant's motion to compel,[4] on November 8, 2016, Defendant emailed Plaintiffs a revised list of search terms and custodians, which included the term "arbitration."  Costantini Decl. at 3; id., Exh. 7 at 3-4.  On November 9, 2016, Plaintiffs responded that the term was overbroad and irrelevant to any issue in this case, and asked Defendant to "replace th[e] term[] with other narrow and relevant terms."  Costantini Decl. at 3; id., Exh. 7 at 3.  In an email dated November 11, 2016, Defendant replaced the term, and on November 14, 2016, Plaintiffs agreed to run searches using Defendant's revised list of search terms and custodians, which did not include the term "arbitration."  Costantini Decl. at 3; id., Exh. 7 at 2-3.

On November 23, 2016, Plaintiffs produced the Settlement Agreement between FlowRider and Mr. Lochtefeld.[5]  Mot. at 2; see also Barnes Decl., Exh. A.  On November 29, 2016, Plaintiffs emailed Defendant requesting a 10-day extension of the deadline to substantially complete the production of its electronic correspondence, and on November 30, 2016, Defendant responded that it would agree to the requested extension provided that Plaintiffs agreed (1) to extend all other discovery deadlines by one month, and (2) "not to oppose additional discovery" regarding,

---

[4]  The Court granted in part and denied in part Defendant's motion to compel.  ECF No. 96.  Specifically, the Court allowed the "revival discovery" requested by Defendant as to the '589 Patent, but denied such discovery with respect to the other patent-in-suit, and denied Defendant's request for all documents that "hit" on the parties' ESI search terms without further culling for relevance.  See id.

[5]  Defendant speculates that "the only reason Plaintiffs provided any information at all on the Arbitration was because [Defendant] filed a motion to dismiss for lack of standing, which led Plaintiffs to literally double their production with a whole host of new documents, allegedly showing Whitewater's rights in the '589 patent (which they received, allegedly, from the Arbitration settlement)."  Reply at 11 (citing ECF Nos. 102 & 116).

*inter alia*, "Whitewater/FlowRider's suit/arbitration with Mr. Lochtefeld."  Costantini Decl. at 3; id., Exh. 8 at 5-7.  Plaintiffs objected to Defendant's conditions but after further negotiation, Plaintiffs agreed to the one-month extension of the discovery deadlines but not to the additional discovery.  See Costantini Decl. at 3; id., Exh. 8 at 2-4; Oppo. at 12.  On December 1, 2016, the parties filed a joint stipulation seeking the one-month continuance.  ECF No. 110.  The stipulation did not contain any agreement regarding additional discovery.  See id.  Defendant did not serve any new discovery requests but on December 21, 2016, Defendant emailed Plaintiffs requesting, *inter alia*, "whatever documents, pleadings, etc. were exchanged or provided" in the Arbitration.  Barnes Decl., Exh. B at 2, 4.  On January 3, 2017, Plaintiffs objected on relevance, undue burden, and proportionality grounds.  Barnes Decl., Exh. C at 3.

The Court's "Case Management Order Regulating Discovery and Other Pretrial Proceedings In a Patent Case" provides that

> [a]ll discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Barbara L. Major's Civil Chambers Rules, which are posted on the Court's website. **A failure to comply in this regard will result in a waiver of a party's discovery issue.**

ECF No. 95 at 2 (emphasis in original).  Here, as discussed in the next section, it is not clear that Defendant ever formally requested the Arbitration discovery it now seeks to compel.  To the extent Defendant's prior requests did encompass the current discovery, Plaintiffs repeatedly objected in June, July and November 2016.  Defendant's resurrected request on December 21, 2016 did not restart the 30-day window for filing a motion to compel the discovery.  Accordingly,

the Court finds that Defendant's motion is untimely and that Defendant waived the discovery of the Arbitration documents it now seeks to compel. See id. (providing that a party's failure to comply with the Court's 30-day deadline to bring a discovery motion "will result in a waiver of a party's discovery issue."). Even if Defendant's motion was timely, as discussed below, the motion lacks merit.

