UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| FLOWRIDER SURF, LTD., et al., | Case No.: 15cv1879-BEN (BLM) |
|---|---|
| Plaintiffs, | **ORDER IMPOSING SANCTIONS ON DEFENDANT** |
| v. | |
| PACIFIC SURF DESIGNS, INC., | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

On March 9, 2017, the Court issued an order denying Defendant's motion to compel discovery. ECF No. 175. Specifically, the Court found that Defendant's motion was untimely and sought irrelevant, duplicative, and confidential documents, which were not proportional to the needs of this case, and that the motion was not substantially justified. Id. at 15–16. The Court further found that the imposition of sanctions requested by Plaintiffs was warranted,

ordered Plaintiffs to submit a declaration detailing costs, expenses and attorney's fees incurred in opposing Defendant's motion, and allowed Defendant to file a reply. Id. at 16–17. In accordance with the Court's briefing schedule, on March 24, 2017, Plaintiffs filed additional briefing regarding their request for sanctions [ECF Nos. 188 & 190], and on April 7, 2017, Defendant filed its reply. ECF No. 193. Having considered the briefing submitted by the parties and having reviewed all of the supporting exhibits, the Court imposes sanctions on Defendant in the amount of **$16,168.50**.

## **LEGAL STANDARD**

If a motion to compel discovery is denied, a court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless the motion was substantially justified or other circumstances mitigate against awarding expenses. Fed. R. Civ. P. 37(a)(5)(B); see also Brown v. Hain Celestial Grp., Inc., 2013 WL 5800566, at *5 (N.D. Cal. Oct. 28, 2013) ("[t]he party that loses the motion to compel bears the affirmative burden of demonstrating that its position was substantially justified.").

The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. Id. The fee applicant bears the initial burden of substantiating the amount of hours worked and the rate claimed. See id. at 1206; Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005). To meet the burden, the fee applicant must produce evidence that the requested rates are "in line with

those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" and services by paralegals "based on the prevailing market rate in the relevant community." See Gonzalez, 729 F.3d at 1206–07; Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001) (reasonable hourly rates are determined by the "prevailing market rates in the relevant community."). When determining a reasonable hourly rate, "the relevant community is the forum in which the district court sits." Gonzalez, 729 F.3d at 1205 (quoting Prison Legal News v. Schwarzenegger, 608 F.3d 446, 454 (9th Cir. 2010)). A court may rely on rates outside the local forum only where "local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." Deocampo v. Potts, 2014 WL 788429, at *8 (E.D. Cal. Feb. 25, 2014) (quoting Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997)).

## **DISCUSSION**

As noted above, the Court already has determined in its discovery order that Defendant's motion to compel was not substantially justified and that the imposition of sanctions under Rule 37 is warranted. See ECF No. 175 at 16. Plaintiffs seek to recover $32,595.50 in fees and costs. ECF No. 190. Specifically, Plaintiffs seek $23,277.50 in fees incurred in connection with opposing Defendant's motion to compel, $9,254.50 in fees associated with the additional briefing regarding their request for sanctions, and $63.50 in messenger fees. See id. at 2–3. Plaintiffs claim that such fees and costs are reasonable in light of the work they performed and the rates they charge. ECF No. 188 at 3–11.

Defendant maintains that the fees Plaintiffs seek to recover are excessive and disproportionate. ECF No. 193 at 3–7. Defendant argues that Plaintiffs improperly seek to

3

1 recover market rates charged for legal work in the Central District of California, as opposed to
2 the Southern District of California, the venue for this case. Id. at 5–7. Defendant further claims
3 that Plaintiffs improperly seek fees unrelated to drafting and filing their opposition brief, such as
4 fees incurred meeting and conferring before Defendant's motion was filed, and fees associated
5 with the additional briefing regarding Plaintiffs' request for sanctions. Id. at 7–10. Defendant
6 also argues that the time spent by Plaintiffs' counsel and paralegal on drafting and filing Plaintiffs'
7 opposition is excessive. Id.

In support of their request for sanctions, Plaintiffs provided a declaration from their lead counsel, Mr. Taché. ECF No. 188-1, Declaration of J. Rick Taché in Support of Plaintiffs' Additional Briefing Regarding Request for Sanctions Pursuant to Court Order ("Taché Decl."). In his declaration, Mr. Taché provides the background and credentials of the attorneys and the paralegal who worked on the opposition and the supplemental briefing at issue. Id. at 3–6. Mr. Taché also attests to the rates billed by the attorneys and the paralegal, and asserts that the rates are within the reasonable comparable rates of the Los Angeles community. Id. at 3–8.

