# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOWRIDER SURF, LTD., a Canadian corporation, and SURF WAVES, LTD., a company incorporated in the United Kingdom,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No.: 3:15-cv-01879-BEN-BLM<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR ENTRY OF PARTIAL FINAL JUDGMENT** |

On May 26, 2017, this Court dismissed U.S. Patent No. 6,491,589 (the "'589 Patent") and Plaintiff FlowRider Surf, Ltd. for lack of standing and stayed the rest of the case while U.S. Patent No. 8,088,016 (the "'016 Patent") undergoes inter partes review with the Patent Trial and Appeal Board of the U.S. Patent Office. (Order, ECF No. 222). Defendant Pacific Surf Designs, Inc. ("PSD") now requests that the Court enter judgment regarding the '589 Patent. (*See* Notice, ECF No. 226).

The district court may enter separate judgment in a case involving multiple parties or multiple claims pursuant to Rule 54(b) when "there is no just reason for delay." Fed. R. Civ. P. 54(b). The Ninth Circuit has indicated that entry of partial judgment should not be granted as a matter of course but rather "reserved for the unusual case in which the costs

1

and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

Here, PSD seeks judgment as to the dismissed claim of infringement of the '589 Patent so that it may seek its attorneys' fees for litigating that claim. But Plaintiff's claim for infringement of the '016 Patent remains in the case, as do PSD's counterclaims. Entering judgment on the '589 Patent now and allowing PSD to move for its attorneys' fees could result in duplicative litigation—PSD may later move for its attorneys' fees on the remaining claims. Moreover, Plaintiffs could appeal the Court's order on the motion to dismiss now, while additional appeals might be made once the remainder of the litigation concludes. This would result in piecemeal appeals. The Court is not convinced that this is such an "unusual case" justifying the entry of partial final judgment.

The Court **DENIES** PSD's request for entry of partial final judgment.

**IT IS SO ORDERED.**

Dated: June 13, 2017

Hon. Roger T. Benitez
United States District Judge