

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOWRIDER SURF, LTD., a Canadian corporation and<br>SURF WAVES, LTD., a company incorporated in the United Kingdom,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 3:15-cv-01879-BEN-BLM<br><br>**ORDER RE: CLAIM CONSTRUCTION AS TO U.S. PATENT No.: 8,088,016** |

Plaintiffs FlowRider Surf, Ltd. ("FlowRider") and Surf Waves, Ltd. ("Surf Waves"), wholly owned subsidiaries of Whitewater West Industries, Ltd. ("Whitewater"), are in the water-park rides industry. FlowRider is the exclusive global licensee of U.S. Patent No. 6,491,589 (the "'589 Patent") entitled, *"Mobile Water Ride Having Sluice Slide-Over Cover."* (Doc. No. 1, Compl. ¶ 9.) Surf Waves owns U.S. Patent No. 8,088,016 (the "'016 Patent") entitled, *"Half-Pipe Water Ride."* (*Id.* ¶ 12.) Defendant Pacific Surf Designs ("PSD") competes with Plaintiffs in the water-park rides industry.

1

On August 24, 2015, Plaintiffs FlowRider and Surf Waves commenced this patent infringement action alleging Defendant PSD willfully infringed the '589 and '016 Patents. (*Id.*) This Court dismissed the '589 Patent on May 26, 2017 for lack of subject matter jurisdiction. (Doc. No. 222.) On January 17, 2018, after *inter partes* review of the '016 Patent, the Patent Trial and Appeal Board ("PTAB") issued its Final Written Decision pursuant to 35 U.S.C. § 318(a) and 37 C.F.R. § 42.73. (Doc. No. 230-1, Ex. A.) In the decision, the PTAB found all the "*asserted*" claims (1-5 and 7-20) to be unpatentable.[1] (Id. at 60.) Specifically, claims (1-5 and 7-20) of the '016 Patent are unpatentable under 35 U.S.C. §§ 102(b) and 103(a) as follows:

a) Claims 1-5, 8, 9, 12, 15-17, and 19 are unpatentable as anticipated by *Lochtefeld* 589;
b) Claims 1-5, 7-13, and 15-19 are unpatentable as obvious over *Lochtefeld* 589;
c) Claims 1-5, 15, 16, 18, and 20 are unpatentable as anticipated by *Lochtefeld* 530;
d) Claims 1-5 and 7-20 are unpatentable as obvious over *Lochtefeld* 530 and *Lochtefeld* 590.

(*Id.* at 58-59.) As a result of the PTAB's decision, the '016 Patent is essentially unenforceable in this proceeding. *See Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2143 (2016) ("[A] decision to cancel a patent [in an IPR] normally has the same effect as a district court's determination of a patent's invalidity.)

On January 17, 2018, the parties submitted a Joint Status Report in compliance with this Court's May 26, 2017 Order. (Doc. No. 235.) In light of the PTAB's decision, Plaintiff Surf Waves seeks to stay the action pending exhaustion of its appeal before the United States Court of Appeals for the Federal Circuit. (Doc. No. 238.) Defendant PSD requests the Court enter final judgment so that the parties can begin post-judgment briefing and allow PSD to seek its attorney's fees and costs. (*Id.*)

---

[1] Claim 6 of the '016 Patent was not sought as an *Asserted* Claim. (*see* Doc. No. 214-1 at 2-3.)

2

| | |
|---|---|
| 1 | The Court, having reviewed the PTAB's Final Written Decision and the parties' |
| 2 | joint filing, declines to stay the action as to the '016 Patent.  Based on the decision of the |
| 3 | PTAB, Plaintiff's patent is unenforceable and judgment is entered for the Defendant.  *See* |
| 4 | *e.g., Game & Tech. Co. Ltd. v. Blizzard Entertainment, Inc.*, 2:16-cv-06499-MLH (SKx) |
| 5 | (C.D. Cal. Mar. 28, 2018). |

**IT IS SO ORDERED.**

Date: May 7, 2018

_____
HON. ROGER T. BENITEZ
United States District Judge