TROUTMAN SANDERS LLP
Charanjit Brahma, CA Bar No. 204771
charanjit.brahma@troutman.com
Mark C. Mao, CA Bar No. 236165
mark.mao@troutman.com
580 California Street, Suite 1100
San Francisco, CA 94104
Telephone: 415.477.5700
Facsimile: 415.477.5710

Attorneys for Defendant Pacific Surf Designs, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOWRIDER SURF, LTD., a Canadian corporation; and SURF WAVES, LTD., a company incorporated in the United Kingdom,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:15-CV-01879<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEYS' FEES**<br><br>Hon. Roger T. Benitez<br>Ctrm: 5A<br>Date: June 25, 2018<br>Time: 10:30 a.m. |

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION.................................................................................. 1

II.  FACTS ESTABLISHING THE EXCEPTIONAL NATURE OF THIS
     CASE.................................................................................................... 3

     A.   '016 Patent ................................................................................. 3

          1.   Plaintiffs Broadly Interpret The Claim Elements Despite
               PSD Identifying The '589 Patent As Prior Art ..................... 3

          2.   Plaintiffs Take Inconsistent Positions In The IPR
               Proceeding ............................................................................ 5

          3.   PSD Attempted To Reduce The Needless Expenditure Of
               Fees In Light Of Plaintiffs' Frivolous And Contradictory
               Positions................................................................................ 8

          4.   Plaintiffs Waited Until After The Parties Prepared Expert
               Reports Before Informing PSD That They Were Not
               Seeking Damages On The '016 Patent.................................. 10

     B.   '589 Patent ............................................................................... 11

          1.   "Whitewater" Represents That All Responsive
               Documents Were Produced .................................................. 11

          2.   Plaintiffs Finally Inform PSD That Plaintiff Flowrider
               Ceased To Exist Eight Months Prior, Forcing PSD To File
               A Motion To Dismiss ........................................................... 12

III. LEGAL STANDARD ........................................................................ 13

     A.   Attorneys' Fees Pursuant To 35 U.S.C. § 285.................................. 14

     B.   Attorneys' Fees Pursuant To 28 U.S.C. § 1927................................. 14

     C.   Court's Inherent Powers To Sanction Misconduct............................ 15

IV.  ARGUMENT .................................................................................... 15

     A.   PSD Should Be Awarded Its Fees Related to Plaintiffs'
          Exceptionally Weak '016 Patent Claim Under 35 U.S.C. § 285 ....... 16

          1.   Plaintiffs' Position Was Exceptionally Weak ......................... 16

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO , CA 92130 -2092

1

2

**TABLE OF CONTENTS**
**(continued)**

                                                                    **Page**

3       2.      Plaintiffs Litigated This Case In An Unreasonable

4               Manner ....................................................................... 19

5   B.  Plaintiffs And Their Counsel Acted In Bad Faith With Regard
        To The '589 Patent, So PSD Should Be Awarded Its Fees Under

6       28 U.S.C. § 1927 ................................................................ 20

7   C.  The Court Should Exercise Its Inherent Power To Award PSD
        Its Attorneys' Fees, Expert Fees, And Non-Taxable Costs ............... 23

8

9   D.  PSD Is Reasonably Entitled To An Award Of All Of Its Fees
        Expended In This Case, Including The IPR ........................ 24

10  V.  CONCLUSION ............................................................... 25

11

TROUTMAN  SANDERS LLP
11682  EL CAMINO REAL
SUITE 400
SAN DIEGO , CA  92130 -2092

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amsted Indus. v. Buckeye Steel Castings Co.*,
  23 F.3d 374 (Fed. Cir. 1994) ................................................................ 15

*Beckman Instruments, Inc. v. LKB Produkter AB*,
  892 F.2d 1547 (Fed. Cir. 1989) ......................................................... 19

*Carlock v. Collins Motor Co.*,
  No. 04cv0370-J-RBB, 2008 U.S. Dist. LEXIS 28425 (S.D. Cal.
  Apr. 7, 2008) ....................................................................................... 15

*Deep Sky Software, Inc. v. Southwest Airlines Co.*,
  No. 10-cv-1234-CAB-KSC, 2015 U.S. Dist. LEXIS 180625 (S.D.
  Cal. June 1, 2015) ............................................................................... 21

*Deep Sky Software, Inc. v. Southwest Airlines Co.*,
  No. 3:10-cv-1234-CAB-KSC, 2015 U.S. Dist. LEXIS 178030 (S.D.
  Cal. Aug. 19, 2015) ............................................................................ 25

*Digital Empire Ltd. v. Compal Elecs. Inc. Grp.*,
  No. 14cv1688-DMS-KSC, 2015 U.S. Dist. LEXIS 187449 (S.D.
  Cal. Dec. 11, 2015), *reconsideration denied*, 2016 WL 4385190
  (S.D. Cal. Mar. 1, 2016) .......................................................... 14, 21, 23

*Drone Techs., Inc. v. Parrot S.A.*
  No. 2:14-cv-00111-AJS, 2015 U.S. Dist. LEXIS 98829 (W.D. Pa.
  July 21, 2015) ...................................................................................... 24

*Fagundes v. Charter Builders, Inc.*,
  No. C 07-1111, 2008 U.S. Dist. LEXIS 9617 (N.D. Cal. Jan. 29,
  2008) .................................................................................................... 21

*Fink v. Gomez*,
  239 F.3d 989 (9th Cir. 2001) ............................................................. 15

*Kilopass Tech., Inc. v. Sidense Corp.*,
  738 F.3d 1302 (Fed. Cir. 2013) ................................................... 14, 24

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

*Kilopass Tech. Inc. v. Sidense Corp.*,
    No. C 10-02066 SI, 2014 U.S. Dist. LEXIS 112321 (N.D. Cal.
    Aug. 12, 2014) ................................................................................ 20

*Lahiri v. Universal Music & Video Distrib. Corp.*,
    606 F.3d 1216 (9th Cir. 2010) ....................................................... 15

*MarcTec, LLC v. Johnson & Johnson*,
    664 F.3d 907 (Fed. Cir. 2012) ........................................... 15, 23, 24

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    134 S. Ct. 1749 (2014) ............................................................. 14, 16

*Oplus Techs., Ltd. v. Vizio, Inc.*,
    782 F.3d 1371 (Fed. Cir. 2015) ...................................................... 18

*Phonometrics, Inc. v. Westin Hotel Co.*,
    350 F.3d 1242 (Fed. Cir. 2003) ...................................................... 22

*Raymond v. Blair*,
    No. 09-5507, 2012 U.S. Dist. LEXIS 47424 (E.D. La. Apr. 4, 2012) .......... 16, 18

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
    402 F.3d 1198 (Fed. Cir. 2005) .......................................... 20, 22, 23

*SPH Am., LLC v. AT&T Mobility LLC*,
    No. 3:13-cv-2318-CAB-KSC, 2017 U.S. Dist. LEXIS 110828 (S.D.
    Cal. July 14, 2017) ......................................................................... 20

*Sub Zero Franchising, Inc. v. Frank NYE Consulting, LLC*,
    No. 2:15-cv-821-BSJ, 2018 U.S. Dist. LEXIS 71474 (D. Ut. Apr.
    27, 2018) ......................................................................................... 22

*Takeda Chem. Indus. v. Mylan Labs.*,
    549 F.3d 1381 (Fed. Cir. 2008) ...................................................... 15

*Tech. Props. Ltd. LLC v. Canon Inc.*,
    No. C 14-3640 CW, 2017 U.S. Dist. LEXIS 144204 (N.D. Cal. Jan.
    26, 2017) ......................................................................................... 17

