**BUCHALTER**
A Professional Corporation
J. Rick Taché (SBN: 195100)
Roger L. Scott (SBN: 247165)
Erikson C. Squier (SBN: 275274)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Facsimile: 949.720.0182
Email:     rtache@buchalter.com
           rscott@buchalter.com
           ecsquier@buchalter.com

Attorneys for Plaintiffs
FlowRider Surf, Ltd. and Surf Waves, Ltd.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOWRIDER SURF, LTD., a Canadian corporation, and SURF WAVES, LTD., a company incorporated in the United Kingdom;<br><br>        Plaintiffs,<br><br>vs.<br><br>PACIFIC SURF DESIGNS, INC., a Delaware corporation;<br><br>        Defendant. | Case No. 3:15-cv-01879-BEN-BLM<br><br>**PLAINTIFFS' OPPOSITION TO DEMDANDANTS MOTION FOR ATTORNEYS' FEES (ECF NO. 246)** |

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

# TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................................. 1

II.   STATEMENT OF FACTS ..................................................................... 2

      A.    Facts Related To The '016 Patent ............................................... 2

            1.    Plaintiffs' Assertion Of The '016 Patent Was
                  Objectively Reasonable .................................................... 2

            2.    The Presence Or Lack Of Damages Is Irrelevant
                  To The Validity Of Plaintiffs' Entitlement To
                  Injunctive Relief .............................................................. 3

            3.    PSD Made No Legitimate Effort To Mitigate Fees ........ 4

            4.    Plaintiffs' Positions Have Remained Consistent ............. 5

      B.    Facts Related To The '589 Patent ............................................... 6

III.  ARGUMENT ......................................................................................... 8

      A.    PSD's Motion Should Be Denied Without Prejudice
            Pending Resolution of Plaintiffs' Appeals ................................. 8

      B.    The '016 Patent Litigation Does Not Meet The
            "Exceptional Case" Standard ..................................................... 8

            1.    Plaintiffs' Assertion Of The '016 Patent Was
                  Supported By The Patent's History And Pre-Filing
                  Due Diligence ................................................................... 9

            2.    Plaintiffs' Litigation Conduct Regarding The
                  '016 Patent Was Reasonable ........................................... 12

      C.    PSD Is Not The "Prevailing Party" As To The
            '589 Patent ................................................................................ 15

      D.    The Litigation Of The '589 Patent Does Not Meet
            The Standards Required To Impose Sanctions Under
            28 U.S.C. § 1927 ....................................................................... 16

            1.    Imposition of Sanctions Under 28 U.S.C. § 1927
                  Requires A Finding Of Subjective Bad Faith ............... 16

            2.    Plaintiffs' Delayed Production Of Documents
                  Does Not Constitute Subjective Bad Faith Or
                  Recklessness ................................................................... 17

            3.    Plaintiffs' Arguments Regarding Standing Were
                  Reasonable ...................................................................... 19

            4.    The Cases Relied On By PSD Are Inapplicable
                  Or Easily Distinguishable .............................................. 20

i

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S**
**MOTION FOR ATTORNEYS' FEES**
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

**TABLE OF CONTENTS continued**

Page

5.    Proceedings Were Not Multiplied and PSD Was Not Prejudiced .................................................... 22

E.    PSD Has Presented No Justification For The Court To Award Fees And Non-Taxable Costs Under The Court's Inherent Power ........................................ 23

F.    PSD Is Not Entitled To Its Attorneys' Fees For the '016 Inter Partes Review Proceeding ................................. 24

IV.    CONCLUSION ....................................................................... 25

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES

Case No. 3:15-cv-01879-BEN-BLM

BN 33186503v6

# TABLE OF AUTHORITIES

**Page**

## Cases

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
   No. CV 15-228-RGA, 2016 WL 3186890 (D. Del. June 3, 2016) ......................20

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   23 F.3d 374 (Fed. Cir. 1994) ..............................................................................24

*Baneth v. Planned Parenthood*,
   No. c-94-0870 DLJ, 1994 U.S. Dist. LEXIS 6711,
   1994 WL 224382 (N.D. Cal. 1994) .....................................................................17

*Barber v. Miller*,
   146 F.3d 707 (9th Cir. 1998) ...............................................................................19

*Beckman Instruments, Inc. v. LKB Produkter AB*,
   892 F.2d 1547 (Fed. Cir. 1989) .....................................................................12, 14

*Chavez v. Northland Grp.*,
   No. CV-09-2521-PHX-LOA, 2011 U.S. Dist. LEXIS
   10113 (D. Ariz. Feb. 1, 2011) .............................................................................18

*Communique Lab., Inc. v. Citrix Sys.*,
   151 F. Supp. 3d 778 (N.D. Ohio 2015) ...............................................................11

*Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*,
   No. 15-cv-02812-ODW(CWx), 2016 U.S. Dist. LEXIS
   138593 (C.D. Cal. Oct. 5, 2016) ...........................................................................9

*Deep Sky Software, Inc. v. Southwest Airlines Co.*,
   No. 10-cv-1234-CAB-KSC, 2015 U.S. Dist. LEXIS
   180625 (S.D. Cal. June 1, 2015) ....................................................................20, 25

*Dig. Empire Ltd. v. Compal Elecs. Inc. Grp.*,
   No. 14cv1688 DMS (KSC), 2015 U.S. Dist. LEXIS
   187449 (S.D. Cal. Dec. 11, 2015) ..................................................................18, 21

*Drone Techs., Inc. v. Parrot S.A.*,
   No. 2:14-cv-00111-AJS, 2015 U.S. Dist. LEXIS 98829
   (W.D. Pa. July 21, 2015) .....................................................................................25

*Enovsys LLC v. AT&T Mobility LLC*,
   No. CV 11-5210 SS, 2016 U.S. Dist. LEXIS 87814
   (C.D. Cal. Feb. 16, 2016) ......................................................................................9

*EON Corp. IP Holdings LLC v. Cisco Sys.*,
   No. 12-cv-01011-JST, 2014 U.S. Dist. LEXIS 101923
   (N.D. Cal. July 25, 2014) ......................................................................10, 20, 24

*Ergo Licensing, LLC v. Carefusion 303, Inc.*,
   No. CIV 08-259-P-S, 2010 WL 2287472 (D. Me. June 1, 2010),
   *aff'd*, No. CIV08-259-P-S, 2010 WL 2651571 (D. Me. June 25, 2010)..............20

*Fagundes v. Charter Builders, Inc.*,
   No. C 07-1111, 2008 U.S. Dist. LEXIS 9617
   (N.D. Cal. Jan. 29, 2008) .....................................................................................21

iii

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLAINTIFFS' OPPOSITION TO DEFENDANT'S          Case No. 3:15-cv-01879-BEN-BLM
MOTION FOR ATTORNEYS' FEES
BN 33186503v6

*Fink v. Gomez,*
39 F. Supp. 2d 1225 (C.D. Cal. 1999) ............................................................ 19, 24

*Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.,*
122 F. Supp. 3d 1114 (D.N.M. 2015) ................................................................. 8

*Illumina, Inc. v. Qiagen N.V.,*
207 F. Supp. 3d 1081 (N.D. Cal. 2016) ............................................................ 11

*In re Keegan Mgmt. Co., Sec. Litig.,*
78 F.3d 431 (9th Cir. 1996) .................................................................... 17, 18, 22

*In re Swanson,*
540 F.3d 1368 (Fed. Cir. 2008) ......................................................................... 11

*Intellect Wireless, Inc. v. HTC Corp.,*
No. 09 C 2945, 2015 U.S. Dist. LEXIS 2864,
2015 WL 136142 (N.D. Ill. Jan. 8, 2015) ........................................................ 25

*Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.,*
711 F. Supp. 2d 795 (E.D. Mich. 2010) ........................................................... 17

*Kaass Law v. Wells Fargo Bank, N.A.,*
799 F.3d 1290 (9th Cir. 2015) ........................................................................... 17

*Kilopass Tech. Inc. v. Sidense Corp.,*
No. C 10-02066 SI, 2014 U.S. Dist. LEXIS 112321
(N.D. Cal. Aug. 12, 2014) .......................................................................... 13, 25

*Kinkeade v. Beard,*
No. 15-1375, 2017 U.S. Dist. LEXIS 153590
(E.D. Cal. Sep. 19, 2017) .................................................................................. 23

*Laguna Beach Cty. Water Dist. v. Superior Court,*
124 Cal. App. 4th 1453 (2004) ..................................................................... 7, 18

