

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOWRIDER SURF, LTD., a Canadian corporation, and SURF WAVES, LTD., a company incorporated in the United Kingdom,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC.,<br><br>Defendant. | Case No.: 3:15-cv-01879-BEN-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO FILE UNDER SEAL**<br><br>[Doc. No. 263] |

Defendant Pacific Surf Designs, Inc. ("PSD") has moved to file under seal Exhibits Z, BB, and CC to the Supplemental Declaration of Charanjit Brahma and its Reply in support of PSD's Motion for Attorneys' Fees. (Doc. No. 246.)

The exhibits PSD seeks to file under seal consist of copies of two email exchanges and a copy of a Settlement Agreement. PSD contends that all three documents have been previously designated "CONFIDENTIAL-FOR COUNSEL ONLY" because of sensitive, business-related, financial, and commercial information contained within them.

PSD also seeks to seal portions of its Reply contending the redacted portion discusses specifics relating to the Settlement Agreement of Exhibit BB due to Plaintiffs' designation.

"[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement of Torts § 757 cmt. b. Royalty rates fall within the definition of trade secrets, *In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008), "because disclosure could create an asymmetry of information in the negotiation of future licensing deals," *Apple, Inc. v. Samsung Elec. Co., Ltd.*, No. 11-cv-01846-LHK, 2012 WL 4933287, at *2 (N.D. Cal. Oct. 16, 2012).

Accordingly, PSD's motion to seal Exhibits Z, BB and CC to the Supplemental Declaration of Charanjit Brahma is **GRANTED**. Furthermore, PSD's request to seal its Reply is **DENIED**. The Court finds the redaction sought by PSD falls short of demonstrating a need to be sealed. Mere reference to details contained in sealed exhibit BB, without more, such as actually disclosing confidential details, is insufficient to justify sealing portions PSD's Reply. The Clerk is directed to file exhibits Z, BB and CC lodged at Docket No. 264 under seal. PSD's Reply shall be filed in unredacted form on the public docket.

**IT IS SO ORDERED.**

DATED: 7/11, 2018

Hon. Roger T. Benitez
United States District Court