FILED

FEB 25 2020

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOWRIDER SURF, LTD., a Canadian corporation; and SURF WAVES, LTD., a company incorporated in the United Kingdom,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC SURF DESIGNS, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 3:15-cv-01879-BEN-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S RENEWED MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**[Doc. 282]** |

Presently before the Court is Defendant Pacific Surf Designs, Inc.'s ("PSD" or "Defendant") renewed motion for attorneys' fees pursuant to 35 U.S.C. § 285, 28 U.S. 1927, and the Court's inherent power. (Doc. No. 282.) Plaintiffs Flowrider Surf, Ltd. and Surf Waves, Ltd. (collectively "Plaintiffs") oppose this request. (Doc. No. 285.) Defendant filed a Reply to Plaintiffs' Opposition to which Plaintiffs filed an *ex parte* Sur-Reply in Opposition. (Doc. Nos. 286 and 294.) The Court finds the matter suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion.

# I. BACKGROUND

Plaintiffs, wholly-owned subsidiaries of Whitewater West Industries, Ltd., are in the water-park ride industry. FlowRider is the exclusive global licensee of U.S. Patent No. 6,491,589 (the "'589 Patent") entitled, *"Mobile Water Ride Having Sluice Slide-Over Cover."* (Doc. No. 1, Compl. ¶ 9.) Surf Waves owns U.S. Patent No. 8,088,016 (the "'016 Patent") entitled, (*Half-Pipe Water Ride.*) *Id.* ¶ 12. Defendant competes with the Plaintiffs in the water-park ride industry.

On August 24, 2015, Plaintiffs commenced this patent infringement action alleging Defendant willfully infringed the '589 and '016 Patents. *Id.* This Court dismissed the '589 Patent on May 25, 2017, for lack of subject matter jurisdiction. (Doc. No. 222.) On January 17, 2018, after *inter partes* review of the '016 Patent, the Patent Trial and Appeal Board ("PTAB") issued its Final Written Decision pursuant to 35 U.S.C. § 318(a) and 38 C.F.R. § 42.73. (Doc. No. 230-1, Ex. A.) In the decision, the PTAB found all the "asserted" claims (1-5 and 7-20) to be unpatentable.[1] As a result of the PTAB's decision, the '016 Patent is essentially unenforceable in this proceeding. *See Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2143 (2016) ("[A] decision to cancel a patent [in an IPR] normally has the same effect as a district court's determination of a patent's invalidity.)

On May 7, 2018, based on the decision of the PTAB finding the Plaintiffs' patent unenforceable, this Court enter judgment for the Defendant. Plaintiffs, on May 16, 2018, filed a Notice of Appeal to the Federal Circuit.[2] (Doc. No. 241.)

On May 22, 2018, Defendant filed a Motion for attorney's fees and expert expenses. (*See* Doc. No. 246.) Plaintiffs filed their response on June 11, 2018, along with an *ex parte* application for Order denying Defendant's Motion for attorney's fees and bill of costs

---

[1] Claim 6 of the '016 Patent was not sought as an *Asserted* Claim. (*See* Doc. No. 214-1 at 2-3.)

[2] Plaintiffs seek appellate review of this Courts May 8, 2018 judgment and May 26, 2017 Order granting PSD's Motion to Dismiss U.S. Patent 6,491,589. (Doc. Nos. 240, 222.)

without prejudice or alternatively, stay the proceedings pending the decision of Plaintiffs' appeal to the Federal Circuit. (Doc. Nos. 255, 248.) Defendant filed its response on May 31, 2018, to which the Plaintiffs' replied in opposition to the Defendant's Bill of Costs on June 7, 2018. (Doc. Nos. 249, 250.) The Court entered an Order on December 21, 2018, denying both motions. Upon learning that the Federal Circuit summarily affirmed the PTAB's decision in favor of the Defendants, Plaintiffs withdraw their appeal on July 1, 2019.

On July 15, 2019, the Defendant filed the instant motion, seeking attorney's fees pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent power. (Doc. No. 282.) The Plaintiffs filed their response in opposition to Defendant's motion for attorney's fees, to which the Defendant replied. (Doc. Nos. 286, 294.)