### b. **Merits of Defendant's Motion**

Defendant claims that all documents and pleadings exchanged in the Arbitration are relevant to this suit. See Mot. at 4-7; Reply at 5-9. Plaintiffs argue in their opposition that the requested discovery is not responsive to Defendant's discovery requests, seeks irrelevant, cumulative, duplicative, and confidential information, and is disproportionate to the needs of the case. See Oppo. Defendant clarifies in its reply that the documents it seeks to compel are responsive to the following RFPs, which were served on March 7, 2016:

> **REQUEST FOR PRODUCTION NO. 9:**
> All Documents relating to any analysis, review, meetings, negotiations, discussions, agreements, or other Communications regarding any of the Asserted Patents.
> . . .
> **REQUEST FOR PRODUCTION NO. 14:**
> All Documents concerning any proposed or actual agreements relating to the Asserted Patents, including without limitation, any license agreements, cross licenses, offers to license, attempts to negotiate a license, assignments, notice letters, demand letters, cease and desist letters, lawsuits, settlement negotiations, settlement agreements, or covenants not to sue.
>
> **REQUEST FOR PRODUCTION NO. 15:**
> All Documents relating to the ownership, title, transfer, or assignment of any of the Asserted Patents.
>
> **REQUEST FOR PRODUCTION NO. 16:**
> All Documents relating to Your acquisition of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 17:**
   Documents sufficient to identify any financial or other interest in the Asserted Patents.
   . . .

**REQUEST FOR PRODUCTION NO. 38:**
   All Documents between You and any third party that refer to any of the Asserted Patents.

Costantini Decl. at 2; id., Exh. 4 at 16-17, 21; Reply at 3 (citing RFP Nos. 9, 14-17, 38).

The Court initially notes that Plaintiffs advised Defendant that "to the extent that there were any documents exchanged in the arbitration that are relevant and responsive [to Defendant's discovery requests], those documents have been produced." Costantini Decl., Exh. 9 at 2. Neither side detailed for the Court which Arbitration documents were produced to Defendant, other than the Settlement Agreement, the Demand for Arbitration (without attachments), and some emails referenced in the pleadings. See Mot.; Oppo.; Costantini Decl.; Barnes Decl., Exh. D at 3; id., Exh. I. Defendant, however, does not dispute the statement that some Arbitration documents were produced during discovery. See Mot.; Reply.

In support of their opposition, Plaintiffs submitted a declaration from Roger Scott, an attorney with the law firm that represented FlowRider during the Arbitration. See Scott Decl. Mr. Scott declares that the Arbitration "related to contractual pricing obligations and Wave Loch's rights to manufacture and sell certain products," and that "[n]one of the issues in the arbitration related to Wave Loch's development or ownership of patents or other intellectual property." Id. at 2. Further, FlowRider's claim at issue during the Arbitration was that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████████ Barnes Decl., Exh. D at 2-3. Additionally, as noted above, a separate agreement was executed granting FlowRider the exclusive license to the '589 Patent. See Oppo. at 6, 14; Costantini Decl., Exh. 2 at 4-36. The Court thus agrees with Plaintiffs that the Arbitration involved a breach of contract claim, which is not relevant to the instant patent infringement suit. See Scott Decl. at 2; Oppo. at 4-5.

     Plaintiffs' declarations further establish that the Arbitration lasted for almost a year and that the parties produced over 40,000 pages of documents and exchanged nearly 80 pleadings. See Scott Decl. at 2; Lochtefeld Decl. at 2. The documents were produced subject to a two-tiered protective order, allowing the parties to designate documents as "Confidential," prohibiting the documents from being used or disclosed outside of the Arbitration, or "Highly Confidential," allowing the documents to only be reviewed by attorneys. Scott Decl. at 2; id., Exh. 1. "Nearly all documents" in the Arbitration were produced under "some form of confidentiality designation." Scott Decl. at 2; see also Lochtefeld Decl. at 2. As such, even if the documents were relevant, Defendant's request for all "documents, pleadings, etc. . . . exchanged or provided" in the Arbitration is grossly disproportionate to the needs of the case and seeks confidential information. See Fed. R. Civ. P. 26(b)(1) (allowing discovery regarding any "nonprivileged matter that is relevant to any party's claim or defense" that is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