Specifically, Plaintiffs assert that they incurred the following fees in connection with opposing Defendant's motion to compel:

| Name/Position | Hours | Hourly rate | Total fees |
| --- | --- | --- | --- |
| Rick Taché (shareholder) | 3.4 | $995 | $3,383.00 |
| Roger Scott (associate) | 1.6 | $645 | $1,032.00 |
| Leanna Costantini (associate) | 32.5 | $480 | $15,600.00 |
| Alexis Kovacs (paralegal) | 8.7 | $375 | $3,262.50 |
| **TOTAL** | | | **$23,277.50** |

ECF No. 190 at 2.  Plaintiffs further allege that their fees associated with "preparing and filing Plaintiffs' additional briefing and declaration" are as follows:

| Name/Position | Hours | Hourly rate | Total fees |
|---|---|---|---|
| Rick Taché (shareholder) | .5 | $995 | $497.50 |
| Roger Scott (associate) | 10.6 | $645 | $6,837.00 |
| Leanna Costantini (associate) | 4 | $480 | $1,920.00 |
| **TOTAL** | | | **$9,254.50** |

Id. at 3.

In determining reasonable attorney's fees, the Ninth Circuit utilizes the "lodestar" method. Gonzalez, 729 F.3d at 1202.  Pursuant to this method, the Court is required to calculate the number of hours reasonably spent on the matter multiplied by a reasonable hourly rate. Id.

### (1) Reasonable Hourly Rate

Plaintiffs are represented by a large international law firm and counsel who specialize in intellectual property litigation.  See ECF No. 188 at 9; Taché Decl. at 2.  Although many of the issues raised in the underlying motion to compel were not technically complex, Plaintiffs are entitled to engage counsel with the technical knowledge and expertise in the procedures associated with intellectual property litigation, and thus the prevailing market rates should be measured against rates charged for representation in intellectual property litigation.  See Matlink, Inc. v. Home Depot U.S.A., Inc., 2008 WL 8504767, at *3 (S.D. Cal. Oct. 27, 2008) (finding that the prevailing market rates had to be measured against rates charged for representation in patent litigation, where a motion to compel giving rise to the request for sanctions at issue was filed in a patent case).  Further, when determining a reasonable hourly rate, "the relevant community is the forum in which the district court sits."  See Gonzalez, 729

F.3d at 1205–06 (quotation omitted). Because this case is litigated in the Southern District of California, the relevant legal community is the Southern District of California.

Plaintiffs have not provided any evidence demonstrating that local counsel was unavailable or unable to handle a case of this nature. See ECF Nos. 188 & 190; see also Deocampo, 2014 WL 788429, at *8; Barjon, 132 F.3d at 500. Further, Plaintiffs have not provided any declarations or other documentation establishing the prevailing market rate for attorneys litigating in the field of intellectual property in the Southern District of California. See id. Instead, Plaintiffs' counsel merely provide their experience, billing rates, and opinions that the rates are reasonable for the Central District of California. See Taché Decl. Although Defendant provided a declaration and an exhibit showing rates charged by partners, associates, and paralegals in the San Diego region,[1] such rates are outdated and do not differentiate between the fields of legal practice. ECF No. 193 at 6; see also id., Exh. 1; ECF No. 193-1, Declaration of Anup M. Shah in Support of PSD's Reply to Plaintiffs' Motion for Sanctions Pursuant to Court Order ("Shah Decl.").

Because neither party provided information regarding the relevant billing rates—the hourly rates for intellectual property litigation in the Southern District of California in 2016–17—the Court was forced to consider other evidence. A review of recent case law concerning reasonable fee awards in intellectual property/patent cases in the Southern District of California,

---

[1] Defendant's declaration establishes that in 2010, rates charged by partners in San Diego ranged between $350–$679 per hour, and rates charged by associates ranged between $245 and $445 per hour. ECF No. 193 at 6; Shah Decl., Exh. A at 6. Defendant has not provided any comparable paralegal billing rates for the San Diego region. See id.