*Therasense, Inc. v. Becton, Dickenson & Co.*,
    745 F.3d 513 (Fed. Cir. 2014) ........................................................ 24

**Statutes**

28 U.S.C. § 1927 ..................................................................................*passim*

35 U.S.C. § 285 ...................................................................................*passim*

35 U.S.C. § 102 ............................................................................................ 4

**Other Authorities**

10 C. Wright et al., FEDERAL PRACTICE AND PROCEDURE, § 2670 (3d
    ed. 2015) ........................................................................................... 23

Fed. R. Civ. P. 54 .................................................................................. 13, 25

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

**TABLE OF EXHIBITS[1]**

| EXHIBIT | DESCRIPTION |
|---|---|
| Exhibit A | Plaintiffs' Disclosure of Asserted Claims and Infringement Contentions Pursuant to Patent Local Rules 3.1 & 3.2, dated December 16, 2015 |
| Exhibit B | Appendix G to Plaintiffs' Disclosure of Asserted Claims and Infringement Contentions Pursuant to Patent Local Rules 3.1 & 3.2, dated December 16, 2015 |
| Exhibit C | Exhibit B-3 to PSD's Invalidity Contentions pursuant to Patent Local Rule 3-3, dated February 19, 2016 |
| Exhibit D | Transcript of the Claim Construction Hearing on September 1, 2016 |
| Exhibit E | PSD's IPR Petition of U.S. Patent No. 8,088,016, dated July 18, 2016 |
| Exhibit F – Filed Under Seal | "Intellectual Property Sublicense Agreement" (FRSW0001623–FRSW0001649) |
| Exhibit G | Plaintiff Surf Waves, Ltd.'s Response to PSD's IPR Petition, dated April 17, 2017 |
| Exhibit H | PTAB's Record of Oral Hearing on November 8, 2017 |
| Exhibit I | Transcript of the deposition of Glen Stevick, Ph.D., dated June 15, 2017 |
| Exhibit J | PTAB's Final Written Decision, dated January 17, 2018 |
| Exhibit K | Email from PSD's counsel to Plaintiffs' counsel, dated July 15, 2016 |
| Exhibit L | Email from Plaintiffs' counsel to PSD's counsel, dated July 16, 2016 |

---

[1] All exhibits are attached to the accompanying Declaration of Charanjit Brahma.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

| | |
|---|---|
| Exhibit M | Email from PSD's counsel to Plaintiffs' counsel, dated July 18, 2016 |
| Exhibit N | Email from PSD's counsel to Plaintiffs' counsel, dated April 4, 2017 |
| Exhibit O | Email from Plaintiffs' counsel to PSD's counsel, dated April 5, 2017 |
| Exhibit P | "Certificate of Amalgamation" (FRSW0001617) |
| Exhibit Q | Email from Plaintiffs' counsel to PSD's counsel, dated February 3, 2016 |
| Exhibit R | Verification of Plaintiffs' Supplemental Responses to Defendant's Second Set of Interrogatories (Interrogatory No. 9), dated June 30, 2016 |
| Exhibit S | Verification of Second Plaintiffs' Supplemental Responses to Defendant's Second Set of Interrogatories (Interrogatory Nos. 3, 13-14), dated August 23, 2016 |

TROUTMAN SANDERS LLP
11682 El Camino Real
Suite 400
San Diego, CA 92130-2092

# TABLE OF ABBREVIATIONS

| ABBREVIATION | REFERENCE |
|---|---|
| PSD | Defendant Pacific Surf Designs, Inc. |
| Flowrider | Plaintiff Flowrider Surf, Ltd. |
| Surf Waves | Plaintiff Surf Waves, Ltd. |
| '016 Patent | U.S. Patent No. 8,088,016 |
| '589 Patent | U.S. Patent No. 6,491,589 |
| IPR | *Inter Partes* Review |
| PTAB | Patent Trial and Appeal Board |
| FWD | Final Written Decision |

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130–2092

## I.    **INTRODUCTION**

Throughout this case, Defendant PSD has explained Plaintiffs' true motive—to use meritless claims and questionable litigation strategies to exert extreme financial pressure on PSD—a two-person company with limited sales.  Now that the Court has entered judgment in favor of PSD concerning Surf Waves' claim of infringement of the '016 Patent and dismissed Flowrider's claim of infringement of the '589 Patent, PSD seeks its reasonable attorneys' fees and expert expenses both to compensate PSD for the effort needlessly expended in defending against Plaintiffs' frivolous claims and as a deterrent to Plaintiffs' litigation tactics.

This case presents the hallmark of exceptionality and bad faith litigation. The '016 Patent was invalidated by the PTAB in view of prior art Plaintiffs were clearly aware of before filing their complaint:  the '589 Patent—***the other asserted patent in this case***—as well as two other patents **licensed to Plaintiff Flowrider itself**.  Plaintiffs should have been aware of the obvious invalidity issues before bringing this action, and certainly after PSD identified its invalidity positions at the outset of the litigation.  Yet Plaintiffs maintained broad infringement theories and claim construction positions that made their validity arguments untenable.  PSD gave Plaintiffs another opportunity to drop their frivolous '016 Patent claim by sending Plaintiffs a courtesy copy of its IPR petition highlighting Plaintiffs' untenable claim constructions and infringement theories prior to filing.  But Plaintiffs persisted, forcing PSD to needlessly expend additional attorneys' fees slogging through discovery in this case.  Even after convincing this Court to adopt its broad interpretations of various claim terms, Plaintiffs took exactly the opposite position before the PTAB, arguing that those same limitations must be read narrowly (under the PTAB's "broadest reasonable interpretation" standard) in an (ultimately unsuccessful) effort to preserve the validity of the '016 Patent.  By doing so, Plaintiffs in effect admitted that the claim construction positions they took

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

CASE NO.  3:15-CV-01879
MEMORANDUM OF POINTS AND AUTHORITIES
ISO PSD'S MOTION FOR ATTORNEYS' FEES

before this Court were not reasonable, and that alone is sufficient basis for this Court to find this case exceptional and award fees. To make matters worse, PSD repeatedly informed Plaintiffs from the outset of this litigation that sales and potential damages were minimal. But only *after* PSD completed discovery and an expert report concerning the '016 Patent did Plaintiffs confirm they were not seeking *any damages* on the '016 Patent at all.

Likewise, the '589 Patent was dismissed after PSD broke through over a year of Plaintiffs' misrepresentations concerning their standing to sue, including: 1) failing over the course of eight months to inform PSD or the Court that Plaintiff Flowrider ceased to exist; 2) submitting sworn statements by company representatives stating they were "currently employed" by and submitting on behalf of non-existent Plaintiff Flowrider; and 3) inexplicably withholding key standing-related documents (including the document this Court relied on to dismiss the '589 Patent) despite Patent Local Rule and FRCP discovery obligations requiring early disclosure, while representing to PSD and the Court that *all documents* had been produced.

All of this could have been avoided if Plaintiffs had conducted a reasonable investigation prior to filing suit and complied with their basic discovery obligations. Indeed, PSD questioned Plaintiffs' Rule 11 bases on multiple occasions, only to be stonewalled by Plaintiffs. Plaintiffs' positions and tactics go well beyond zealous advocacy and should not be countenanced. Accordingly, pursuant to Fed. R. Civ. P. 54(d), 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent authority, PSD requests its attorneys' fees and expenses, fairly estimated to be $1,675,000 and $21,975, respectively.[2]

---

[2] If the Court grants this motion, PSD requests that the Court allow PSD to submit a detailed accounting of its fees for the Court's consideration.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

CASE NO. 3:15-CV-01879
MEMORANDUM OF POINTS AND AUTHORITIES
ISO PSD'S MOTION FOR ATTORNEYS' FEES

## II.    FACTS ESTABLISHING THE EXCEPTIONAL NATURE OF THIS CASE

Plaintiffs filed this action—their second suit—on August 24, 2015, alleging infringement of the '016 Patent and '589 Patent.  D1.