*Lucent Techs. Inc. v. Gateway, Inc.,*
No. CIV 02CV2060-B CAB, 2007 WL 1306535
(S.D. Cal. Apr. 27, 2007) .................................................................................. 20

*MarcTec, LLC v. Johnson & Johnson,*
664 F.3d 907 (Fed. Cir. 2012) .......................................................................... 24

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,*
420 F.3d 1369 (Fed. Cir. 2005) ........................................................................ 18

*Mentor H/S, Inc. v. Medical Device Alliance, Inc.,*
244 F.3d 1365 (Fed. Cir. 2001) ........................................................................ 20

*MGIC Indem. Corp. v. Moore,*
952 F.2d 1120 (9th Cir. 1991) .......................................................................... 17

*Microsoft Corp. v. i4i Ltd. P'ship,*
131 S. Ct. 2238 (2011) ........................................................................................ 9

*Miles v. State of Calif.,*
320 F.3d. 986 (9th Cir. 2003) ........................................................................... 15

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,*
134 S. Ct. 1749 (2014) ..................................................................................... 8, 9

*Oplus Techs., Ltd. v. Vizio, Inc.,*
782 F.3d 1371 (Fed. Cir. 2015) ................................................................... 11, 12

iv

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S**
**MOTION FOR ATTORNEYS' FEES**
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

*Overnite Transp. Co. v. Chi. Indus. Tire Co.*,
   697 F.2d 789 (7th Cir. 1983)................................................................17

*Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*,
   210 F.3d 1112 (9th Cir. 2000).............................................................16

*Pacing Techs., LLC v. Garmin Int'l, Inc.*,
   No. 12-CV-1067-BEN (JLB), 2014 U.S. Dist. LEXIS
   89567 (S.D. Cal. June 24, 2014)...........................................................8

*Phonometrics, Inc. v. Westin Hotel Co.*,
   350 F.3d 1242 (Fed. Cir. 2003).............................................................22

*Potter v. Crosswhite*,
   No. CV 09-814-PK, 2010 U.S. Dist. LEXIS 139615
   (D. Or. Dec. 2, 2010)..............................................................................19

*Raymond v. Blair*,
   No. 09-5507, 2012 U.S. Dist. LEXIS 47424
   (E.D. La. Apr. 4, 2012)...................................................................11, 12

*RFR Indus. v. Century Steps, Inc.*,
   477 F.3d 1348 (Fed. Cir. 2007).............................................................15

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
   402 F.3d 1198 (Fed. Cir. 2005).......................................................20, 21

*Shire LLC v. Amneal Pharms., LLC*,
   802 F.3d 1301 (Fed. Cir. 2015).............................................................9

*Smith v. Sentry Ins.*,
   674 F. Supp. 1459 (N.D. Ga. 1987)......................................................23

*SPH Am., LLC v. AT&T Mobility LLC*,
   No. 13-2318, 2017 U.S. Dist. LEXIS 110828
   (S.D. Cal. July 14, 2017).......................................................................16

*Star Nw., Inc. v. City of Kenmore*,
   280 F. App'x 654 (9th Cir. 2008) .........................................................16

*Sub Zero Franchising, Inc. v. Frank NYE Consulting, LLC*,
   No. 2:15-cv-821-BSJ, 2018 U.S. Dist. LEXIS 71474
   (D. Ut. Apr. 27, 2018)............................................................................22

*Tech. Props. Ltd. v. Cannon Inc.*,
   No. C 14-3640 CW, 2017 U.S. Dist. LEXIS 144204
   (N.D. Cal. Jan. 26, 2017)...............................................................11, 12

*Therasense, Inc. v. Becton, Dickinson & Co.*,
   745 F.3d 513 (Fed. Cir. 2014)...............................................................25

*TransPerfect Glob., Inc. v. Motionpoint Corp.*,
   No. C 10-2590 CW, 2014 U.S. Dist. LEXIS 159805
   (N.D. Cal. Nov. 13, 2014)......................................................................13

*Truesdell v. S. Cal. Permanente Med. Grp.*,
   151 F. Supp. 2d 1174 (C.D. Cal. 2001) ...............................................22

*Vasudevan Software, Inc. v. Microstrategy, Inc.*,
   No. 11-cv-06637-RS, 2015 U.S. Dist. LEXIS 110522
   (N.D. Cal. Aug. 19, 2015)..........................................................13, 14, 15

v

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S**
**MOTION FOR ATTORNEYS' FEES**
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

*Zambrano v. City of Tustin*,
  885 F.2d 1473 (9th. Cir. 1989)..................................................................24

**Statutes**

28 U.S.C. § 1927.........................................................................................passim

35 U.S.C. § 285..............................................................................15, 20, 24

35 U.S.C. § 282(a) ..............................................................................9

35 U.S.C. § 315(e)(2) ..........................................................................11

**Rules**

Fed. R. Civ. P. 60(b)(3) ..........................................................................20

Buchalter
A Professional Corporation
Irvine

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES**

BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

1  **I.     INTRODUCTION**

2      Plaintiffs Flowrider Surf Ltd. ("Flowrider")[1] and Surf Waves Ltd. ("Surf

3  Waves") were compelled to bring this litigation in response to Defendant Pacific

4  Surf Designs, Inc.'s ("PSD") advertising products it admits are "████████" of

5  Plaintiffs' valuable intellectual property assets.  Tache Decl., Ex. 1.  Plaintiffs

6  engaged in reasonable, if ultimately unsuccessful, litigation against an unreasonable

7  and vexatious opponent.  PSD has failed to meet its burden to justify attorneys' fees

8  or sanctions under any standard.

9      Plaintiffs' litigation of the '016 Patent does not begin to approach the

10  "exceptional case" standard.  Plaintiffs' decision to pursue the '016 Patent was

11  supported not only by the patent's file history, and presumption of validity, but also

12  Plaintiffs' own significant pre-filing due diligence.  PSD's arguments of

13  "unreasonableness" only serve to highlight its own improper conduct, which the

14  Court is required to consider.  PSD engaged in a pattern and practice of improper

15  litigation conduct including filing a meritless motion for leave to amend its

16  pleadings, noticing more than twice the allowed number of depositions, and

17  engaging in bad faith discovery tactics that resulted in the Court imposing monetary

18  sanctions on PSD.  The Court cannot find an "exceptional case" in these

19  circumstances.

20      PSD's arguments regarding the '589 Patent are even less supported.  PSD

21  ignores that, under Ninth Circuit precedent, they are not the prevailing party as to

22  the '589 Patent and therefore prohibited from seeking "exceptional case" fees.  PSD

23  goes on to impute motive to Plaintiffs' delayed production of the Sublicense

24  Agreement and Amalgamation in an effort to meet the high standard required to

25  impose sanctions for "vexatious" litigation.  Although required to do so, PSD cites

26  ――――――――――――――――

27  [1] Flowrider was amalgamated into Whitewater West Industries, Ltd.
   ("Whitewater"), and therefore no longer exists.  However, given that Flowrider
   remains a named plaintiff in this litigation, Plaintiffs will refer to Flowrider rather
28  than Whitewater.

1

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES**
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

no evidence of subjective bad faith because none exist.  The truth is far more benign:  Plaintiffs' counsel was not aware of either the Sublicense Agreement or Amalgamation until mid-October 2017.  As soon as counsel received the information, it was provided to PSD.  Plaintiffs reasonably believed that Whitewater could be substituted in as counsel for Flowrider, and cited cases to the Court supporting that proposition.  The Court disagreed and dismissed the '589 Patent only to have Whitewater immediately re-file its claims.  PSD cannot claim any prejudice from the dismissal and re-filing, particularly given its agreement that all significant work in this case would be applied in the subsequent litigation.  Thus, the Court should deny PSD's motion in its entirety.

## II.    STATEMENT OF FACTS

### A.    Facts Related To The '016 Patent

#### 1.    Plaintiffs' Assertion Of The '016 Patent Was Objectively Reasonable

The PTO file wrapper for the '016 Patent demonstrates that the Examiner, assigned to prosecution of the underlying application, identified five prior art patents he considered material to patentability.  Taché Decl. Ex. 2 at 65.  These five prior art patents resulted from a search within U.S. patent documents including the class and subclass of the '589 Patent.  *Id*. at 66.  Three of these five prior art patents were invented by Tom Lochtefeld, the inventor of the '589 Patent.  *Id*. at 65.  ***Despite the fact that the '589 Patent is within the same class and subclass as four of the five cited prior art patents and is also invented by Tom Lochtefeld, the Patent Examiner did not identify the '589 Patent as material to the patentability of the '016 Patent***.  *Id*.  The Examiner identified U.S. Patent No. 6,676,530 ("'530 Patent") as material to patentability of the '016 Patent, but never cited the '530 Patent, either alone or in combination with any of the other identified patents, as a basis for rejecting any of the claims of the '016 Patent.  *Id*. at 59-64.  The '016 Patent was allowed to issue over these five patents, including the '530 Patent and

2

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES

Case No. 3:15-cv-01879-BEN-BLM

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 33186503v6

1  without the '589 Patent being considered as material. *Id*. at 9.