## II. LEGAL STANDARD

### A. 35 U.S.C. § 285

The Patent Infringement Act provides that reasonable attorney's fees may be awarded to the prevailing party in "exceptional cases." 35 U.S.C. § 285. A case is "exceptional" if it stands out from others with respect to either: (1) the substantive strength of a party's litigating position, or (2) the unreasonable manner in which the case was litigated. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). "District courts may determine whether a case is exceptional in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* at 1767 (internal quotations omitted). The court may also consider a non-exclusive list of factors to consider in deciding whether a case is exceptional: "frivolousness, motivation, [and] objective unreasonableness ...." *Id.* at 1756, n.6 (citing *Fogerty v. Fantasy*, 510 U.S. 517, 534 n.19 (1994)). Either subjective bad faith or the pursuit of especially meritless claims may be sufficient to set a case apart. *Id.* at 1757. A party must establish its entitlement to attorney's fees by a preponderance of the evidence. *Id.* at 1758.

A finding that a case is exceptional does not end the inquiry. The decision to award attorney's fees is discretionary and "permits the judge to weigh intangible as well

3

as tangible factors: the degree of culpability of the infringer, the closeness of the question, litigation behavior, and any other factors whereby fee-shifting may serve as an instrument of justice." *Nat'l Presto Indus., Inc. v. W. Bend Co.*, 76 F.3d 1185, 1197 (Fed. Cir. 1996).

### B. 28 U.S.C. § 1927

Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section § 1927 sanctions may be upheld if an attorney's conduct was "reckless or in bad faith." *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 490 (9th Cir. 1988); *see Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010).

An attorney acts in bad faith when he or she "practices a fraud upon the court" or "delays or disrupts the litigation." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). Bad faith may also consist of recklessly raising a frivolous argument. *See In re Keegan Mgmt. Co. Secur. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). Put differently, "[f]or sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." *Id.* An attorney's bad faith is assessed under a subjective standard. *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.2d 1112, 1118 (9th Cir. 2000). "Knowing or reckless conduct meets this standard." *Id.* (citing *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1121-22 (9th Cir. 1991)).

### C. The Court's Inherent Power

"[T]he district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). "To impose sanctions under its inherent authority, the district court must make an explicit finding ... that counsel's conduct constituted or was tantamount to bad faith." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002); *see also B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107-08 (9th Cir. 2002) (attorney's

4

knowing and reckless introduction of inadmissible evidence was tantamount to bad faith and warranted sanctions under § 1927 and the court's inherent power.); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001) (attorney's reckless misstatements of law and fact, combined with an improper purpose, are sanctionable under the court's inherent power).

The Court "has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992-94 (9th Cir. 2001) (finding "mere recklessness, without more, does not justify sanctions under a court's inherent power" but that "[s]anctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose").

## III. DISCUSSION

Defendant contends it is entitled to its reasonable attorney's fees expended addressing the '016 Patent pursuant to 35 U.S.C. § 285, reasonable attorney's fees expended addressing the '589 Patent pursuant to 28 U.S.C. § 1927, and attorney's fees, expert fees, and non-taxable costs incurred pursuant to the Court's inherent authority. (Doc. No. 282 at 15.) The Court addresses each in turn.

### A. 35 U.S.C. § 285

Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Here, Defendant is the prevailing party with regard to the '016 Patent." (Doc. No. 282 at 13.) Upon determining that the '016 patent was unenforceable, the Court entered judgment in favor of Defendant as to the entire action.[3] *See Id.* Thus, the issue before the Court is whether this is an "exceptional case[]"

---

[3] In some cases, "defendants need not prevail on the merits to be classified as a 'prevailing party.'" *Raniere v. Microsoft Corporation*, 887 F.3d 1298, 1306 (Fed. Cir. 2018) In *Raniere*, the court held that the district court's dismissal of the action with prejudice "gave Appellees the full relief to which they were legally entitled," rendering them "prevailing parties" because the parties' relationship had materially changed. *Id.* at 1306, 1308.