With respect to Defendant's assertion that the documents at issue are potentially relevant to damages and Mr. Lochtefeld's credibility [see Mot. at 6; Reply at 6, 8], Plaintiffs already have produced 78,972 documents, including emails and attachments, some of which related to the Arbitration and to "relevant costs, profits, royalty figures, and valuations," and 314 other documents, which included "spreadsheets regarding costs, profits, and royalty figures." Costantini Decl. at 4. Further, Defendant already possesses emails exchanged between FlowRider's employees concerning the veracity of Mr. Lochtefeld's statements during the Arbitration, because it cited and provided those emails to support its motion to compel. See Mot.; Barnes Decl., Exh. I at 2-3; Reply at 8. Accordingly, Defendant's request seeks cumulative information and the scope of the request is not proportional to the possible relevance.

The Court finds that Defendant did not clearly request the Arbitration discovery it now seeks to compel. To the extent the identified RFPs encompass the disputed discovery, the request for all documents and pleadings exchanged in the Arbitration is overbroad, seeks irrelevant information, and is not proportional to the needs of this case. See Fed. R. Civ. P. 26(b)(1). The Court therefore **DENIES** Defendant's motion to compel.

   c. **Plaintiffs' Request for Sanctions**

Plaintiffs ask the Court to order Defendant to reimburse them for the costs associated with opposing Defendant's motion to compel. Oppo. at 6, 16-17. If a motion to compel discovery is denied, a court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless the motion was substantially justified or other circumstances mitigate against awarding expenses.

Fed. R. Civ. P. 37(a)(5)(B); see also Brown v. Hain Celestial Grp., Inc., 2013 WL 5800566, at *5 (N.D. Cal. Oct. 28, 2013) ("[t]he party that loses the motion to compel bears the affirmative burden of demonstrating that its position was substantially justified").

As noted above, Plaintiffs produced the Contribution Agreement and Settlement Agreement, and, notwithstanding their relevance objections and in an effort to avoid the instant dispute, Plaintiffs also produced a copy of the Demand for Arbitration and represented that to the extent there were any relevant documents exchanged in the Arbitration, such documents had been produced. See Barnes Decl., Exh. A; Costantini Decl. at 3-4; id., Exh. 9; Mot. at 2. Plaintiffs also advised Defendant that they "would seek appropriate relief from the Court from being forced to defend against [Defendant's] baseless motion." Costantini Decl. at 4. Defendant nevertheless filed an untimely motion to compel irrelevant, duplicative, and confidential documents, which are not proportional to the needs of this case. The Court therefore finds that Defendant's motion to compel was not substantially justified, and that the imposition of sanctions is warranted and appropriate.

Fed. R. Civ. P. 37(a)(5)(A) requires the Court to provide Defendant and defense counsel with an opportunity to address the possibility of the imposition of sanctions. Accordingly, no later than **March 24, 2017**, Plaintiffs' counsel must file a declaration detailing the costs, expenses, and attorneys' fees incurred in opposing Defendant's motion to compel. Plaintiffs also may file a motion addressing the requested sanctions and providing any additional facts and legal authority. Defendant may file an opposition or response to Plaintiffs' submission by **April 7, 2017**.

**SUMMARY AND CONCLUSION**

For the foregoing reasons, the Court:

1) **DENIES** Defendant's motion to compel discovery; and

2) **GRANTS** Plaintiffs' motion for sanctions. Plaintiffs' counsel must submit a declaration detailing the costs, expenses, and attorney's fees incurred in opposing Defendant's motion to compel by **March 24, 2017**. Defendant may file a reply to Plaintiffs' submission by **April 7, 2017**.

**IT IS SO ORDERED.**

Dated: 3/9/2017

Hon. Barbara L. Major
United States Magistrate Judge