6

reveals that the hourly rates charged by Plaintiffs' attorneys and paralegal exceed the prevalent market rates in this district. See Deep Sky Software, Inc. v. Southwest Airlines Co., 2015 WL 10844231, at *1–2 (S.D. Cal. Aug. 19, 2015) (finding reasonable the following hourly rates charged by attorneys in a patent infringement case: partner with twenty years of experience ($505–$625.50), partner with fourteen years of experience ($405–$535.50), associates with eight years of experience ($270–$481.50)); Zest IP Holdings, LLC v. Implant Direct Mfg., LLC, 2014 WL 6851612, at *6 (S.D. Cal. Dec. 3, 2014) (finding reasonable the following average hourly rates charged by attorneys in a patent and trademark infringement action: partner ($775), associate ($543)); also citing Brighton Collectibles, Inc. v. Coldwater Creek Inc., 2009 WL 160235, at *4 (S.D. Cal. Jan. 20, 2009) (concluding that $90 to $210 per hour was reasonable for paralegal work in an action that involved a copyright infringement claim; also noting that "$90 to $210 per hour is a wide range depending on the education, skill and experience of the particular paralegal."); In re Maxwell Technologies, Inc., Derivative Litigation, 2015 WL 12791166, at *5 (S.D. Cal. Jul. 13, 2015) ("paralegal rates approved in this district have generally ranged from $125 to $175, although they have been approved as high as $290"); see also "2016 Real Rate Report: Lawyers Rates, Trends, and Analysis," a CEB and Wolters Kluwer publication (listing the following median billing rates for intellectual property attorneys for San Diego in 2015: partner ($585.04–$727.50), associate ($413.80)); Hicks v. Toys "R" Us-Delaware, Inc., 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014) (finding the "*2013 Real Rate Report Snapshot* (*Real Rate Report*), a CEB and TyMetrix publication . . . a much better reflection of true market rates than self-reported rates.") (citation omitted).

1    Mr. Taché is a Co-Managing Shareholder of the Greenberg Traurig's Orange County office
2    and Co-Chair of Greenberg Traurig's Litigation Group with over twenty-five years of experience
3    and many professional accolades. See Taché Decl. at 3. Mr. Stout and Ms. Costantini are
4    intellectual property litigation associates with over ten and four years of experience, respectively.
5    Id. at 4-6. Ms. Kovacs is an intellectual property litigation paralegal with more than nineteen
6    years of experience. Id. at 6. In light of the hourly attorney and paralegal rates found
7    reasonable in similar cases in the Sothern Distinct of California, the Court will apply the following
8    hourly billing rates: $750 for Mr. Taché's services, $550 for Mr. Scott's services, $350 for Ms.
9    Costantini's services, and $150 for Ms. Kovasc's services.

### (2) Reasonable Number of Hours

#### a. Meeting and Conferring

Defendant argues that Plaintiffs should not recover fees for the time they spent meeting and conferring regarding the discovery dispute and that they have not clearly established the amount of time they spent on meeting and conferring. ECF No. 193 at 9. The local rules for the Southern District of California require counsel to meet and confer before filing any discovery motion in an effort to resolve disputes. See CivLR 26.1. The Court's Chambers' Rules contain the same requirement and further require the parties to "conduct a conference call with the Chambers" before filing a motion to compel. Accordingly, "fees associated with the initial meet and confer process logically should not always be included in a fee award." Matlink, Inc., 2008 WL 8504767, at *5.

Here, Plaintiffs state that Ms. Costantini spent 5.4 hours on meeting and conferring with the opposing counsel, and preparing for and participating in a telephonic conference with

8

15cv1879-BEN (BLM)

chambers regarding Defendant's demand for documents subject to Defendant's motion to compel. See Taché Decl. at 5. The Court finds that the hours expended by Ms. Costantini on meeting and conferring should be excluded from the fee award sought by Plaintiffs. The Court further finds that the declaration provided by Mr. Taché is sufficiently detailed and rejects Defendant's argument that the request should be further reduced because time attributed to preparing the motion may include additional meet and confer efforts.

### b. Preparation and Filing Opposition Brief

Defendant argues that the time spent by Plaintiffs' counsel is "disproportionate to the task of opposing a motion to compel." ECF No. 193 at 7. Defendant also argues that the 8.7 hours billed by the paralegal to prepare and file exhibits is excessive. Id.

Mr. Taché billed 3.4 hours in connection with Plaintiffs' opposition brief, Ms. Costantini billed 27.1 hours preparing the brief, and Mr. Scott billed 1.6 hours drafting his declaration and revising the opposition brief. See Taché Decl. at 4–6. Ms. Kovacs, the paralegal, billed 8.7 hours for "gathering, organizing and preparing exhibits" in support of Plaintiffs' opposition brief, electronically filing the document, and coordinating the delivery of chambers copies. Id. at 6–7.