As set forth below, on July 18, 2016, PSD filed an IPR petition with the PTAB seeking to invalidate all asserted claims of the '016 Patent[3] and concurrently filed a motion to stay.  D64.  On November 14, 2016, PSD moved to dismiss the '589 Patent for lack of subject matter jurisdiction because Plaintiff Flowrider did not have standing.  D102.

The Court granted PSD's Motion to Dismiss and Renewed Motion to Stay on May 26, 2017.  D222.  The PTAB invalidated all asserted claims of the '016 Patent on January 17, 2018, and the Court entered final judgment on May 8, 2018, finding that "Plaintiff's patent is unenforceable and judgment is entered for Defendant for the entire action."  D240.

### A.    '016 Patent

#### 1.    Plaintiffs Broadly Interpret The Claim Elements Despite PSD Identifying The '589 Patent As Prior Art

The '016 Patent is entitled "half-pipe water ride," and among other claim elements, requires "a second curved sidewall extending substantially upwardly from another edge of the middle section opposite the first curved side."  Plaintiffs' original infringement contentions (from December 16, 2015), accused PSD's Supertube product of infringement, taking a broad view of the term "opposite" sidewalls.  Ex. B, 13.  But a side-by-side comparison of the Supertube and Figure 4A from the '589 Patent—prior art to the '016 Patent—confirm that Plaintiff's interpretation of "opposite" sidewalls read directly on the prior art:

_____

[3] Plaintiffs' asserted claims 1-5, 7, 10, 12, and 15-20 of the '016 Patent.  Ex. A.

TROUTMAN  SANDERS  LLP
11682  EL CAMINO  REAL
SUITE 400
SAN DIEGO , CA  92130 -2092

1
2
3
4
5
6
7
8

Troutman Sanders LLP
11682 El Camino Real
Suite 400
San Diego, CA 92130-2092



9    **PSD's Supertube (Ex. B, 13)**              **'589 Patent, Fig. 4A**

10       In light of Plaintiffs' broad infringement contentions, PSD identified in its

11  February 19, 2016 invalidity contentions how Plaintiffs' other asserted patent—the

12  '589 Patent—was invalidating prior art under 35 U.S.C. § 102 because it taught

13  every single element of the asserted claims of the later '016 Patent.  Ex. C.

14       During claim construction, PSD argued for constructions of '016 Patent

15  claim terms "opposite," "sidewall," and "middle section" that were consistent with

16  the narrow teachings of the patent and, if adopted, would have confirmed PSD's

17  accused products did not infringe.  Specifically regarding "opposite," PSD argued:

18           Plaintiffs' infringement contentions demonstrate that they
19           have a distorted view of that "plain meaning," [of
             "opposite"] because they allege that connected, adjacent
20           walls of PSD's accused Supertube product are "opposite"
             each other.

21  D38, 21:20-23.  *See also* D47, 7:18-20 ("Plaintiffs' infringement contentions

22  exhibit a distorted view of 'opposite,' however, that is not commensurate with this

23  supposed plain meaning, thus requiring construction.").  Similarly, PSD argued that

24  the '016 Patent specification required that the "sidewall" "is a wall extending along

25  ***an entire side*** of the activity section."    D38, 16:8-10 (emphasis added).

26  Consequently, PSD contended that the claims required that the claimed "middle

27  section" be rectangular because it was bounded on four sides by two opposite

28

CASE NO.  3:15-CV-01879
MEMORANDUM OF POINTS AND AUTHORITIES
ISO PSD'S MOTION FOR ATTORNEYS' FEES

sidewalls (extending along an entire side) and a water delivery section opposite a dewatering section. *Id.* at 16:16-25.

Plaintiffs continued to argue vehemently against PSD's constructions despite the clear invalidity issues. For example, Plaintiffs argued that the sidewalls had "*[n]o other limitations*" beyond being traversable, *see* D39, 18:22-26, and that "[t]he Applicant never require[d] sidewalls to extend the entire side. . ." D43, 7:20-22. *See also* Ex. D, 44:5-24 (arguing that that the proper construction of sidewalls *excludes* any requirement that it extend the entire length). Regarding "middle section" and "opposite," they argued that "non-parallel sidewalls are explicitly illustrated in the '016 Patent, contrary to Defendant's proposed construction," (D43, 9:15-28) and accordingly, the "middle section" need not be rectangular because sidewalls do not have to be parallel to one another. *Id.* at 7:23-8:2.

The Court issued its claim construction order on September 19, 2016, largely adopting Plaintiffs' arguments that the disputed claims terms of the '016 Patent should be interpreted broadly. The Court explicitly rejected PSD's contention that the sidewalls needed to extend along the entire edge, finding that edges are not strictly defined:

> Defendant's argument against Plaintiffs' construction also ignores that the claims use the term "*an* edge of the middle section," rather than "*the* edge." The use of "an" instead of "the" suggests that the edges are not strictly defined.

D88, 13:21-23 (emphasis in original; citation omitted).

## 2.    Plaintiffs Take Inconsistent Positions In The IPR Proceeding

In view of Plaintiffs' infringement contentions, PSD prepared an IPR petition addressing all asserted claims of the '016 Patent before the Court issued its claim construction order. Ex. E. In its petition, PSD proposed constructions of "opposite," "middle section," and "the first curved side" consistent with Plaintiffs' proposed constructions in this action—even noting for "opposite" that the

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130 -2092

"interpretation also is consistent with [Plaintiffs'] infringement contentions in which it takes the position that alleged sidewalls need not be parallel to be opposite, merely on the other side." *Id.* at 153.  PSD sought a finding of invalidity based in part on the '589 Patent.  *Id.* at 138.  Its remaining grounds of invalidity also included two other patents listing Thomas Lochtefeld as inventor—U.S. Patent Nos. 6,676,530 and 5,738,590—***both of which were purportedly licensed to Plaintiff Flowrider***. *Id.*; Ex. F, 214.

In the IPR proceeding, Plaintiff Surf Waves took narrow claim construction positions that were diametrically opposed to its own broad claim construction positions and infringement contentions in this litigation.[4]  In particular, in the IPR, Plaintiffs suddenly alleged that the '589 Patent does not disclose an "activity section including . . . a first curved sidewall extending substantially upwardly from an edge of the middle section" and "a second curved sidewall extending substantially upwardly from another edge of the middle section" as required in the '016 Patent claims because those terms had narrow meanings based on the '016 Patent's specification and figures.  Ex. G, 236.

For example, beyond being traversable, Surf Waves now alleged that "sidewalls" of the '016 Patent required that there be no downward or horizontal portions—a position that directly contradicts its infringement contentions.  *Id.*  Surf Waves furthered this "downward or horizontal" portion theory by "strictly defining" the edge—contrary to its position, and this Court's construction, that the edge not be strictly defined—as shown in the diagram below:

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

---

[4] Although Plaintiff Surf Waves never formally asked the PTAB to construe any claim terms, they read in extra, narrowing limitations when they analyzed the prior art for invalidity.  Ex. G, 236-40.  Because Surf Waves did not preserve its claim construction arguments before the PTAB, PSD contends that Surf Waves has waived the right to raise such issues on appeal of the FWD in the IPR.  *See* D236.