2      Plaintiffs therefore had no reason to believe that the '589 Patent, whether

3  alone or in combination with other prior art patents, including the '530 Patent,

4  invalidated the '016 Patent. This is particularly true given that the '530 Patent was

5  expressly considered by the Examiner during the prosecution of the '016 Patent.

6      In addition, prior to filing the Complaint, Plaintiffs conducted substantial due

7  diligence.[2]  By way of example, Plaintiffs reviewed PSD's publicly-available

8  webpages and social media accounts including its Facebook, Twitter, and Instagram

9  pages to identify products believed to infringe the patents in suit. ECF No. 1, ¶ 15.

10      **2.    The Presence Or Lack Of Damages Is Irrelevant To The**

11            **Validity Of Plaintiffs' Entitlement To Injunctive Relief**

12      From the outset of this litigation, Plaintiffs have sought injunctive relief to

13  stop PSD's deliberate infringement of the asserted patents. PSD openly discussed

14  its intent to "███████" the Flowrider products that practice the '589 Patent, and to

15  copy the half-pipe design protected by the '016 Patent. Taché Decl. Ex. 1. (certain

16  PSD products are "████████████████████████████"").

17  Whether PSD sold hundreds of products that embody the '016 Patent or, as was

18  discovered, none, Plaintiffs are entitled to pursue injunctive relief to stop PSD's

19  infringing activities, including advertisement of infringing products.

20      PSD's claim that it expended additional fees, including expert fees, is

21  misleading. Plaintiffs' injunctive relief demand required expert reports with or

22  without damages. Plaintiffs were entitled to, and did, conduct discovery to

23  determine whether damages were appropriate for each patent at issue in this case.

24  PSD omits that it did not designate an initial expert on damages. PSD's rebuttal

25  expert on damages never submitted a rebuttal damages report. As such, Plaintiffs'

26  ─────────────────────
[2] Plaintiffs' counsel's Case Strategy Memorandum for this litigation is a bound
27  volume including more than 80 pages of analysis and 14 exhibits, much of which is
devoted to the '016 Patent, either directly or indirectly. The Memorandum is
28  subject to attorney work-product protections, but will be made available for *in camera* inspection upon the request of the Court. Taché Decl. ¶ 4.

3

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S**          Case No. 3:15-cv-01879-BEN-BLM
**MOTION FOR ATTORNEYS' FEES**
BN 33186503v6

1    reasonable efforts to confirm the lack of sales of accused products involving the

2    '016 Patent did not prejudice PSD.

3                    **3.    PSD Made No Legitimate Effort To Mitigate Fees**

4        PSD's purported efforts to mitigate fees relating to the '016 Patent through

5    the institution of an *inter partes* review ("IPR") proceeding grossly distort the facts.

6    For example, PSD attempts to demonstrate its "good faith" by providing Plaintiffs

7    with a copy of its IPR petition for the '016 Patent.  PSD provided a copy of its IPR

8    petition at ***7:50 p.m. on Friday***, July 15, 2016 announcing "PSD has made the

9    decision to file this IPR."  ECF No. 246-14 at 2.  The filing was presented as an

10   ultimatum, only avoidable if Plaintiffs' agreed to dismiss the '016 Patent by

11   ***Monday***, July 18, 2016.  *Id*.[3]

12       As Plaintiffs' explained in response, "[i]t is disingenuous at best to expect

13   [Plaintiffs] to evaluate complex legal and factual issues . . . to say nothing of having

14   to evaluate not one, but three, prior art references over a weekend in order to

15   reasonably determine the merits of [PSD's] proposed IPR." ECF No. 246-15 at 2.

16   Rather than provide Plaintiffs with reasonable time to evaluate PSD's proposed IPR

17   petition, PSD, true to its Friday after-hours threat, filed the IPR on Monday, and

18   concurrently filed a motion to stay in this Court.  ECF No. 64.

19       Even if PSD had provided Plaintiffs' time to evaluate the IPR petition before

20   filing, both this Court and the Patent Trial and Appeals Board ("PTAB") confirmed

21   that Plaintiffs would have had no reason to find PSD's IPR petition meritorious.

22   This Court denied PSD's request for a stay, finding that ***timing*** of PSD's petition

23   "suggested dilatory motives."  ECF No. 222 at 21:23-24 (citing ECF No. 80 at

24   4:24-5:10 (denying motion to stay based on dilatory conduct)).  More important, the

25   PTAB found that the ***substance*** of PSD's IPR petition (which PSD argues clearly

26   presented the invalidity of the '016 Patent) failed on its face.  ECF No. 246-13 at 7.

27   _____

    [3] PSD's supposed April 2017 attempt to resolve the case was a threat to file a Rule
28   11 motion.  ECF No. 246-17.  Emphasizing the baseless nature of the threat, PSD
     never followed through.

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S**        Case No. 3:15-cv-01879-BEN-BLM
**MOTION FOR ATTORNEYS' FEES**
BN 33186503v6

(PTO required to "exercise [its] discretion to recast the challenges presented in the Petition in view of the specific prior art and arguments actually relied upon for the challenged claims").[4]

### 4.    Plaintiffs' Positions Have Remained Consistent

Plaintiffs have been steadfast in their construction of the claim terms at issue for the '016 Patent.  PSD's accusations of inconsistencies are premised upon intentional mischaracterizations and misquotations of Plaintiffs' positions. Moreover, Plaintiffs agreed with the Court on every claim term construed.  ECF No. 88.  Consequently, no reason exists for Plaintiffs to stray from the Court's favorable construction either in this lawsuit or in the '016 Patent IPR.

First, PSD argues that in the '016 Patent IPR Plaintiffs took the position that "beyond being traversable, the sidewalls had to extend upward from all points on an edge", while having previously taken the position with the Court that the sidewalls had "[n]o other limitations."  ECF No. 246-1 at 14:3-5, 27:14-16.  This is false.  Plaintiffs' original claim construction was that of an "upwardly curved wall … extending from [an/another] edge of the middle section," which is consistent with Plaintiffs' later statements that the sidewall be directed upwardly from all points on an edge.  ECF No. 39 at 23:10-12.

Second, PSD alleges that in the IPR, Plaintiffs argued that the sidewalls had to extend along the entirety of the edge, despite previously arguing the opposite position before the Court.  ECF No. 246-1 at 16:11-20, 27:17-19.  This too is false. Plaintiffs have consistently argued that the sidewall is upwardly from an edge.  ECF No. 246-1 at 16:13-16; 16:21-27.  In so doing, Plaintiffs have consistently refuted PSD's construction that the sidewall is a "wall extending along the entire side of the activity section."  ECF No. 43 at 8:15-22.  Plaintiffs have never defined or limited

---

[4] Adding credence to Plaintiffs' belief that PSD's IPR for the '016 Patent was meritless, the PTAB refused to initiate PSD's IPR challenging the validity of the '589 Patent finding that "the Petition does not show a reasonable liklihoood that the Petitioner would prevail in establishing the unpatentability of any challenged claim."  Taché Decl., Ex. 3.

5

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE
BN 33186503v6

1    the edge in relationship to the entirety of the activity section.

2            Finally, PSD asserts that during the IPR, Plaintiffs argued that the '589

3    Patent does not show "opposite sidewalls", despite previously arguing that PSD's

4    Supertube product contained opposite sidewalls in its infringement contentions.

5    ECF No. 246-1 at 13:1-13; 26:1-14.  At best, this argument is highly misleading.

6    Prior to filing the Complaint, PSD had not sold or installed a Supertube.  As a

7    result, Plaintiffs' pre-filing due diligence and infringement contentions were, by

8    necessity, based upon conceptual images on PSD's website and the limited design

9    documents produced by PSD in response to initial discovery requests.