5

justifying an award of attorney's fees. A case can be "exceptional" either "with respect to the substantive strength of [Plaintiff's] litigating position ... or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756. For the reasons discussed below, the Court finds that, based on the totality of circumstances, this case is "exceptional" on both grounds.

### i. Substantive Strength of Plaintiff's Litigating Position

Defendant argues Plaintiffs' litigating position was exceptionally weak in light of the fact that the '016 Patent was invalidated in view of Plaintiffs' own licensed patents and related infringement theories.[4] (Doc. No. 282 at 15.) Plaintiffs' respond their litigating position was objectively reasonable since there was a reasonable basis for presuming the '016 Patent was valid, including that: it was issued by the United States Patent and Trademark Office ("PTO"), 35 U.S.C. 282(a); Plaintiffs conducted significant pre-filing due diligence regarding the validity of the '016 Patent; and the PTAB's decision that the Defendant demonstrated invalidity by a "*preponderance of the evidence*" cannot justify a finding that Plaintiffs' infringement positions before *this Court* were "exceptionally weak." (Doc. No. 285 at 9.)

The Court agrees with the Defendant and finds this case exceptional because Plaintiffs knew or should have known that the '016 Patent was objectively unreasonable and frivolous. This is especially true considering it was previously invalidated as described *supra*. (Doc. No. 282 at 15.) Moreover, the Plaintiffs' awareness of the invalidating prior art (*at least as to the '589 Patent*), raised overbroad infringement theories, including that Plaintiffs' Supertube included "opposite" first and second curved

---

[4] "Plaintiffs were aware of the '589 Patent from the outset of the case, and undoubtedly were also aware of the other two patents used to invalidate the '016 Patent given that they were purportedly licensed to Plaintiff FlowRider in the same agreement. Ex. E, 214. *See Raymond v. Blair*, No. 09-5507, 2012 WL 1135911, at *4 (E.D. La. Apr. 4, 2012) (awarding fees where plaintiffs 'knew or should have known from the inception of this litigation that the patent was invalid.')." (Doc. No. 282 at 15.)

sidewalls extending substantially upwardly from edges of a middle section.[5] *Id.* at 15-16. Furthermore, Plaintiffs endeavored to frustrate Defendant's attempt to mitigate costs by refusing to drop their '016 Patent. This left Defendant little choice but to seek IPR review to defend its product line. The PTAB agreed with Defendant, and found Plaintiffs' '016 Patent unpatentable, thereby invalidating all of Plaintiffs' asserted claims. *See Id.* In effect, the PTAB's Final Decision (*affirmed by the Federal Circuit*) confirmed that the Plaintiffs' litigation positions regarding the '016 Patent were not only exceptionally weak, but were also frivolous in view of the prior art. *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989) (holding that an exceptional case finding can be based on a frivolous suit).

Plaintiffs' arguments to the contrary are not persuasive. First, Plaintiffs' claim there was a reasonable basis for contending the '016 Patent was valid since it was issued by the PTO. (Doc. No. 285 at 8.) The problem with this claim is that "Courts often find that plaintiff patentees' cases are exceptionally weak when their issued patents have been invalidated," much like the situation presented in this case. *See, e.g., Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372 (Fed. Cir. 2017.) (Doc. No. 286 at 2.)

Second, Plaintiffs claim that significant pre-filing due diligence regarding the '016 Patent was conducted prior to filing the Complaint. (Doc. No. 285 at 8.) However, noticeably absent from its response is "what investigation" Plaintiffs performed to support its contention there was "a reasonable belief that the '016 Patent was valid and enforceable in view of PSD's February 2016 invalidity contentions and its IPR petition." (See Doc. Nos. 286 at 3; 294-1 at 2.)

---

[5] "Nothing better evidences Plaintiffs' own realization that their proposed claim constructions were unreasonably broad than the fact that they offered Narrower constructions before the PTAB, which applied a 'broadest reasonable interpretation" standard." (Doc. No. 282 at 16.)

7

Third, Plaintiffs' claim of maintaining a "consistent claim construction" position throughout the litigation and IPR review is not supported by the evidence. (Doc. No. 285 at 8.) Defendant's Motion and Reply reference multiple instances where Plaintiffs' IPR responses provided significantly narrower claim construction definitions than was originally provided and ultimately adopted by this Court. (See Doc. Nos. 282 at 16, 286 at 3-4.)