The Court finds that the 3.4 hours billed by Mr. Taché and 1.6 hours billed by Mr. Scott are reasonable. The Court further finds that that 27.1 hours billed by Ms. Costantini for preparing the opposition to Defendant's motion to compel is excessive. Defendant's motion was not complex as it concerned the production of documents and pleadings exchanged in the preceding arbitration. See ECF No. 139-1 at 4–8. The Court therefore reduces the amount of compensable hours billed by Ms. Costantini to 20 hours.

The Court also finds that the 8.7 hours billed by Plaintiffs' paralegal, Ms. Kovacs, is excessive. Plaintiffs filed nine exhibits in support of their opposition, which consisted of copies of Defendant's responses to Plaintiffs' interrogatories, a protective order, a Contribution Agreement, and email correspondence. See ECF Nos. 150 & 163. Plaintiffs do not explain why Ms. Kovasc required almost an hour/exhibit to compile and file such exhibits, and the Court finds the requested amount of hours unreasonable. Accordingly, the Court reduces the amount of compensable time expended by Ms. Kovasc to 4 hours.

### c. Additional Briefing

Defendant argues that Plaintiffs should not be compensated for their supplemental briefing regarding sanctions. ECF No. 193 at 8. An attorney's fee award generally includes the time spent preparing and litigating a motion to obtain a fee award. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 981 (9th Cir. 2008); Shaw v. Credit Collection Serv., 2009 WL 4981620, at *1 (S.D. Cal. Dec. 14, 2009) ("[a]s a general rule, the time attorneys spend seeking fees is compensable, and can be incorporated into a final attorneys' fees award.").

Here, Plaintiffs claim that Mr. Taché spent 0.5 hours, Mr. Scott 10.6 hours, and Ms. Costantini 4 hours on "preparing and filing Plaintiffs additional briefing and declaration." ECF No. 190 at 3. As such, Plaintiffs' counsel spent almost half as many hours preparing the supplemental sanction briefing as they spent drafting the opposition to the underlying motion to compel and the motion for sanctions. The Court finds that the 0.5 hours billed by Mr. Taché and 4 hours billed by Ms. Costantini are reasonable. However, the Court reduces the amount of compensable hours billed by Mr. Scott to 6 hours. See Orr v. California Highway Patrol, 2015 WL 9305021, at *14 (E.D. Cal. Dec. 22, 2015) (reducing the amount of hours expended on

preparing a fee motion; reasoning that "[a] request for attorney's fees should not result in a second major litigation.") (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

### d. Messenger Fees

Plaintiffs seek to recover $63.50 in messenger fees for delivering courtesy copies of their opposition to the Court. Taché Decl. at 8; see also ECF No. 188 at 10; ECF No. 190 at 3. Section 2(e) of the Electronic Case Filing Administrative Policies and Procedures Manual for the Southern District of California requires parties to deliver or mail a courtesy copy of any filing exceeding twenty pages in length to chambers within twenty-four hours after filing. The Court's Chambers' Rules contain the same requirement. Plaintiffs' opposition to Defendant's motion to compel and attachments far exceeded twenty pages [see ECF No. 150], and thus Plaintiffs were required to deliver a courtesy copy to chambers.

Messenger service fees are compensable in a fee award. See Harris v. Marhoefer, 24 F.3d 16, 19–20 (9th Cir. 1994) (finding that messenger fees may be recovered); Matlink, Inc., 2008 WL 8504767, at *7 (same). Accordingly, the Court **GRANTS** Plaintiffs' request for the messenger fees in the amount of $63.50.

### e. Conclusion

The Court calculates the final lodestar amount as follows:

| Name/Position | Hours | Hourly rate | Total fees |
|---|---|---|---|
| Rick Taché (shareholder) | 3.9 | $750 | $2,925 |
| Roger Scott (associate) | 7.6 | $550 | $4,180 |
| Leanna Costantini (associate) | 24 | $350 | $8,400 |
| Alexis Kovacs (paralegal) | 4 | $150 | $600 |
| **TOTAL** | | | **$16,105** |

Thus, the Court awards Plaintiffs a total of $16,105 in attorney's fees. Further, as discussed above, the Court awards Plaintiffs $63.50 in messenger fees. Accordingly, the Court sanctions Defendant in the amount of $16,168.50.

## **SUMMARY AND CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for monetary sanctions. Defendant is ordered to pay Plaintiffs the amount of **$16,168.50** on or before **June 2, 2017**. Defense counsel is ordered to file a declaration verifying said payments no later **June 9, 2017**. Failure to comply with this order may result in the imposition of additional sanctions.

**IT IS SO ORDERED.**

Dated: 5/18/2017

Hon. Barbara L. Major
United States Magistrate Judge