FIG. 4A

*Id.* Surf Waves' counsel admitted this in the IPR trial:

> JUDGE MELVIN: . . . [A]s I understand your argument regarding curved substantially upwardly, it is that the side walls must be curved upwardly *from all points along the edge. Not just some points along the edge*.

> MR. SCHINDLER [Surf Waves' Counsel]: Correct. That's exactly what we are arguing.

Ex. H, 20:5-10 (emphasis added). *See also id.* at 26:1-6. Surf Waves also adopted PSD's claim construction argument—which it opposed in this litigation and, as a result, this Court rejected—that the sidewalls needed to extend along the entirety of the edge:

> JUDGE MELVIN: . . . [D]oes the entire edge have to be curved substantially upwardly?

> MR. SCHINDLER: Your Honor, I know you raised it before. Our argument would be because it says substantially upward from an edge and it says a side wall, *it doesn't say a portion of the side wall, it would be our position that you also can't take just a portion of it. Again, if you go back to our figures, our figures all show not a portion. All of it rises*.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO · CA · 92130 -2092

*Id.* at 27:19-28:2 (emphasis added).  Moreover, further contradicting Plaintiffs' infringement contentions, Surf Waves' proffered expert took the position that the sidewalls shown in Fig. 4A of the '589 Patent—which are not parallel to each other—*are not* "opposite."  Ex. I, 91:16-22.

In its FWD dated January 17, 2018, the PTAB rejected Surf Waves' belated attempt to narrow the construction of these key claim terms of the '016 Patent, explaining that:

> [W]e construe "extending substantially upwardly" as encompassing a sidewall that, at some point, extends above the edge of middle section corresponding to the side wall.  Because the sidewalls identified by Petitioner [PSD] in Lochtefeld 589 each have a portion that rises up from the plane of the middle portion, they extend substantially upwardly from the middle portion as claimed.

Ex. J, 534.  Consequently, the Board found all of the claims of the '016 Patent that were asserted in this litigation unpatentable on the following grounds:

| Claims Found Unpatentable | Reference(s) |
|---|---|
| 1-5, 8-9, 12, 15-17, 19 | '589 Patent (anticipation) |
| 1-5, 7-13, 15-19 | '589 Patent (obviousness) |
| 1-15, 15-16, 18, 20 | '530 Patent (anticipation) |
| 1-5, 7-20 | '530 Patent in view of '590 Patent obviousness) |

*Id.* at 572.

### 3.   PSD Attempted To Reduce The Needless Expenditure Of Fees In Light Of Plaintiffs' Frivolous And Contradictory Positions

On numerous occasions throughout the litigation, PSD sought Plaintiffs' cooperation to mitigate fees in view of the clear invalidity of the '016 Patent.  For example, prior to filing the IPR petition, PSD sent a courtesy copy to Plaintiffs' counsel, hoping to "spar[e] the parties and the PTAB the time and resources necessary for deciding this issue" and noting that "any alleged damages in this case

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

are trivial." Ex. K. Plaintiffs refused, complaining that they did not have time to consider the references—*even though all cited references were assigned to Plaintiff Flowrider*, and most had been included in PSD's invalidity contentions served five months earlier. Ex. L, 575. In subsequent emails, PSD noted that Plaintiffs must have considered these Flowrider prior art patents as part of any reasonable pre-suit diligence, (Ex. M, 577; Ex. N, 579), and Plaintiffs never argued otherwise. Ex. L, 575; Ex. O, 584. From the outset, PSD informed Plaintiffs that it would seek fees if it was forced to expend additional costs and file the IPR. Ex. M, 577.

After Plaintiffs refused to drop the '016 Patent in view of the low amount of sales, thereby forcing PSD to file its IPR petition, PSD concurrently filed a motion to stay on July 18, 2016. D64. As PSD argued, the case was at an early stage, the IPR would simplify the case, and Plaintiffs would not be prejudiced:

> The truth is that PSD has made a single U.S. sale in its existence, for a sum that constitutes a fraction of what it will cost to continue litigating this case. *Plaintiffs are plainly using this litigation to exert settlement pressure on a small, two-person company*.... Meanwhile, Plaintiffs voluntarily dropped a previous lawsuit against PSD two years ago, and then allowed the asserted patents to go abandoned thereafter, demonstrating a wholesale indifference to PSD, the patents, and litigation in general.

D64, 2:3-11 (emphasis added). Moreover, PSD explained how Plaintiffs' infringement theories formed the basis of PSD's IPR petition:

> [T]he main invalidity ground in the '016 patent petition is the '589 patent, *the other patent in suit*. . . . And really, that is the crux of how we find ourselves here. Plaintiffs have taken egregious infringement positions, attempting to contort the patents into something resembling what PSD sells. In the process, Plaintiffs set forth overly broad claim construction positions to a degree that—if their constructions are meritorious—their own patents and other prior art invalidate those claims. This is exactly what PSD has argued in both petitions, citing Plaintiffs' own positions, and how those positions render the patents

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO , CA 92130 -2092

so broad as to sweep in numerous prior art references invalidating the claims. . . . [Plaintiffs] also do not dispute that the '589 patent is the main invalidity reference in the '016 patent petition.

D73, 5:13-6:3 (emphasis in original).

Plaintiffs' opposed the stay, and two months later, the Court denied the motion, noting "[s]ignificantly, the PTO has not yet decided whether to grant review of Defendant's petitions." D80, 5:3-4.

PSD reiterated its request for a stay on January 30, 2017, when the PTAB instituted IPR of all asserted claims of the '016 Patent. D142-1. Plaintiffs once again opposed the motion, forcing PSD to again brief the issue. *Id.* And as PSD again explained, "***Plaintiffs' opposition also seeks to continue litigating the '016 patent—through trial no less—while implicitly conceding all that work (depositions, expert depositions, pre-trial, trial) will be for naught if the '016 patent is cancelled by the PTAB***. This is a tremendous amount of unnecessary resources to expend, particularly where the PTAB's Final Written Decision is required by January 30, 2018." D180, 9:7-16 (emphasis added; citation omitted).

### 4.    Plaintiffs Waited Until After The Parties Prepared Expert Reports Before Informing PSD That They Were Not Seeking Damages On The '016 Patent

The parties exchanged expert reports on May 19, 2018. Despite forcing it to expend resources throughout the litigation on the '016 Patent, including having its expert prepare invalidity opinions on the '016 Patent, Plaintiffs *for the first time in their damages expert report informed PSD that they were not seeking any damages on the '016 Patent*, finally admitting—as PSD had said all along—that "PSD has not yet sold any products accused of infringing the '016 Patent." D220, 2:1-5. As PSD explained:

Plaintiffs' initial disclosures (served November 25, 2015; Exhibit B) and supplemental initial disclosures (served April 14, 2017; Exhibit C), did not disclose how such damages would be calculated and deferred that

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO , CA 92130 -2092

calculation to the very expert discovery that has now proven to shed no light on the subject. . . . ***In short, the patent that PSD has consistently argued is figuratively worthless has not been confirmed as literally worthless. Yet Plaintiffs want to continue litigating the patent nonetheless, just to force PSD to incur costs***.

*Id.* at 2:11-21 (emphasis added).

### B.    '589 Patent

In addition to the '016 Patent, Plaintiffs also brought suit in the name of Flowrider, alleging infringement of the '589 Patent.  As set out in PSD's briefing on its motion to dismiss for lack of standing (D112, D123), Plaintiffs obfuscated discovery and made material misrepresentations, thereby dragging out an improper suit brought by an improper entity.