10           The images of the Supertube available to Plaintiffs appear to show two

11   opposite rideable walls, such that the Supertube would literally infringe one or more

12   claims of the '016 Patent.  ECF No. 1 ¶ 19.  Emphasizing the good faith nature of

13   Plaintiffs' litigation efforts, after Plaintiffs' conducted fact discovery, including the

14   deposition of PSD's co-founder, Richard Alleshouse, regarding the Supertube's

15   function and components, Plaintiffs promptly submitted a Joint Stipulation to

16   Amend Plaintiffs' Infringement Contentions and removed the Supertube as an

17   accused product under the '016 Patent.  ECF No. 214.  The evidence PSD cites in

18   support of its contentions is equally spurious.  PSD falsely characterizes Figure 4 of

19   the '589 Patent (which depicts a pre-'589 Patent design of a 1990's-era product

20   called a Retro Rider) as the same as the Supertube advertised by PSD as a

21   combination of a Flowrider-style sheet wave and a barreling sheet wave.  Taché

22   Decl. Ex. 4.

23       **B.    Facts Related To The '589 Patent**

24           Plaintiffs' counsel has, throughout this litigation, made every effort to

25   comply with all discovery rules, local rules, and ethical obligations.[5]  Taché Decl.

26
      _____

27   [5] The imposition of sanctions pursuant to 28 U.S.C. § 1927 is based on the conduct of *counsel*. *Id*.  As a result, the facts recited in this section of the brief deal solely with counsel's knowledge and conduct, and are not intended to either explicitly or implicitly reveal the content of any attorney-client communications.

28

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

¶ 7.  At the time this litigation was filed, the only applicable license agreement for the '589 Patent known to Plaintiffs' counsel was the January 31, 2014 license agreement between Surf Park PTE, Ltd. and Flowrider Surf, Ltd.  *Id.* ¶ 8.

In response to disclosure obligations and discovery requests, Plaintiffs' counsel produced on a rolling basis all responsive documents provided to counsel by Plaintiffs.  *Id.* ¶ 9.  On October 7, 2016, as part of the parties' joint statement to the Court, Plaintiffs' counsel represented that all responsive documents in Plaintiffs' possession, custody, or control had been produced to PSD.  ECF No. 94 at 9:3.[6]  At the time this representation was made, Plaintiffs' counsel believed this to be true.  Taché Decl. ¶ 10.

In or about mid-October 2016, Plaintiffs' counsel first learned of the Amalgamation.  Taché Decl. ¶ 11.  Plaintiffs' counsel was not involved with or had knowledge of the Amalgamation of Flowrider into its parent entity Whitewater West Industries, Ltd. ("Whitewater"), which occurred in accordance with Canadian law.  *Id.*

On October 21, 2016, Plaintiffs' counsel received, for the first time, documents including (i) the Certificate of Amalgamation, and (ii) the Sublicense Agreement from Whitewater.  Taché Decl., Ex. 5.[7]  Consistent with prior practice, Plaintiffs' counsel promptly began to produce these documents via rolling production that began on October 28, 2016 and ended on November 18, 2016, only four weeks after the documents were first transmitted to counsel.  *Id.* ¶ 13.

---

[6] PSD falsely states that the parties' joint statement (ECF No. 94) was filed on September 19, 2016.  It was actually submitted nearly three weeks later on October 7, 2016.  *See*, ECF No. 94.
[7] Transmission of non-privileged documents between counsel and client does not constitute privileged communication.  *Laguna Beach Cty. Water Dist. v. Superior Court*, 124 Cal. App. 4th 1453, 1458 (2004).

7

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES**
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

## III.    ARGUMENT

### A.    PSD's Motion Should Be Denied Without Prejudice Pending Resolution of Plaintiffs' Appeals

For the reasons set for the Plaintiffs' *ex parte* application, the Court should deny PSD's motion for attorney's fees without leave to amend or stay it until Plaintiffs' pending appeals are resolved.  ECF No. 248.[8]  ***This Court has found it appropriate to deny motions for attorneys' fees in circumstances identical to those present here***.  *Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-CV-1067-BEN (JLB), 2014 U.S. Dist. LEXIS 89567, *6 (S.D. Cal. June 24, 2014) (denying motion for fees where "[g]iven the nature of the appeal and the basis for Garmin's Motion, it is apparent that the appellate court's decision could have an impact on this Court's determination of whether this is an 'exceptional' case.").  The Court's rationale in *Pacing Techs* applies equally here.

### B.    The '016 Patent Litigation Does Not Meet The "Exceptional Case" Standard

"[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.  District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).  "While not providing a precise rule to apply, the Supreme Court suggested that district courts consider a 'nonexclusive list of factors, including frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'"  *Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, 122 F. Supp. 3d 1114, 1132 (D.N.M. 2015)

---

[8] Plaintiffs incorporate their *ex parte* application herein by reference.

8

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES**
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

(citing *Octane*, 134 S. Ct. at 1756 n.6). Plaintiffs' conduct here cannot be found to meet this standard.

1. **Plaintiffs' Assertion Of The '016 Patent Was Supported By The Patent's History And Pre-Filing Due Diligence**

"[W]here a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims." *Enovsys LLC v. AT&T Mobility LLC*, No. CV 11-5210 SS, 2016 U.S. Dist. LEXIS 87814, *22 (C.D. Cal. Feb. 16, 2016); see also *Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, No. 15-cv-02812-ODW(CWx), 2016 U.S. Dist. LEXIS 138593, *9 (C.D. Cal. Oct. 5, 2016). Plaintiffs' position regarding the '016 Patent was in good faith for several reasons.

The '016 Patent was presumed to be valid after completing prosecution in the United States Patent and Trademark Office ("PTO"). 35 U.S.C. § 282(a). Patent Examiners are assigned by the PTO to ensure that only valid patents are issued. *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2243 (2011) (Section 282 codified the common law presumption of validity based on "the basic proposition that a government agency such as the [PTO] was presumed to do its job."). Patent Examiners are assumed to have expertise in interpreting the prior art references in a patent application and to be familiar from their work with the level of skill in the art to which the applied-for invention relates. *Shire LLC v. Amneal Pharms., LLC*, 802 F.3d 1301, 1307 (Fed. Cir. 2015) (Patent Examiners "are assumed to have some expertise in interpreting the references and to be familiar from their work with the level of skill in the art and whose duty it is to issue only valid patents"). In addition to this presumption of validity, as set forth above, Plaintiffs conducted significant pre-filing due diligence relating to the '016 Patent.

As further evidence of the reasonableness of Plaintiffs' positions, during claim construction, the Court largely adopted Plaintiffs' positions. *See*, generally, ECF No. 88 and specifically at 13:21-23 ("Defendant's argument against Plaintiffs'

9

Buchalter
A Professional Corporation
Irvine

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

1    construction also ignores that the claims use the term '*an* edge of the middle

2    section,' rather than '*the* edge.'  The use of 'an' instead of 'the' suggests that the

3    edges are not strictly defined.").  And (despite PSD's misleading arguments to the

4    contrary), Plaintiffs took consistent claim construction positions before the PTAB.

5            In an effort to overcome these indicia of reasonableness, PSD relies heavily

6    on the PTAB's finding of invalidity of the asserted claims in the '016 Patent.

7    However, PSD's arguments do not actually cite to the PTAB's decision, instead

8    citing only PSD's own self-serving arguments from prior pleadings.  PSD then

9    concludes, without citation to the PTAB's decision, "[t]he PTAB's Final Decision

10   confirms that Plaintiffs' litigation positions regarding the '016 Patent were

11   exceptionally weak and that Plaintiffs' case was frivolous in view of the prior art."

12   ECF No. 246-1 at 19:1-3.  PSD's failure to cite the PTAB's decision is because the

13   PTAB found no such thing.  It simply disagreed with Plaintiffs and found in favor

14   of PSD.

15           The PTAB's decision does not warrant an exceptional case finding.  Parties

16   routinely have differing interpretations of a patent's validity and claim terms, and

17   one side will ultimately be on the losing end of a court's ruling.  *EON Corp. IP*

18   *Holdings LLC v. Cisco Sys.*, No. 12-cv-01011-JST, 2014 U.S. Dist. LEXIS 101923,

19   at *21 (N.D. Cal. July 25, 2014).  But this is not sufficient to find an "exceptional"

20   case under Section 285.  *Id*.  Instead, the Court must find that *no* reasonable

21   patentee would take the unsuccessful position.  *Id*.  (refusing to impose

22   "exceptional case" finding for a "stretched" interpretation of claim construction

23   because "the Court cannot quite conclude that *no* reasonable patentee could see an

24   opening in the Court's claim construction order through which the argument could

25   be squeezed.").

26           Further, the PTAB's decision that PSD demonstrated invalidity by a

27   "*preponderance of the evidence*" cannot justify a finding that Plaintiffs'

28   infringement positions before *this Court* were "exceptionally weak."  ECF NO.