Lastly, Plaintiffs' assertion the PTAB's final decision in favor of Defendant was merely the result of a difference of opinion. (Doc. No. 285 at 8.) Plaintiffs have no basis to assert knowledge of the PTAB examiners thought processes in reaching the decision it did in this case.

At bottom, Plaintiffs relied on nothing more than their own speculative aspirations, derived from weak circumstantial indicators—rather than clear language taken from controlling legal documents to reach the conclusions asserted in response to the Defendant's Motion. As such, Plaintiffs have no reasonable basis for arguing that its claims are well grounded. Thus, this case stands out as "exceptional" with respect to the substantive strength of Plaintiffs' litigating position. *Octane Fitness*, 134 S. Ct. at 1756.

### ii. Manner in Which the Case was Litigated

Defendant contends the case is exceptional because Plaintiffs litigated it to: (1) exert significant settlement pressure on Defendant; and (2) to force Defendant to turn over its sensitive financial records. (Doc. No. 286 at 6.) Plaintiffs disagree on both accounts, arguing Defendants' claims stem from the fact that Plaintiffs': (1) refused to succumb to Defendant's pressure to dismiss the '016 Patent; and (2) instead chose to aggressively exercise their legal right to pursue injunctive relief to stop Defendants infringing activities. (Doc. No. 285 at 11.)

The Court notes that the interactions between the parties and counsel in this suit have been contentious. Despite this, the Court still finds Plaintiffs' litigation conduct taken, unreasonable. *See Lyda v. CBS Interactive, Inc.*, No. 16-cv-06592-JSW, Dkt. No. 35 at 7 (N.D. Cal. Jan. 24, 2018) (granting fees; because one factor under *Octane Fitness*

8

3:15-cv-01879-BEN-BLM

is "the need to advance considerations of compensation and deterrence, ... the Court also takes into consideration the fact that Plaintiff has sued other entities on similar claims, without success.")

In this case, Plaintiff brought the lawsuit without conducting sufficient due diligence to determine the validity of the '016 Patent. While it is not entirely clear what pre-filing investigation Plaintiffs did or did not undertake, the record permits a few observations: Cursory review of the record should have given Plaintiffs some idea that the '016 Patent was invalid in view of its own licensed patents and related infringement theories. (Doc. No. 282 at 15.) This means that either (1) Plaintiffs did not (*contrary to its representations*) conduct a sufficient pre-trial investigation; (2) they did conduct a sufficient pre-trial investigation, and while Plaintiffs were aware of the '589 Patent as well as the other two patents used to invalidate the '016 Patent, given that they were purportedly licensed to Plaintiff FlowRider in the same agreement, decided to proceed anyways; or (3) they did conduct a sufficient pre-trial investigation, came to the objectively unreasonable conclusion that the '016 Patent was still valid, and proceeded on that basis. Of these three scenarios, the last is the most innocuous. However, even if only this scenario is true, Plaintiffs were no less than willfully blind in choosing to go forward with the suit against the Defendant. Instead of making efforts to clarify the validity of the '016 patent, Plaintiffs stuck their head in the sand and proceeded to file this lawsuit. As such, Plaintiffs failed to undertake an adequate pre-suit filing investigation before filing this suit, which was exceptionally unreasonable litigation conduct.

Aside from the aforementioned, Plaintiffs also failed to notify the Defendant early on that it would not be seeking any damages related to the '016 Patent, thereby forcing Defendant to spend resources on meritless discovery and expert reports. (Doc. No. 286 at 6.) Moreover, Plaintiffs refused to discuss the merits of the case despite Defendant's numerous invitations to do so. *Id.* Lastly, Plaintiffs also misrepresented the record by

9

alleging that "[b]oth the PTAB and this Court confirmed that PSD's IPR (from which PSD argues clearly presented the invalidity of the '016 Patent) lacked merit."[6] *Id.* at 6-7.