### 1.    "Whitewater" Represents That All Responsive Documents Were Produced

After the Court issued its claim construction order on September 19, 2016, the parties were ordered to submit a further Joint Case Management Statement. PSD explained Plaintiffs' recent references to "Whitewater" and its concern that Plaintiffs were playing a corporate shell game:

> Plaintiffs recently stated that the dearth of documents is because ***non-party "Whitewater***, as an acquiring party, has few documents related to this issue."  It is unclear why Whitewater's documents are being referenced rather than Plaintiffs' documents, but to the extent Plaintiffs' lack of production is based on a corporate shell game, this is another issue that will need to be addressed in discovery.

D94, 11:15-19 (emphasis in original).  Nonetheless, Plaintiffs represented to PSD and this Court that they had "produced ***all documents*** in its possession responsive to PSD's requests."  *Id.* at 9:3 (emphasis added).

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO , CA  92130 -2092

**2.    Plaintiffs Finally Inform PSD That Plaintiff Flowrider Ceased To Exist Eight Months Prior, Forcing PSD To File A Motion To Dismiss**

More than a month later on October 28, 2016—after forcing PSD to make additional, repeated demands—Plaintiffs revealed that Plaintiff Flowrider *had ceased to exist as a functional entity on February 1, 2016*.  Ex. P.  As a result, PSD moved to dismiss for lack of standing in November 2016.  D102.  In response, Plaintiffs concocted a new story, devoid of any legal support, this time alleging that Whitewater had been the plaintiff all along and was merely (and improperly) using Flowrider for its "name."  D117, 16:17-19.[5]  With that new story came a trove of other documents, *months after "all" documents had supposedly been produced*— including the Intellectual Property Sublicense Agreement used to make Plaintiff's "party in name only" argument.  *See* Ex. F.  The Court based its dismissal of Flowrider's claim on that Sublicense Agreement, as it showed that on the very same day Flowrider purportedly received rights to the '589 Patent (well before Plaintiffs initiated the lawsuit), it immediately sublicensed all of those rights to Whitewater.  *Id.*; D222, 15:8-17 ("[O]n the very same day that Surf Park granted all substantial rights to FlowRider Ltd., FlowRider Ltd. transferred all of those rights to Whitewater West. . . . An examination of the sublicense agreement confirms that Whitewater West received all substantial rights and should have been the named plaintiff.")

Plaintiffs misrepresented ownership and obfuscated resolution of the standing issue on numerous occasions throughout this case, including:

- **August 24, 2015**—Plaintiffs submitted a pleading identifying the "Intellectual Property License Agreement" between Flowrider and Surf Park PTE, Ltd., and alleged that based on it, "Plaintiff FlowRider has standing to sue for infringement of the '589 Patent" (D1), all the while withholding the Intellectual Property Sublicense Agreement showing that all of Flowrider's rights had been transferred to Whitewater;

---

[5] Plaintiffs also filed a motion to substitute parties, thereby forcing PSD to respond to another brief.  D106.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO , CA  92130 -2092

- **December 15, 2015**—Plaintiffs failed to produce the Intellectual Property Sublicense Agreement with its standing-related documentation pursuant to Patent L.R. 3.2(d);

- **February 3, 2016** (two days after the amalgamation)—Plaintiffs failed to reference the amalgamation in correspondence with PSD concerning PSD's request for information that should have been produced pursuant to Patent L.R. 3.2(d) so that PSD could "evaluate whether Plaintiffs have standing to sue," and instead produced a single license agreement purporting to "evidence FlowRider's patent rights" (Ex. Q);

- **June 30 & August 23, 2016**—Plaintiffs submitted sworn interrogatory verifications on behalf of non-existent Flowrider (Exs. R-S);

- **August 29, 2016**—Plaintiffs submitted a sworn declaration from their own witness, Andrew Thatcher, who declared under penalty of perjury that he was "currently employed" by non-existent entity Flowrider (D70-1);

- **September 16, 2016**—Plaintiffs submitted a sworn declaration on behalf of, another of their own witnesses, Marshall Myrman, who also declared under penalty of perjury that he was "currently employed" by non-existent entity Flowrider (D87-8);

- **September 19, 2016**—Plaintiffs represented to PSD and this Court that they had "produced ***all documents*** in its possession responsive to PSD's requests" (D94, 9:3), despite not having produced the Intellectual Property Sublicense Agreement;

- **December 5, 2016**—Plaintiffs submitted a sworn declaration on behalf of Thomas Lochtefeld, the '589 Patent inventor, who declared that the representations and warranties made in multiple license agreements produced by Plaintiffs "were inadvertent errors" (D117-3); and

- **December 12, 2016**—Plaintiffs submitted sworn declarations on behalf of Andrew Thatcher and Marshall Myrman who stated that their sworn statements on September 16 were "inadvertent error[s]" (D126-2; D126-3).

In short, throughout this case in dealing with standing and ownership issues and related discovery, Plaintiffs showed a cavalier disregard for the truth and retracted their misrepresentations only when PSD exposed the gaps in their story.

## III.    **LEGAL STANDARD**

Although final judgment has been entered, courts retain jurisdiction to decide issues not subject to appeal such as attorneys' fees and costs. *Accord* Fed. R. Civ. P. 54(d).

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130 -2092

### A.    Attorneys' Fees Pursuant To 35 U.S.C. § 285

"The court in exceptional cases may award reasonable attorney fees to the prevailing party."   35 U.S.C. § 285. "[T]he aim of § 285 is to compensate a defendant for attorneys' fees it should not have been forced to incur." *Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013) (internal citation omitted). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).   "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*  Such circumstances may include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6.

The prevailing party need only show entitlement to attorneys' fees by a preponderance of the evidence. *Octane Fitness*, 134 S. Ct. at 1758.  "Section 285 demands a simple discretionary inquiry: it imposes no specific evidentiary burden." *Id.*  PSD is the prevailing party with regard to the '016 Patent.  The Court entered judgment in favor of PSD finding that "Plaintiff's ['016] patent is unenforceable and judgment is entered for Defendant for the entire action."  D240.

### B.    Attorneys' Fees Pursuant To 28 U.S.C. § 1927

The Court may also award fees pursuant to 28 U.S.C. § 1927 when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." Sanctions may be imposed upon "'a finding of subjective bad faith' which 'is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *Digital Empire Ltd. v. Compal Elecs. Inc. Grp.*, No. 14cv1688-DMS-KSC, 2015 U.S. Dist.

LEXIS 187449, at 20 (S.D. Cal. Dec. 11, 2015), *reconsideration denied*, 2016 WL 4385190 (S.D. Cal. Mar. 1, 2016) (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002)). "Recklessness suffices for § 1927 sanctions." *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010).

## C.    Court's Inherent Powers To Sanction Misconduct

The Court may also award attorneys' fees and costs that may not otherwise be available under §§ 285 and 1927—such as expert witness fees— pursuant to its inherent authority. *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (stating that courts have the inherent power to "levy sanctions, including attorneys' fees, for willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."); *Amsted Indus. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 378 (Fed. Cir. 1994) (an award of expert fees is proper upon a "finding of fraud or abuse of the judicial process."). Such an award is proper "where the district court makes a 'finding of fraud or bad faith whereby the very temple of justice has been defiled'". *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921 (Fed. Cir. 2012). Even where a litigant's conduct does not "amount to fraud, courts may use sanctions in cases involving bad faith that cannot be otherwise reached by rules or statutes." *Takeda Chem. Indus. v. Mylan Labs.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008). Bad faith must be found where an attorney "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Carlock v. Collins Motor Co.*, No. 04cv0370-J-RBB, 2008 U.S. Dist. LEXIS 28425, at 4 (S.D. Cal. Apr. 7, 2008).