10

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLAINTIFFS' OPPOSITION TO DEFENDANT'S        Case No. 3:15-cv-01879-BEN-BLM
MOTION FOR ATTORNEYS' FEES
BN 33186503v6

246-13, PTAB Decision at 58-59 (emphasis added).  The "preponderance of the

evidence" standard applied by the PTAB on questions of invalidity is "*substantially*

*lower*" than the "clear and convincing evidence" standard that must be applied by

this Court to determine the issue.  *In re Swanson*, 540 F.3d 1368, 1377 (Fed. Cir.

2008) ("In civil litigation, a challenger who attacks the validity of patent claims

must overcome the presumption of validity with clear and convincing evidence that

the patent is invalid. . . In PTO examinations and reexaminations, the standard of

proof--a preponderance of evidence--is substantially lower than in a civil case"

(citations omitted)).  This difference in legal standards is so substantial that a PTAB

finding of invalidity lacks any collateral estoppel effect on a district court

considering the same patent. *Communique Lab., Inc. v. Citrix Sys.*, 151 F. Supp. 3d

778, 801 (N.D. Ohio 2015) (denying preclusive effect of PTAB ruling holding "the

difference in purpose, procedures, evidence, and standards of proof between the

two forums on the issue of invalidity do not support a finding that the first and

second element of issue preclusion are satisfied."); *Illumina, Inc. v. Qiagen N.V.*,

207 F. Supp. 3d 1081, 1089 (N.D. Cal. 2016) (application of PTAB finding of

invalidity to district court proceeding is likely precluded by statute, "Although this

order need not conclusively resolve the issue of estoppel at this stage, Illumina is

unlikely to prevail in displacing the statutory design of Section 315(e)(2)  in favor

of the common law.").

Given this significant difference in legal standards, it is not surprising that

none of the cases PSD relies upon involve a PTAB ruling as evidence of a "weak

case." *See*, *Raymond v. Blair*, No. 09-5507, 2012 U.S. Dist. LEXIS 47424, at *7-8,

13-14 (E.D. La. Apr. 4, 2012) (claims voluntarily dismissed following filing of

motions to dismiss and Rule 11 letter in district court); *Tech. Props. Ltd. v. Cannon*

*Inc.*, No. C 14-3640 CW, 2017 U.S. Dist. LEXIS 144204, *12-13 (N.D. Cal. Jan.

26, 2017) (district court granted summary judgment of non-infringement); *Oplus*

*Techs., Ltd. v. Vizio, Inc.*, 782 F.3d 1371, 1372 (Fed. Cir. 2015) (district court

11

granted summary judgment of non-infringement); *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1549 (Fed. Cir. 1989) (jury verdict of invalidity).

Moreover, each of the cited cases is factually distinguishable. *Raymond*, 2012 U.S. Dist. LEXIS 47424 at *13-14 (plaintiffs ignored public statements, including affidavits, that products had been in commerce years prior to the patent application, and a motion to dismiss on that basis); *Tech. Props.*, 2017 U.S. Dist. LEXIS 144204 at *8-9 (plaintiffs ignored warning from the court that accused products likely did not infringe and ITC ruling contradicting plaintiffs' claim construction); *Oplus*, 782 F.3d at 1374-75 (detailing pattern of "discovery abuses, unprofessionalism, and changing litigation positions" such that "[e]ven Oplus's counsel 'agree[s] that [the misconduct was] quite severe.'"); *Beckman*, 892 F.2d at 1551 (plaintiff engaged in strategy of vexatious litigation including violating injunction and asserting, and then withdrawing, multiple baseless claims).  PSD has not, and cannot present evidence of any such course of conduct here.  There were no public statements that would indicate the '016 Patent was invalid, no ignored warnings from the Court or indications from other tribunals, and no pattern of misconduct.

In sum, Plaintiffs' reasonably pursued a claim for infringement of the '016 Patent given the patent's presumed validity, pre-filing due diligence, and affirmation of its claim construction position.  In these circumstances, the fact that PSD prevailed on the '016 Patent at the PTAB does not support an "exceptional case finding."

## 2. Plaintiffs' Litigation Conduct Regarding The '016 Patent Was Reasonable

Without citing any particular criteria with which to measure "unreasonableness," PSD argues that Plaintiffs' conduct meets that unspoken standard because (i) Plaintiffs' refused to dismiss the '016 Patent by Monday when

12

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

presented with a draft IPR petition on a Friday night, and (ii) Plaintiffs' exercised
their legal right to pursue injunctive relief to stop PSD's infringing activities
whether or not damages were present.  Neither of these actions rises to the level of
an "exceptional case" finding.

"[M]erely taking an aggressive stance while positing stretched or
unsuccessful infringement theories does not, without more, warrant fee-shifting."
*Vasudevan Software, Inc. v. Microstrategy, Inc.*, No. 11-cv-06637-RS, 2015 U.S.
Dist. LEXIS 110522, at *16 (N.D. Cal. Aug. 19, 2015); see also *TransPerfect
Glob., Inc. v. Motionpoint Corp.*, No. C 10-2590 CW, 2014 U.S. Dist. LEXIS
159805, at *23-25 (N.D. Cal. Nov. 13, 2014) (finding "frivolous arguments" and
other missteps, only some of which were inadvertent, too minor to justify a fee
award).  Actions taken without bad faith, or minor litigation transgressions, "fall[]
short of conduct justifying an award of attorneys' fees." *TransPerfect Glob., Inc. v.
Motionpoint Corp.*, No. C 10-2590 CW, 2014 U.S. Dist. LEXIS 159805, at *23-25
(N.D. Cal. Nov. 13, 2014) (denying "exceptional case" finding).

Faced with a company who freely admitted its intent to slavishly copy
Plaintiffs' products that practice the '016 Patent, Plaintiffs can hardly be faulted for
vigorously pursuing their infringement claims.  Taché Decl. Ex. 1.  (certain PSD
products are "███████████████████████████████████████████").

Further, the conduct Plaintiffs are accused of falls far short of the
sanctionable actions that existed in the cases relied upon by PSD.  *Kilopass Tech.
Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2014 U.S. Dist. LEXIS 112321, *49-50
(N.D. Cal. Aug. 12, 2014) (plaintiff's "pre-filing investigation essentially consisted
of getting an opinion from one counsel that there was no literal infringement and
getting an incomplete opinion from a different counsel as to infringement under the
doctrine of equivalents" and plaintiff "shift[ed] its theories of infringement late in
the litigation and without following the proper procedures for amendment of
contentions, and engag[ed] in conduct that at times amounted to gamesmanship.");

13

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

*Beckman*, 892 F.2d at1551 (finding exceptional case where plaintiff "deliberately and repeatedly violated the permanent injunction," and examples of vexatious conduct including asserting and then dropping meritless counterclaims and defenses). Even under PSD's version of events no such comprehensive pattern of misconduct has occurred here.

Moreover, in determining whether alleged conduct rises to the level of an "exceptional case," the court must consider the overall tenor of the litigation, *including the conduct of the prevailing party. Vasudevan Software, Inc.*, 2015 U.S. Dist. LEXIS 110522 at *19 ("On balance, however, such behavior may reasonably be interpreted as part of [plaintiff's] good-faith effort to advance its position in the face of [defendant's] vigorous and equally fervent defense. [Defendant] engaged in maneuvers that likewise teetered on the border between zealous and antagonistic, and significantly prolonged the litigation. Especially within this context, [plaintiff's] manner of litigation was not sufficiently egregious to justify fee-shifting"). A select few examples of PSD's conduct that went well beyond "the border between zealous and antagonistic" include (i) a groundless motion for leave to amend (ECF No. 98 (denying motion for leave to amend based on PSD's lack of diligence)) (ii) an improper motion to compel that resulted in the Court sanctioning PSD (ECF No. 175 at 16:10-14 ("Defendant . . . filed an untimely motion to compel irrelevant, duplicative, and confidential documents, which are not proportional to the needs to the needs of this case"); No. 217 (imposing $16,168.50 in sanctions)); and (iii) noticing more than double the permissible number of depositions. Taché Decl. Ex. 6.