In sum, Plaintiffs initiated this suit without adequately investigating the validity of the '016 Patent (*and despite warning signs to the contrary*), insisted on maintaining this suit despite mounting evidence regarding the validity of the '016 Patent, and obfuscated the fact that the '016 Patent had validity issues, the manner in which it litigated this case also makes this case stand out as "exceptional."

For the foregoing reasons, this case stands out both with respect to the substantive strength of Plaintiff's litigating position and the manner in which Plaintiffs litigated it. Accordingly, the Court finds this is an "exceptional case[]" warranting attorneys' fees.

## B. 28 U.S.C. § 1927 and Courts Inherent Power

Defendant also moves the Court to impose sanctions against Plaintiffs and their counsel pursuant to 28 U.S.C. § 1927 as well as the court's inherent power. Defendant argues that sanctions are warranted because Plaintiffs attempt to obfuscate the standing issue followed by their frivolous standing arguments "multiplie[d] the proceedings ... unreasonably and vexatiously." (Doc. No. 282 at 14-15.) Moreover, Defendant emphasizes that it warned Plaintiffs that it would seek fees if it chose to continue litigating this matter, but Plaintiffs continued anyways. Plaintiffs' dispute Defendant's claims countering that sanctions are not warranted because Defendant unreasonably delayed seeking sanctions, making their request untimely. (Doc. No. 285 at 17.) Furthermore, Defendant's request is improper because Plaintiffs alleged conduct does not constitute subjective bad faith or recklessness.[7] (Doc. No. 285 at 17.)

---

[6] The Court never took any position on the merits of the petition. Moreover, Plaintiffs cite to the PTAB's Institution decision in which it expanded the grounds of invalidity, but still relied on only the prior art PSD raised. (Doc. No. 286 at 7.)

[7] Section 1927 requires that an attorney's multiplication of proceedings be both "unreasonable" and "vexations []," the conduct of the attorney in question must have been somehow wrongful. (Doc. No. 285 at 17.)

Although close, the Court finds that, on balance, sanctions under either § 1927 or the Court's inherent power are not warranted. As discussed above, Plaintiff's conduct during this litigation was exceptionally unreasonable: despite knowing facts that should have put it on notice that it had standing problems, Plaintiffs' did not adequately investigate its standing issues before filing this lawsuit, continued to pursue a determination on the merits despite mounting evidence of standing issues, and obfuscated the fact that it had standing issues.[8] (Doc. No. 282 at 19.) Through this conduct, Plaintiffs' were able to drag out this action and force Defendant to incur significant additional expenses in numerous ways, including briefing on numerous motions, depositions, and additional time and effort in terms of correspondence and meet and confers to get to the bottom of Plaintiffs' falsehoods and misrepresentations regarding their document production.[9] *See Id.* at 22. However, the Court is not convinced that this conduct rises to the level of misconduct required under § 1927 or the standards for exercising the Court's inherent power.

First, with respect to § 1927, the Court does not find that Plaintiffs or its counsel acted with "subjective bad faith." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d

---

[8] Plaintiffs' choice to produce the License Agreement showing FlowRider received rights while at the same time withholding the Sublicense Agreement showing FlowRider gave those rights away on the same day cannot reasonably be interpreted as anything but a deliberate attempt to mislead PSD and the Court as to standing. (Doc. No. 282 at 19-20.) Thereafter, Plaintiffs attempted to avoid producing any documents revealing FlowRider's lack of patent rights by falsely telling the Court and PSD that all documents had been produced when they had not. *Id.* at 21.

[9] "This is precisely the type of 'unreasonabl[e] and vexatious []' 'multipl[ying of] the proceedings' that § 1927 is intended to deter." *See also* 10 C. Wright et al., Federal Practice and Procedure, § 2670 (3d ed. 2015) ("explaining the purpose of § 1927 is 'to place directly on attorneys a sanction that should encourage them to refrain from the frivolous, to weigh considerations of relevancy and privilege carefully when participating in discovery proceedings, and to advise their clients in accordance with their best legal judgment rather than in terms of securing tactical advantage through the manipulation of the process."). (Doc. No. 282 at 22.)