## IV.    <u>ARGUMENT</u>

Plaintiff's bad faith litigation tactics—filing and maintaining frivolous claims alleging infringement of the '016 Patent, and concealing Plaintiff Flowrider's amalgamation and lack of standing related to the '589 Patent—are plainly

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

exceptional and sanctionable. Accordingly, PSD is entitled to its reasonable attorneys' fees expended in addressing the '016 Patent pursuant to 35 U.S.C. § 285, its reasonable attorneys' fees expended in addressing the '589 Patent pursuant to 28 U.S.C. § 1927, and its attorneys' fees, expert fees, and non-taxable costs for this action pursuant to the Court's inherent authority.

### A. PSD Should Be Awarded Its Fees Related to Plaintiffs' Exceptionally Weak '016 Patent Claim Under 35 U.S.C. § 285

Plaintiffs' case with respect to the '016 Patent underscores their exceptionally weak positions and sanctionable behavior warranting fees under § 285. Courts need only find *either* a lack of "substantive strength of a party's litigating position" *or* the "unreasonable manner in which the case was litigated" to deem a case "exceptional." *Octane Fitness*, 134 S. Ct. at 1756. Here, both grounds are met.

### 1. Plaintiffs' Position Was Exceptionally Weak

As set forth in § II.B, Plaintiffs' assertion of the '016 Patent was objectively unreasonable and frivolous from the start given that *it was invalidated in view of Plaintiffs' own licensed patents and related infringement theories*.

Plaintiffs were aware of the '589 Patent from the outset of the case, and undoubtedly were also aware of the other two patents used to invalidate the '016 Patent given that they were purportedly licensed to Plaintiff Flowrider. Ex. F, 214. *See Raymond v. Blair*, No. 09-5507, 2012 U.S. Dist. LEXIS 47424, at *13-14 (E.D. La. Apr. 4, 2012) (awarding fees where plaintiffs "knew or should have known from the inception of this litigation that the patent was invalid.").

Despite Plaintiffs' awareness of the invalidating prior art (shown at least by the '589 Patent, below left), they raised overbroad infringement theories, including theories stating that Plaintiff's Supertube (below right) included "opposite" first and second curved sidewalls extending substantially upwardly from edges of a middle section.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO , CA 92130 -2092



**'589 Patent, Fig. 4A**  **PSD's Supertube (Ex. B, 13)**

Even if they did not understand the import of their broad infringement contentions then, they should have by the time PSD served its invalidity contentions in February 2016, because PSD identified how the '589 Patent purportedly assigned to Plaintiff Flowrider invalidated the '016 Patent claims under Plaintiffs' interpretations.  Ex. C.

Nonetheless, Plaintiffs posited claim constructions (tracking their broad infringement contentions) that any reasonable attorney would have realized read on the prior art.  *See Tech. Props. Ltd. LLC v. Canon Inc.*, No. C 14-3640 CW, 2017 U.S. Dist. LEXIS 144204, at *8 (N.D. Cal. Jan. 26, 2017) (holding that "[t]he merits of Plaintiffs' lawsuit were exceptionally weak" in part because "***Plaintiffs' infringement theory essentially lay claim to prior art***.") (emphasis added).

Moreover, Plaintiffs' conduct was sanctionable because they attempted to frustrate PSD's efforts to mitigate the harm.  Although Plaintiffs' unreasonable contentions forced PSD to expend additional resources to prepare its IPR petition, even after doing so, PSD attempted to reach resolution and avoid incurring additional costs by ***sending the draft petition to Plaintiffs' counsel and asking them to drop the '016 Patent*** (especially in view of trivial potential damages related to the '016 Patent).  Ex. K.  PSD made another attempt several months later

CASE NO.  3:15-CV-01879
MEMORANDUM OF POINTS AND AUTHORITIES
ISO PSD'S MOTION FOR ATTORNEYS' FEES

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

in April 2017, but Plaintiffs once again refused.  Ex. N, 579; Ex. O, 584.  *See Raymond*, 2012 U.S. Dist. LEXIS 47424, at *13-14 (awarding fees where plaintiffs continued to litigate claims despite the fact that they knew or should have known that its validity theories were unreasonable based on prior art).

Plaintiffs refused to discuss the merits because their position was meritless and thus, frivolous.  Plaintiff Surf Waves confirmed this fact by taking positions diametrically opposed to its own infringement contentions and claim construction arguments.  *See Oplus Techs., Ltd. v. Vizio, Inc.*, 782 F.3d 1371, 1374-76 (Fed. Cir. 2015) (reversing denial of fees under §§ 285 and 1927, and court's inherent power where plaintiff's "litigation positions . . . were a constantly moving target, 'a frustrating game of Whac-A[-]Mole throughout the litigation'") (citation omitted).  As detailed in § II.A.2, examples of Plaintiff Surf Waves' and/or its expert's inconsistent IPR positions include alleging that:

1) beyond being traversable, the '016 Patent sidewalls had to extend upward from all points on an edge (Ex. H, 20:5-10 & 26:1-6), despite previously representing that the sidewalls had "[n]o other limitations" (D39, 18:22-26), and the Court's admonishment that "the edges are not strictly defined" (D88, 13:21-23);

2) the claimed sidewalls had to extend along the entirety of the edge (Ex. H, 27:19-28:2), despite previously arguing against that very same construction (Ex. D, 44:5-24); and

3) the '589 Patent does not show "opposite" sidewalls (Ex. I, 91:16-22), despite Plaintiffs' infringement contentions concerning PSD's Supertube product (Ex. B, 13).

The PTAB ultimately agreed with PSD, invalidating all asserted claims in January 2018, and confirming PSD's contention from the outset:

> Plaintiffs have taken egregious infringement positions, attempting to contort the patents into something resembling what PSD sells.  ***In the process, Plaintiffs set forth overly broad claim construction positions to a degree that—if their constructions are meritorious— their own patents and other prior art invalidate those claims***.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO , CA  92130 -2092

CASE NO.  3:15-CV-01879
MEMORANDUM OF POINTS AND AUTHORITIES
ISO PSD'S MOTION FOR ATTORNEYS' FEES

D73, 5:13-6:3 (emphasis added).    The PTAB's Final Decision confirms that Plaintiffs' litigation positions regarding the '016 Patent were exceptionally weak, and that Plaintiffs' case was frivolous in view of the prior art. *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989) (holding that an exceptional case finding can be based on a frivolous suit).

### 2.    Plaintiffs Litigated This Case In An Unreasonable Manner

In addition to their utter disregard of the merits, Plaintiffs also litigated the '016 Patent case in an unreasonable manner.  PSD repeatedly pointed to its low number of actionable U.S. sales to explain that any potential damages were minimal. *See* D64, 2:3-11 ("The truth is that PSD has made a single U.S. sale in its existence, for a sum that constitutes a fraction of what it will cost to continue litigating this case.  Plaintiffs are plainly using this litigation to exert settlement pressure on a small, two-person company."); Ex. K ("As we have repeatedly indicated, any alleged damages in this case are trivial (much less than any licensing revenue Plaintiffs might receive from others during the lifetime of the '016 patent), and it is unfortunate that this case has proceeded as far as it has . . .").