Even PSD's example of how it provided Plaintiffs' a copy of its IPR petition exemplifies PSD's own unreasonable conduct. PSD sent Plaintiffs its IPR petition at ***7:50 p.m. on Friday***, July 15, 2016 as an ultimatum, demanding that Plaintiffs agree to dismiss the '016 Patent by ***Monday***, July 18, 2016 or else it would file its IPR petition. ECF No. 246-14 at 2. True to its Friday after-hours threat, filed the

14

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES**
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

1    IPR on Monday, and concurrently filed a motion to stay in this Court.  ECF No. 64.

2    Plainly, PSD had no intention to discuss the issues or withhold filing.

3        Both this Court and the PTAB confirmed that Plaintiffs had no reason to

4    believe PSD's IPR petition was meritorious.  This Court denied PSD's request for a

5    stay, finding that *timing* of PSD's petition "suggested dilatory motives."  ECF No.

6    222 at 21:23-24 (citing ECF No. 80 at 4:24-5:10 (denying motion to stay based on

7    dilatory conduct)).  More important, the PTAB found that the *substance* of PSD's

8    IPR petition (from which PSD argues clearly presented the invalidity of the ''016

9    Patent) failed on its face.  IPR2016-01454, Decision, Paper No. 9 at 6-7 (IPR

10   petition invalid but for PTAB's decision to "exercise [its] discretion to recast the

11   challenged presented in the Petition in view of the specific prior art and arguments

12   actually relied upon for the challenged claims").

13       Plaintiffs' conduct in this case was wholly reasonable under the

14   circumstances.  Even under PSD's skewed recollection of events, Plaintiffs can be

15   accused of, at most, "an aggressive stance," as part of its "good-faith effort to

16   advance its position."  *Vasudevan Software, Inc.*, 2015 U.S. Dist. LEXIS 110522 at

17   *19.  That Plaintiffs' conduct does not warrant sanctions is particularly true given

18   PSD's own bad faith litigation conduct.  Thus, the Court should deny PSD's motion

19   for an "exceptional case" finding on the '016 Patent.

20   **C.    PSD Is Not The "Prevailing Party" As To The '589 Patent**

21       To recover costs under Section 285, a defendant must be the "prevailing

22   party."  *RFR Indus. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007)

23   ("By its terms, [Section 285] requires that the recipient of attorney fees be a

24   'prevailing party.'")  PSD is not a prevailing party as to the '589 Patent.

25       Under both Ninth Circuit and Federal Circuit law, a defendant is not

26   considered the "prevailing party" when dismissal is mandated by a lack of subject

27   matter jurisdiction.  *Miles v. State of Calif.*, 320 F.3d 986, 988 (9th Cir. 2003)

28   (attorneys' fees may not be awarded where an underlying claim is dismissed for

15

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

lack of subject matter jurisdiction, for in that case the dismissed party is not a 'prevailing party.'"); *SPH Am., LLC v. AT&T Mobility LLC*, No. 13-2318, 2017 U.S. Dist. LEXIS 110828 at *9-10 (S.D. Cal. July 14, 2017) (denying fees under the Patent Act where claims dismissed for lack of standing); *Star Nw., Inc. v. City of Kenmore*, 280 F. App'x 654, 658 (9th Cir. 2008) ("the district court should not have considered the [defendant] the prevailing party with respect to [claims dismissed without prejudice] for purposes of calculating attorneys' fees and costs.").

Flowrider's claims related to the '589 Patent were dismissed without prejudice for lack of subject matter jurisdiction.  ECF No. 222.  Thus, PSD is not the "prevailing party," and cannot recover fees under Section 285 relating to the '589 Patent.

**D.    The Litigation Of The '589 Patent Does Not Meet The Standards Required To Impose Sanctions Under 28 U.S.C. § 1927**

**1.    Imposition of Sanctions Under 28 U.S.C. § 1927 Requires A Finding Of Subjective Bad Faith**

A federal court may base an order of sanctions on authority granted by 28 U.S.C. § 1927, which states, in pertinent part, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  Thus, "Section 1927 authorizes the imposition of sanctions against any lawyer who wrongfully proliferates litigation proceedings once a case has commenced."  *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 2000).  In that Section 1927 requires that an attorney's multiplication of proceedings be both "unreasonable" and "vexatious[]," the conduct of the attorney in question must have been somehow wrongful.  *Id*. at 1118 ("The imposition of sanctions under § 1927 requires a finding of bad faith").  Because of its penal nature, Section 1927

16

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES

BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

has been strictly construed to impose sanctions "in response to 'a serious and studied disregard for the orderly process of justice.'"  *Overnite Transp. Co. v. Chi. Indus. Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983).

Courts in the Ninth Circuit "assess an attorney's bad faith under a subjective standard."  *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1122 (9th Cir. 1991); see *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435-36 (9th Cir. 1996).  Thus, "counsel must have a culpable state of mind" for conduct to be sanctionable.  *Baneth v. Planned Parenthood*, No. c-94-0870 DLJ, 1994 U.S. Dist. LEXIS 6711, *10, 1994 WL 224382, *3 (N.D. Cal. 1994) (citations omitted).[9]

## 2.    Plaintiffs' Delayed Production Of Documents Does Not Constitute Subjective Bad Faith Or Recklessness

PSD argues that Plaintiffs' counsel's conduct meets the Section 1927 standard for two main reasons (i) Plaintiffs delayed production of the Whitewater Sublicense, and (ii) Plaintiffs delayed disclosure of the Amalgamation of Flowrider into Whitewater.  While PSD repeatedly attempts to impute motive to Plaintiffs' counsel, aside from the fact of the delay itself, PSD provides no evidence of any intentional misconduct or bad faith on behalf of Plaintiffs because none exists.[10]

As set forth above, Plaintiffs' counsel promptly disclosed all relevant information to PSD as soon as it was made available to them.  On October 7, 2016, Plaintiffs' counsel represented to the Court that all responsive documents had been produced.  ECF No. 94 at 9:3.  At the time, Plaintiffs' counsel believed this to be

---

[9] Section 1927 also requires that the moving party specify the specific attorney who engaged in the alleged misconduct.  *Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015) (Section 1927 applies only to individuals, finding "[t]he district court abused its discretion when it imposed sanctions against a law firm pursuant to 28 U.S.C. § 1927" ).  Failure to do so is grounds for denial of sanctions.  *Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.*, 711 F. Supp. 2d 795, 797-98 (E.D. Mich. 2010) (Denying motion under § 1927 for failure to identify specific attorney or attorneys against whom sanctions are sought.).  PSD fails to make any such specification, requiring denial of its motion.
[10] PSD lists a series of purported improper actions, each of which is addressed in the Declaration of Rick Taché.  *See*, Taché Decl. ¶ 15.

17

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

true.  On October 21, 2016, Plaintiffs' counsel received, for the first time, documents including (i) the Certificate of Amalgamation, and (ii) the Sublicense Agreement from Whitewater.  Taché Decl., Ex. 5.[11]  Plaintiffs' counsel immediately began to produce these documents via rolling production that began on October 28, 2016 and ended on November 18, 2016, only four weeks after the documents were first transmitted to counsel.  *Id*. ¶ 13.  Thus, no basis exists for the Court to conclude that Plaintiffs' counsel acted in bad faith.

Next, PSD incorrectly argues that if, as was the case, Plaintiffs' counsel was unaware of the Sublicense Agreement at the time the Complaint was filed that lack of knowledge is itself sanctionable.  ECF No. 246-1 at 21:7-11 (citing *Dig. Empire Ltd. v. Compal Elecs. Inc. Grp.*, No. 14cv1688 DMS (KSC), 2015 U.S. Dist. LEXIS 187449 (S.D. Cal. Dec. 11, 2015).[12]  This is incorrect.  "The adequacy of [a plaintiff's] prefiling investigation is irrelevant to the section 1927 inquiry."  *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1382 (Fed. Cir. 2005) (quoting *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d at 435 (Section 1927 "applies only to unnecessary filings and tactics once a lawsuit has begun.")); *Chavez v. Northland Grp.*, No. CV-09-2521-PHX-LOA, 2011 U.S. Dist. LEXIS 10113, at *18 (D. Ariz. Feb. 1, 2011) ("Even assuming that K&M filed the claims in this action in bad faith and with full knowledge that they lacked merit, such conduct would not be sanctionable under Section 1927"); *Potter v. Crosswhite*, No. CV 09-814-PK, 2010 U.S. Dist. LEXIS 139615, at *18 (D. Or.

---

[11] Transmission of non-privilege documents between counsel and client does not constitute a privileged communication. *Laguna Beach Cty. Water Dist. v. Superior Court*, 124 Cal. App. 4th 1453, 1458 (2004).