1004, 1007 (9th Cir. 2015) ("Sanctions pursuant to section § 1927 must be supported by a finding of subjective bad faith."). Under Ninth Circuit law, "bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* As discussed above, Plaintiffs' basis for asserting standing as to the '589 Patent was objectively unreasonable and exceptionally weak. However, the Court does not find that this position was entirely without support. As Plaintiffs point out, Defendant's Motion for Sanctions was untimely because Defendant waited until May 22, 2018, (*a full year after the time the Court dismissed the '589 Patent*) to seek sanctions.[10] (Doc. No. 285 at 14.) Moreover, the filing of a complaint cannot be the basis for sanctions under 28 U.S.C. § 1927. *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431, 435 (9th Cir. 1996). Lastly, in its reply, Defendant seeks sanctions based on the conduct of Plaintiffs, rather than counsel, which is improper under 28 U.S.C. § 1927. Sanctions under 28 U.S.C. § 1927 may only be rendered based on the actions of attorneys in this action. *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.,*, 210 F.3d 1112, 1117 (9th Cir. 2000) ("Section 1927 authorizes the imposition of sanctions against any lawyer who wrongfully proliferates litigation proceedings once a case has commenced.") (Doc. No. 294-1 at 3.) In addition, there was at least some weak circumstantial evidence that supported Plaintiffs assertions. Accordingly, the Court does not find that Plaintiffs or counsel "knowingly or recklessly raise[d] a frivolous argument." *Blixseth*, 796 F.3d at 1007.

The Court also does not find that Plaintiffs or counsel brought this case or continued to litigate it for the purpose of harassing Defendant. Instead, the record suggests that Plaintiffs' purpose in litigating this matter was to protect its "valuable intellectual property

---

[10] District courts are expected to sanction wrongful conduct as it occurs. *In re Yagman*, 796 F.2d 1165, 1183 (9th Cir. 1986) ("prompt action helps enhance the credibility of the rule and, by deterring further abuse, achieve its therapeutic purpose" (citations omitted)). (Doc. No. 285 at 14.)

12

assets" from Defendant's "knock offs" water ride attractions. (See Doc. No. 285 at 1.) While its continued insistence that it possessed standing was disrespectful to the Court's resources and is not the type of behavior that should be encouraged in the legal profession, the Court finds that it is better characterized as extremely zealous advocacy exercised with poor judgement rather than harassment. Thus, it is also not the case that Plaintiff's counsel "argue[d] a meritorious claim for the purpose of harassing an opponent." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015). Accordingly, because the Court cannot conclude that Plaintiffs' counsel acted with "subjective bad faith," sanctions under § 1927 are not warranted.

Second, with respect to the Court's inherent power, the Court does not find that Plaintiffs or counsel's "conduct constituted or was tantamount to bad faith." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002). It is true that certain aspects of Plaintiffs' behavior come close: its continued assertions of standing in its pleadings and representations to the Court and Defendants were misleading and its continued insistence on pursuing the merits of this case wasted resources. However, the Court is not convinced that this crosses the line from extremely zealous advocacy to actual bad faith. Instead, it seems more likely that Plaintiffs simply took an aggressive tack toward this case and maintained hopeful aspirations that, somehow, it could eventually push its way through. As such, sanctions pursuant to the Court's inherent power are not warranted.

In sum, for the reasons discussed above, the Court finds that this case does not warrant sanctions either under § 1927 or the Court's inherent power.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's request for attorneys' fees pursuant to 35 U.S.C. § 285, but **DENIES** Defendant's motion for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent power. Defendant is directed to submit a complete justification for the fees it seeks, including justification for the rates charged and the time spent, organized to facilitate the Court's review and adjustment of the requested

fees. Fees shall be presented organized both by date and by timekeeper. Defendant shall provide the Court and Plaintiff with native Excel versions of the spreadsheets they submit.

Defendant shall file all they deem necessary to support their fees no later than March 30, 2020. Plaintiff shall file its objections to Defendant's accountings no later than April 14, 2020. Defendant shall file its response to the objection no later than April 22, 2020. The Court will notify the parties if it requires a hearing on the amount of the fees.

**IT IS SO ORDERED.**

Dated: February 24, 2020

HON. ROGER T. BENITEZ
United States District Judge