But Plaintiffs continued to push a meritless case with regard to the '016 Patent to drive up PSD's cost of litigation and exert settlement pressure.  Despite PSD's July 2016 invitation to discuss the '016 Patent on the merits, Plaintiffs never did so.  Ex. L, 575.  Instead, they opposed both PSD's motion to stay, and its renewed motion to stay.  D70, D174.  As a result, PSD was forced to engage in needless discovery concerning the '016 Patent, including depositions, documents, and written discovery.

Particularly egregious and illustrative of unreasonableness was Plaintiffs' decision to *wait until the eleventh hour—over 20 months after bringing suit—before revealing that they were not claiming any damages relating to the '016 Patent*.  PSD was only made aware of Plaintiffs' position on May 19, 2017 when

Troutman Sanders LLP
11682 El Camino Real
Suite 400
San Diego , CA  92130 -2092

Plaintiffs' damages expert—Robert Vigil's—report failed to include any opinions relating to damages for the alleged infringement of the '016 Patent.    D220. Accordingly, Plaintiffs forced PSD to engage unnecessarily in fact discovery and expert reports related to the '016 Patent.

Plaintiffs' tactics confirm their unreasonableness and bad faith, thereby warranting sanctions. *See Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2014 U.S. Dist. LEXIS 112321, at *49-50 (N.D. Cal. Aug. 12, 2014) (granting fees for "failing to conduct an adequate pre-filing investigation, shifting its theories of infringement late in the litigation . . ., and engaging in conduct that at times amounted to gamesmanship").

### B.    Plaintiffs And Their Counsel Acted In Bad Faith With Regard To The '589 Patent, So PSD Should Be Awarded Its Fees Under 28 U.S.C. § 1927

PSD seeks its attorneys' fees related to the '589 Patent from Plaintiffs' counsel pursuant to 28 U.S.C. § 1927, because Plaintiffs' attempt to obfuscate the standing issue followed by their frivolous standing arguments "multiplie[d] the proceedings . . . unreasonably and vexatiously."[6]  Plaintiffs knew or should have known that Plaintiff Flowrider lacked standing to bring suit from the very beginning of the case, if not before.  Plaintiffs' misrepresentations once PSD started unraveling the standing issue further underscore Plaintiffs' bad faith.  Plaintiffs' affirmative misrepresentations and omissions regarding standing are "plainly sanctionable." *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1205 (Fed. Cir. 2005).

The Court determined that Plaintiff Flowrider lacked standing to assert the '589 Patent due to an Intellectual Property Sublicense Agreement from January 31,

---

[6] Courts in this District have found that prevailing on a motion to dismiss for lack of subject matter jurisdiction does not entitle movant to "prevailing party" status pursuant to 35 U.S.C. § 285. *See SPH Am., LLC v. AT&T Mobility LLC*, No. 3:13-cv-2318-CAB-KSC, 2017 U.S. Dist. LEXIS 110828, at *9-10 (S.D. Cal. July 14, 2017).

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130 -2092

CASE NO. 3:15-CV-01879
MEMORANDUM OF POINTS AND AUTHORITIES
ISO PSD'S MOTION FOR ATTORNEYS' FEES

2014—prior to the filing of the complaint—that transferred Plaintiff Flowrider's purported rights in the '589 Patent to Whitewater **on the exact same day that Flowrider received them**. D222, 15:8-17. Plaintiffs' choice to produce the License Agreement showing Flowrider received rights and choice to withhold the Sublicense Agreement showing Flowrider gave those rights away on the same day cannot reasonably be interpreted as anything but a deliberate attempt to mislead PSD and the Court as to Flowrider's standing to sue. At the very least, Plaintiffs' and their counsel's failure to consider the Sublicense Agreement's impact on standing or to disclose it point to recklessness and bad faith warranting sanctions. *See Digital Empire*, 2015 U.S. Dist. LEXIS 187449, at *21 (awarding fees pursuant to 28 U.S.C. § 1927 where "Plaintiff's pre-filing investigation was inadequate."); *See also Fagundes v. Charter Builders, Inc.*, No. C 07-1111, 2008 U.S. Dist. LEXIS 9617, at *12-13 (N.D. Cal. Jan. 29, 2008) (imposing sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority because counsel's failure to produce a document forced defendant "to relitigate an issue that easily could have been resolved"). *Cf. Deep Sky Software, Inc. v. Southwest Airlines Co.*, No. 10-cv-1234-CAB-KSC, 2015 U.S. Dist. LEXIS 180625, at *11 (S.D. Cal. June 1, 2015) (awarding sanctions because plaintiff's "failure to identify [a document] and produce it violated the good faith requirements of the local patent rule. Early disclosure of this reference in accordance with the rules could have substantially impacted and shortened the litigation . . .").

Moreover, Plaintiffs' eleventh-hour argument, made for the first time in its opposition to PSD's motion to dismiss (in view of the recently-produced Intellectual Property Sublicense Agreement), that unidentified third-party Whitewater had "been acting as [an unidentified] co-plaintiff in this case since the beginning" contradicted the facts and well-established case-law. D222, 18:16-19:19. Such frivolous arguments are also sanctionable under § 1927. *See Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1248 (Fed. Cir. 2003) ("a

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO , CA  92130 -2092

CASE NO.  3:15-CV-01879
MEMORANDUM OF POINTS AND AUTHORITIES
ISO PSD'S MOTION FOR ATTORNEYS' FEES

1  determination of bad faith is warranted where an attorney knowingly or recklessly

2  pursues a frivolous claim") (internal quotation omitted).

3       Further, the lengths Plaintiffs and their counsel took in concealing Plaintiff

4  Flowrider's February 1, 2016 amalgamation also exemplify their bad faith.  Rather

5  than informing PSD at the outset, Plaintiffs intentionally obfuscated the point,

6  submitting sworn interrogatory verifications and declarations on behalf of

7  individuals "currently employed" by a non-existent entity under penalty of perjury.

8  *See* § II.B.2. Plaintiffs then attempted to avoid producing any documents revealing

9  Flowrider's lack of patent rights by falsely telling the Court and PSD that all

10 documents had been produced.  *Id.*

11      Plaintiffs' conduct is analogous to that in *Schreiber Foods*—a case Plaintiffs

12 themselves cited in the briefing opposing PSD's motion to dismiss.  In *Schreiber*

13 *Foods*, the plaintiff patentee failed to inform the defendant or the court that it had

14 assigned away the asserted patent to another entity during litigation, thereby losing

15 standing.  402 F.3d at 1200.  Plaintiff's counsel learned of the assignment after the

16 trial and favorable jury verdict, but also did not disclose the assignment.  *Id.* at

17 1201.  The Court found that the conduct of both was sanctionable:

18         [T]he conduct of Schreiber and its counsel after
           September 1998, when counsel became aware of the
19         assignment of the '860 patent, *was plainly sanctionable.*
           ***Once counsel became aware that highly material false***
20         ***statements had been made by a witness, in pleading***
           ***submitted to the court and in response to discovery***
21         ***requests, and that highly material documents had not***
           ***been produced as required, Schreiber and its counsel***
22         ***were under an obligation to promptly correct the record.***
23

24 *Id.* at 1205 (emphasis added).  *See also Sub Zero Franchising, Inc. v. Frank NYE*

25 *Consulting, LLC*, No. 2:15-cv-821-BSJ, 2018 U.S. Dist. LEXIS 71474, at *7 (D.

26 Ut. Apr. 27, 2018) (awarding sanctions under § 1927 because counsel "improperly

27 withheld the purported assignment documents" that "show [plaintiff's] lack of

28 standing to assert the claim for infringement of the [patent]" and "[s]uch documents

CASE NO.  3:15-CV-01879
MEMORANDUM OF POINTS AND AUTHORITIES
ISO PSD'S MOTION FOR ATTORNEYS' FEES

were subject to mandatory disclosure . . . and were improperly withheld [for a year].")