[12] Unlike Plaintiffs, PSD's conduct tracks the behavior sanctioned in *Dig. Empire*. PSD "filed a groundless motion for leave to amend," (ECF No. 98), an improper motion to compel (ECF No. 175 (denying motion), No. 217 (imposing sanctions)), and, in related litigation, "refused to participate in the filing of a joint discovery motion, which required Defendants to file an *ex parte* motion." (*Whitewater v. Alleshouse, et al*, No. 17-cv-00501, ECF No. 41 (noting Defendants' refusal to participate in Joint Motion process), No. 43 (granting motion to compel, noting PSD's filing of a non-joint opposition)). *Dig. Empire*, 2015 U.S. Dist. LEXIS 187449 at *21.

18

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES

Case No. 3:15-cv-01879-BEN-BLM

BN 33186503v6

1  Dec. 2, 2010) (same).

2      In fact, courts have refused to impose sanctions in exactly those

3  circumstances.  In *Barber v. Miller*, 146 F.3d 707 (9th Cir. 1998), plaintiff's

4  counsel *affirmatively pled* that the plaintiff did not own the patent at issue and had

5  transferred it to a third party.  *Id*. at 708.  Despite being provided with authority that

6  plaintiff lacked standing, plaintiff's counsel re-pled the claim in plaintiff's amended

7  complaint.  *Id*. at 709.  In response, "the district court commented on [counsel's]

8  'tactical bad faith' and suggested that his was a nuisance suit brought to extract a

9  settlement," and the complaint was dismissed *with prejudice*.  *Id*.   Despite this

10  history, the district court declined to find that plaintiff's counsel acted with

11  recklessness or bad faith and the Ninth Circuit refused to impose Section 1927

12  sanctions.  *Id*. at 711.

13      Similarly, and emphasizing Section 1927's requirement of *subjective* bad

14  faith, in *Fink v. Gomez*, 39 F. Supp. 2d 1225 (C.D. Cal. 1999), the court found that

15  the attorney "acted with reckless disregard for the truth, which rose to the level of

16  *objective* bad faith."  *Id*. at 1226 (emphasis added).  Still, the Court found this was

17  insufficient to impose sanctions.  *Id*.  (refusing to impose sanctions "where counsel

18  is found to be in *objective* bad faith, but the court is unable to make a determination

19  regarding *subjective* bad faith."  (emphasis added)).

20      Here, there is no such showing.  As soon Plaintiffs' counsel discovered the

21  Amalgamation and Sublicense Agreement they were produced to PSD.  Further,

22  unlike *Barber*, where the plaintiff lacked any standing whatsoever, this case was

23  immediately taken up by Flowrider's parent company, Whitewater, who continues

24  to pursue its meritorious infringement claims against PSD.  Thus, PSD cannot

25  demonstrate that Plaintiffs engaged in bad faith.

26      **3.    Plaintiffs' Arguments Regarding Standing Were Reasonable**

27      Plaintiffs' arguments regarding standing were not only reasonable, but well-

28  supported by numerous cases standing for the proposition that a Court may add or

19

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

substitute a party to cure standing defects. *See*, ECF No. 117 at 21:1-22:22.[13] While the Court ultimately rejected Plaintiffs' arguments, that is insufficient to support a finding of bad faith. *EON Corp. IP Holdings LLC*, 2014 U.S. Dist. LEXIS 101923 at *21-22 (Refusing to find "exceptional case" or impose sanctions under Section 1927 where "[plaintiff's] argument is, in the Court's view, quite stretched" but "the court cannot quite conclude that *no* reasonable patentee would" make the argument.). Thus, the Court cannot conclude that Plaintiffs' position was taken in bad faith or was reckless.

### 4.    The Cases Relied On By PSD Are Inapplicable Or Easily Distinguishable

Attempting to avoid the high standard required to impose Section 1927 sanctions, PSD primarily relies on cases that do involve Section 1927 at all. *See*, *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1205-06 (Fed. Cir. 2005) (imposing non-monetary sanctions under Fed. Rule Civ. Proc. 60(b)(3) without reference to Section 1927 or a finding of subjective intent); *Deep Sky Software, Inc. v. Southwest Airlines Co.*, No. 10-cv-1234-CAB-KSC, 2015 U.S. Dist. LEXIS 180625 (S.D. Cal. June 1, 2015) (finding "exceptional case" under 35 U.S.C. § 285 without addressing Section 1927 or subjective bad faith).

---

[13] Citing *Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 244 F.3d 1365, 1373 (Fed. Cir. 2001) (permitting a patentee to be joined under Rule 21 instead of dismissing the plaintiff for lack of standing on appeal because the defendant had already been able to obtain discovery from the patentee's principals and there was no prejudice to the defendant in joining the patentee as a plaintiff to remedy plaintiff's lack of standing); *Lucent Techs. Inc. v. Gateway, Inc.*, No. CIV 02CV2060-B CAB, 2007 WL 1306535, at *4 (S.D. Cal. Apr. 27, 2007) (*citing Mentor H/S*, 240 F.3d at 1019); *Ergo Licensing, LLC v. Carefusion 303, Inc.*, No. CIV 08-259-P-S, 2010 WL 2287472, at *4-5 (D. Me. June 1, 2010), *aff'd*, No. CIV08-259-P-S, 2010 WL 2651571 (D. Me. June 25, 2010) (adding patentee as co-plaintiff under Rule 19 after the close of discovery to cure standing issue and noting that the lawsuit would have been unchanged had the patent owner been a named plaintiff from the start); *Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. CV 15-228-RGA, 2016 WL 3186890, at *5 (D. Del. June 3, 2016) (giving plaintiff time to join patentee because plaintiff was not given "all substantial rights" to have standing to sue under the relevant license agreement before dismissing case without prejudice)).

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES**          Case No. 3:15-cv-01879-BEN-BLM

BN 33186503v6

1    Aside from being legally inapplicable, *Schreiber* is also factually
2  distinguishable.  The attorney in *Schreiber* knew of and failed to disclose to the
3  court material issues related to mootness and standing, including a material false
4  statement by a witness, until after trial and entry of judgment requiring the
5  judgment to be vacated and a new trial ordered.  *Id*. at 1205-06.   Here, Plaintiffs
6  promptly disclosed all information regarding the Sublicense Agreement and the
7  Amalgamation as soon as that information was made available to counsel.
8  Moreover, when the '589 Patent was dismissed from this case, Plaintiffs' counsel
9  immediately re-filed the claims on behalf of Whitewater, and all discovery,
10  depositions, the Protective Order, and the Court's Claim Construction Order, as it
11  relates to the '589 Patent, were applied to the new case.

12    Similarly inappropriate is PSD's attempt to analogize the attorney's failure in
13  *Schreiber* to disclose knowledge of false testimony to a typographical error in
14  witness declarations stating they were employed by their former employer,
15  Flowrider Surf ***Ltd.*** rather than their current employer, Flowrider, ***Inc***.  Plaintiffs
16  had nothing to gain and no intent to conceal the proper employers of its witnesses
17  or the corporate status of Flowrider Surf. Ltd.  ECF No. 126-2 (Myrman Decl.
18  explaining use of Ltd. vs. Inc. was an inadvertent error); 126-3 (Thatcher Decl.
19  stating same).  Moreover, the witnesses' employing entity had no impact on the
20  content of the declarations themselves, which remain true and uncontested.

21    The few cases PSD relies on where Section 1927 was actually addressed are
22  easily distinguished.[14]  See, *Fagundes v. Charter Builders, Inc.*, No. C 07-1111,
23  2008 U.S. Dist. LEXIS 9617,*12 (N.D. Cal. Jan. 29, 2008)  (imposing Section 1927
24  sanctions where "[a]s a direct result of counsel's failure [to follow court's explicit
25  instruction] Defendant has been forced to *relitigate an issue* that could easily have
26  been resolved." (emphasis added)); *Phonometrics, Inc. v. Westin Hotel Co.*, 350

27  ─────────────
[14] PSD's improper reliance on *Dig. Empire Ltd. v. Compal Elecs. Inc. Grp.*, No.
28  14cv1688 DMS (KSC), 2015 U.S. Dist. LEXIS 187449 is discussed above at
§ III(D)(2).

21

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES**
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

F.3d 1242, 1247-48 (Fed. Cir. 2003) (finding claim "frivolous" where "Phonometrics 'continued to litigate this case knowing that its claim could not meet the standard for infringement'" (citations omitted)); *Sub Zero Franchising, Inc. v. Frank NYE Consulting, LLC*, No. 2:15-cv-821-BSJ, 2018 U.S. Dist. LEXIS 71474, *4-7 (D. Ut. Apr. 27, 2018) (imposing sanctions where plaintiff's counsel filed the claim "without any objectively reasonable basis for the allegation that Sub Zero was the owner of the right to enforce the [patent at issue]," and based on assignment agreements "drafted by [sanctioned counsel]" that "were legally invalid.").