As in *Schreiber Foods*, Plaintiffs' and their counsel's deliberate concealment of facts showing Flowrider's lack of standing dragged out this action and forced PSD to incur significant additional expenses in numerous ways, including briefing on the motion to dismiss, briefing on the motion to substitute, depositions, and additional time and effort in terms of correspondence and meet and confers to get to the bottom of Plaintiffs' falsehoods and misrepresentations regarding their document production. This is precisely the type of "unreasonably and vexatiously" "multipl[ying of] the proceedings" that § 1927 is intended to deter. *See also* 10 C. Wright et al., FEDERAL PRACTICE AND PROCEDURE, § 2670 (3d ed. 2015) (explaining the purpose of § 1927 is "to place directly on attorneys a sanction that should encourage them to refrain from the frivolous, to weigh considerations of relevancy and privilege carefully when participating in discovery proceedings, and to advise their clients in accordance with their best legal judgment rather than in terms of securing tactical advantage through the manipulation of the process."). Accordingly, the Court should award fees related to the '589 Patent under § 1927.

### C.    The Court Should Exercise Its Inherent Power To Award PSD Its Attorneys' Fees, Expert Fees, And Non-Taxable Costs

Consistent with Federal Circuit case law, this Court can and should award PSD its attorneys' fees, including expert fees and non-taxable costs pursuant to the Court's inherent authority. *See MarcTec*, 664 F.3d at 921. Plaintiffs' bad faith is evidenced by the same misconduct described above. *See Digital Empire*, 2016 WL 4385190, at *8 n.7 (finding that the same conduct warranting fees under §§ 285 and 1927 also warranted sanctions under the court's inherent power).

In *MarcTec*, the Federal Circuit affirmed an award of expert fees where the defendant "was forced to incur witness expenses" and "the amount [defendant] was required to expend on experts was not compensable under § 285." *MarcTec*, 664

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO , CA  92130 -2092

F.3d at 921.  As in *MarcTec*, PSD was forced to incur significant expense to hire experts to rebut Plaintiffs' arguments about the invalid '016 Patent, despite the fact that Plaintiffs apparently were not claiming **any damages** related it.  Consequently, the Court should invoke its inherent authority to sanction Plaintiffs—and make PSD whole—for the full amounts of its attorneys' fees, including expert fees and non-taxable costs.

### D.    PSD Is Reasonably Entitled To An Award Of All Of Its Fees Expended In This Case, Including The IPR

An award for the full amount of PSD's attorneys' fees is warranted here. The Federal Circuit has explained that "a case should be viewed more as an 'inclusive whole' rather than as a piecemeal process" when awarding fees. *Therasense, Inc. v. Becton, Dickenson & Co.*, 745 F.3d 513, 516 (Fed. Cir. 2014) (citation omitted).  Consequently, courts have the power to award fees "for the entire case, including any subsequent appeals," rather than only for particular phases of litigation.  *Id.* at 517.

Courts routinely exercise this power to award full fees in cases where, as here, one party advances claims that it knows to be baseless.  For example, in *Drone Techs., Inc. v. Parrot S.A.*, the court awarded fees covering "all stages of the litigation" because the defendant had "advanced presumably false positions," "engaged in tactical and pervasive defiance of the Court," and lost.  No. 2:14-cv-00111-AJS, 2015 U.S. Dist. LEXIS 98829, at 9 (W.D. Pa. July 21, 2015) (internal quotation marks omitted).  Similarly, in *Kilopass Tech., Inc. v. Sidense Corp.*, the court awarded defendant its full fees because the plaintiff had engaged in litigation misconduct and lost on all of its claims of infringement, which the court deemed "objectively baseless."  82 F. Supp. 3d 1154, 1166 (N.D. Cal. 2015).

Moreover, PSD should be awarded its fees, expenses, and non-taxable costs incurred for its *inter partes* review proceeding on the '016 Patent.    Judge Bencivengo in this District previously determined that such fees are recoverable in

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

*Deep Sky Software, Inc. v. Southwest Airlines Co.*, No. 3:10-cv-1234-CAB-KSC, 2015 U.S. Dist. LEXIS 178030, at *5 (S.D. Cal. Aug. 19, 2015). In awarding defendant's fees for an *inter partes* reexamination, Judge Bencivengo explained:

> [T]he legal services counsel performed for defendant during reexamination of the '770 Patent were related to this suit. Reexamination was initiated during and in reaction to plaintiff's action here. Further, the PTO's cancellation of the asserted '770 Patent claims on grounds of invalidity disposed of plaintiff's complaint here and made defendant the prevailing party. . . . Thus, under the unique circumstances of this case, defendant may recover fees for the reexamination proceedings.

*Id.* (internal citations omitted). The same circumstances exist here as PSD's *inter partes* review was "related to this suit," it "was initiated during and in reaction to plaintiff's action here," and it "disposed of plaintiff's complaint here and made defendant the prevailing party." *Id.*

Consequently, PSD's request for fees and expenses related to the entirety of this action, including the IPR proceeding, is reasonable. PSD fairly estimates that such fees amount to $1,675,000, including $21,975 in expert expenses.[7]

## V.  **CONCLUSION**

For the foregoing reasons, the Court should award PSD all of its attorneys' fees, expert fees, and non-taxable costs for this litigation, pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent power. To the extent the Court requires detailed billing and rate information to determine the appropriate amount of fees to award, PSD further requests that the Court set a briefing schedule on reasonableness (in accordance with the *Lodestar* method) to begin 30 days after the Court's order and allow PSD to submit a detailed accounting of its fees for the Court's consideration.

---

[7] "The court may decide issues of liability for fees before receiving submissions on the value of services." Fed. R. Civ. P. 54(d)(2)(C). Accordingly, if the Court grants the requested relief, PSD requests that the Court allow PSD to submit evidence regarding the amount and reasonableness of its hourly rates and fees.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130 -2092

CASE NO.  3:15-CV-01879
MEMORANDUM OF POINTS AND AUTHORITIES
ISO PSD'S MOTION FOR ATTORNEYS' FEES

Dated: May 22, 2018                    RESPECTFULLY SUBMITTED,

                                       TROUTMAN SANDERS LLP


                                       By: */s/ Charanjit Brahma*
                                           Charanjit Brahma (CA Bar No. 204771)
                                           charanjit.brahma@troutman.com
                                           Mark C. Mao (CA Bar No. 236165)
                                           mark.mao@troutman.com
                                           Attorneys for Defendant

CASE NO.  3:15-CV-01879
MEMORANDUM OF POINTS AND AUTHORITIES
ISO PSD'S MOTION FOR ATTORNEYS' FEES

1

## **CERTIFICATE OF SERVICE**

2

3          The undersigned hereby certifies that a true and correct copy of the above

4   and foregoing document has been served on May 22, 2018, to all counsel of record

5   who are deemed to have consented to electronic service via the Court's CM/ECF

6   system per Civil Local Rule 5.4.  Any counsel of record who have not consented to

7   electronic service through the Court's CM/ECF system will be served by electronic

8   mail, first class mail, facsimile and/or overnight delivery.

9

10                                             */s/ Charanjit Brahma*
                                               Charanjit Brahma
11

12

13

TROUTMAN  SANDERS  LLP
11682  EL CAMINO  REAL
SUITE 400
SAN DIEGO , CA  92130 -2092

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28