None of Plaintiffs' alleged conduct even approaches the level of misconduct required to impose sanctions under these cases.  Plaintiffs did not refuse or fail to follow any instruction from the Court, and PSD has pointed to no issue that had to be "relitigated" as a result of the delayed production of the Sublicense Agreement or Amalgamation, or because of Plaintiffs' argument that Whitewater should be substituted as a plaintiff.  The substance of Plaintiffs' infringement claims for the '589 Patent has never been called into question, nor can it be where PSD openly admitted its intent to "knock off," Plaintiffs' products that practice the '589 Patent. And, Flowrider's allegation that it was the proper plaintiff to assert the '589 Patent was based on its status as the exclusive licensee of the '589 Patent, under the only agreement that was known to counsel at the time of filing.  Thus, the Court should deny PSD's request for sanctions under Section 1927.

## 5.    Proceedings Were Not Multiplied and PSD Was Not Prejudiced

Section 1927 authorizes sanctions only for the multiplication of proceedings.  *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d at 435; *Truesdell v. S. Cal. Permanente Med. Grp.*, 151 F. Supp. 2d 1174, 1186 (C.D. Cal. 2001) ("Section 1927 sanctions may be an award of reasonable attorneys' fees, but an attorney may be ordered to pay only 'excess' costs resulting from improper

22

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

conduct." (citations omitted)). Accordingly, a complaining party is required to show prejudice in order to recover Section 1927 sanctions. *Kinkeade v. Beard*, No. 15-1375, 2017 U.S. Dist. LEXIS 153590, at *11 (E.D. Cal. Sep. 19, 2017) ("While defendant's counsel has been inconvenienced frequently by the actions of plaintiff's counsel, no prejudice sufficient to impose sanctions has been demonstrated"); *see also*, *Smith v. Sentry Ins.*, 674 F. Supp. 1459, 1463 (N.D. Ga. 1987) (denying Section 1927 sanctions where "[t]here is no evidence of prejudice to the defendants."). PSD has failed to demonstrate what proceedings were "multiplied" or how it was "prejudiced" here.

Assuming, *arguendo*, that Plaintiffs had disclosed the Sublicense Agreement assigning Flowrider's rights in the '589 Patent to Whitewater, this case would still have been filed, but with Whitewater as the Plaintiff. Similarly, the Amalgamation serves to do nothing more than have Whitewater step into Flowrider's shoes as the plaintiff. Indeed, this is precisely what Plaintiffs attempted to accomplish through their motion to substitute plaintiff (ECF No. 106), and exactly what happened after the Court found that Flowrider lacked standing. Whitewater promptly re-filed claims related to the '589 Patent in its own name. Even if Whitewater had originally been the named plaintiff, all discovery, depositions, the Protective Order, and the Court's Claim Construction Order would have been the same as evidenced by PSD's agreement to apply proceedings from this case in the subsequent litigation. No. 17-cv-01118 BEN BLM, ECF No. 21 at 11:18-19 ("Defendants agree that all discovery in th[is action] should apply in the [Subsequent Action]."). Accordingly, the Court should deny sanctions under Section 1927 because there has been no multiplication of the proceedings, and PSD has not been prejudiced.

**E.    PSD Has Presented No Justification For The Court To Award Fees And Non-Taxable Costs Under The Court's Inherent Power**

Defendants also seek sanctions pursuant to the Court's "inherent power." However, such sanctions are limited to *extreme cases*. As the

23

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

1   Federal Circuit has explained, "[u]se of this inherent authority is reserved for cases
2   where the district court makes a finding of fraud or bad faith whereby the very
3   temple of justice has been defiled." *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d
4   907, 921 (Fed. Cir. 2012). There must be "a finding of fraud or abuse of the
5   judicial process before a trial court can invoke its inherent sanctioning power to
6   impose expert witness fees." *Amsted Indus. Inc. v. Buckeye Steel Castings Co*., 23
7   F.3d 374, 378 (Fed. Cir. 1994).

8           The Court cannot exercise its inherent authority where the defendant has not
9   established entitlement to fees under a lower standard such as 35 U.S.C. § 285 or 28
10  U.S.C. § 1927. *EON Corp. IP Holdings LLC*, 2014 U.S. Dist. LEXIS 101923 at
11  *23 ("Since Defendants have not demonstrated that they have satisfied the lower
12  bar for sanctions under the Patent Act, the Court also concludes that Defendants
13  have not met the considerably higher bar for sanctions under either 28 U.S.C. §
14  1927 or the Court's inherent authority."). As set forth above, PSD has not
15  demonstrated an entitlement to sanctions under either of the lower burdens imposed
16  by 35 U.S.C. § 285 (for the '016 Patent) or 28 U.S.C. § 1927 (for the '589 Patent).
17  Thus, the Court cannot impose sanctions under the higher burden required for
18  sanctions under its inherent authority.

19          Even if the Court were to find "exceptional" or "bad faith" conduct, PSD has
20  presented no evidence that Plaintiffs *intended* to mislead the Court or PSD as
21  required for the exercise of the Court's inherent authority. *See Fink v. Gomez*, 239
22  F.3d at 992 (inadvertent conduct "does not demonstrate the improper purpose or
23  intent required for inherent power sanctions"); *Zambrano v. City of Tustin*, 885
24  F.2d 1473, 1484-85 (9th. Cir. 1989) (holding that district court may not sanction
25  mere "inadvertent" conduct, and reversing sanctions due to lack of intent). Thus,
26  sanctions under the Court's inherent power must be denied.

27

28          **F.      PSD Is Not Entitled To Its Attorneys' Fees For the '016** *Inter*

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

*Partes* **Review Proceeding**

In *Deep Sky Software, Inc. v. Sw. Airlines Co.*, No. 10-cv-1234-CAB (KSC), 2015 U.S. Dist. LEXIS 178030 (S.D. Cal. Aug. 19, 2015),[15] the Court awarded fees related to an IPR proceeding "under the unique circumstances of [that] case." *Id.* at *6. Those unique circumstances were (i) defendant's non-dilatory filing of a IPR petition, and (ii) the parties' joint motion to stay the case pending resolution of the IPR. *Id.* at *2. This allowed the IPR to "substitute[] for work that would otherwise have been done before this court." *Id.*

The circumstances here are not so unique. The Court denied PSD's request for a stay, because their two-year delay in filing the IPR "suggested dilatory motives" and the claims related to the '016 Patent proceeded in this Court and the PTO simultaneously for months. ECF No. 222 at 21:23-24 (referring to ECF No. 80 at 4:24-5:10). PSD's claim for fees related to the IPR of the '016 Patent should be denied based not only upon its delayed filing, but that PSD failed to present any cases (other than the unique circumstances in *Deep Sky*) supporting the basis for its request. *See, e.g., Intellect Wireless, Inc. v. HTC Corp.*, No. 09 C 2945, 2015 U.S. Dist. LEXIS 2864, *28, 2015 WL 136142, at *9 (N.D. Ill. Jan. 8, 2015) ("To the extent the present fee petition contains time for work before the USPTO, such time should not be included in the fee award.").

## IV.  **CONCLUSION**

For the foregoing reasons, the Court should deny PSD's motion for attorneys' fees in its entirety.

---

[15] PSD's request for attorneys' fees related to the *inter partes* review proceeding on the '016 Patent is based primarily on cases that have nothing to do with fees for *inter partes* review. *See, Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 516 (Fed. Cir. 2014 (noting general rule that appellate fees are included in fee awards); *Drone Techs., Inc. v. Parrot S.A.*, No. 2:14-cv-00111-AJS, 2015 U.S. Dist. LEXIS 98829, at *10 (W.D. Pa. July 21, 2015) (referring to fees for "all stages of the litigation," from the complaint through through post-trial briefing); *Kilopass Tech.*, 82 F. Supp. 3d at 1172 (although an *inter partes* review occurred, Sidense did not seek fees for it).

25

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

DATED:  June 11, 2018

BUCHALTER
A Professional Corporation


By: _/s/Roger L. Scott_
　　　　　 J. Rick Taché
　　　　　 Roger L. Scott
　　　　　 Erikson C. Squier
　　　　 Attorneys for Plaintiffs
　 Flowrider Surf, Ltd. and Surf Waves, Ltd.

26

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S**
**MOTION FOR ATTORNEYS' FEES**
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 11, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

*/s/Roger L. Scott*
Roger L. Scott

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES
BN 33186503v6

Case No. 3:15-cv-01879-BEN-BLM