JOSEPH E. THOMAS (State Bar No. 101443)
jthomas@twtlaw.com
WILLIAM J. KOLEGRAFF (State Bar No. 183861)
wkolegraff@twtlaw.com
GRANT J. THOMAS (State Bar No. 325011)
gthomas@twtlaw.com
**THOMAS WHITELAW & KOLEGRAFF LLP**
18101 Von Karman Avenue, Suite 230
Irvine, California 92612-7132
Telephone:   (949) 679-6400
Facsimile:    (949) 679-6405

Attorneys for
Pacific Surf Designs, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLOWRIDER SURF, LTD., a Canadian corporation; and SURF WAVES, LTD., a company incorporated in the United Kingdom,<br><br>         Plaintiffs,<br><br>    vs.<br><br>PACIFIC SURF DESIGNS, INC, a Delaware corporation,<br><br>         Defendant. | CASE NO. 3:15-cv-01879-BEN-BLM<br><br>**DEFENDANTS SUBMISSION OF SUPPORT FOR ACCOUNTING OF ATTORNEYS' FEES AND COSTS REQUESTED BY THIS COURT'S ORDER [DKT. 308]**<br><br>The Hon. Roger T. Benitez<br>Courtroom 5A |

It is undisputed that defendant Pacific Surf Designs, Inc. ("PSD") prevailed in this action. After prevailing, upon a proper motion brought by PSD [Dkt. 282], the Court found this case exceptional under the fee shifting provision of 35 U.S.C. § 285 [Dkt. 308].

## I. PSD REQUESTS ALL ATTORNEYS' FEES AND COSTS AS THE PREVAILING PARTY UNDER THE FEE SHIFTING PROVISION OF 35 U.S.C. § 285.

In accounting for attorneys' fees and costs, PSD requests the Court award all fees and costs for defending this litigation against defendants Flowrider Surf, LTD. and Surf Waves LTD.

"In determining a reasonable amount of time spent, the Court should only award fees based on 'the number of hours reasonably expended on the litigation" and exclude "hours that are excessive, redundant, or otherwise unnecessary.' [citations omitted]." *Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1165 (N.D. Cal. 2015) "The court necessarily has discretion in making this equitable judgment. [citations omitted]." *Id*. There are two circumstances which the federal court has stated a full award of fees may not be warranted. These situations are: "(1) when litigation misconduct is the sole basis for deeming a case 'exceptional,' and (2) cases where the injured party only partially prevails on the patent claims at issue." *Id*. at 1166. Neither of these limiting scenarios applies. Pursuant to PSD's Renewed Motion for Attorney's Fees [Dkt. 282]. PSD requested the court award all fees and costs because of (1) the weakness of the defendants' patent infringement

positions, and (2) the manner in which defendants litigated this action. This Court found the case was exceptional for both reasons. *Order Granting in Part and Denying In Part Defendant's Renewed Motion for Attorneys' Fees and Costs* [Dkt. 308 at 5:18-6:5]. Therefore, the first limiting scenario does not apply. Second, "the Court entered judgment in favor of Defendant as to the entire action." *Id.* (Emphasis on footnote 3). Thus, the second limiting scenario does not apply because PSD did not partially prevail, but in fact, prevailed in the entire action.

Considering this, PSD seeks an award of all attorneys' fees and costs for the entire action based upon the fee shifting provision 35 U.S.C. §285. There are four components required to fully compensate PSD under §285: (1) the fees and costs incurred by Troutman Sanders in defending this case; (2) the fees incurred by Troutman Sanders in responding to the Court's Order, (3) the fees incurred by Thomas Whitelaw in responding to the Court's Order; and (4) the fees and costs incurred by Kaufman Dolowich in the May 1, 2014 predecessor cases filed by the same defendants, on the same patents, against PSD.

**A.    The fees and costs incurred by Troutman Sanders in defending this case.**

Attached hereto as Exhibit A to the Declaration of Charanjit Brahma is a complete accounting of all fees and costs incurred by PSD from Troutman Sanders in defending this suit against Flowrider Surf, Ltd. As shown in Exhibit A, the total amount of attorneys' fees and costs equal $ 2,466,709. *Id.*   As set forth in the Declaration of C. Brahma, an additional $14,875 is due for cost of the expert, Mr.

Pribonic.

### B. The fees incurred by Troutman Sanders in responding to the Court's Order.

Attached hereto as Exhibit C to the Declaration of Charanjit Brahma is a complete accounting of all fees incurred by PSD from Troutman Sanders' preparation and assistance in responding to the Court's Order. As shown in Exhibit C, the total amount of attorneys' fees equals $18,495.

### C. The fees and costs incurred by Thomas Whitelaw in responding to the Court's Order.

Attached hereto as Exhibit E to the Declaration of Joseph Thomas is a complete accounting of all fees incurred by PSD from Thomas Whitelaw in responding to the Court's Order and other fees since becoming lead counsel in October 2019. As shown in Exhibit E, the total amount of attorneys' fees and costs equals $ 224,355.

### D. The fees and costs incurred by Kaufman Dolowich in predecessor cases.

Prior to the instant case, on May 1, 2014 Surf Waves Ltd. filed a case asserting the '016 patent against PSD, and Flowrider Ltd. filed a separate case asserting the '589 patent against PSD. These cases were filed by the same law firm as with this case, and raised the same infringement allegations. PSD engaged the law firm of Kaufman Dolowich to defend against the infringement accusations in both cases. These cases were voluntarily dismissed after little more than a month. As such, these prior cases are simply an extension of the unreasonable litigation

conduct the Court found in this case. Accordingly, the fees and costs that PSD incurred in these two prior cases are appropriately awarded in this case. The fees and costs incurred in the Surf Waves case (with regard to the '016 patent) are identified in Exhibit F1, which total $30,471. The fees and costs incurred in the Flowrider case (with regard to the '589 patent) are identified in Exhibit F2, which total $4,281.

      Below is a summary of all fees and costs that are appropriately awarded for a finding that this case is exceptional under §285.

| ACTIVITY | AMOUNT |
|---|---|
| Troutman Sanders fees and costs to defend this case (Ex. A) | $2,466,709 |
| Expert costs (Brahma Dec, §A ¶ 4-10) | $ 14,875 |
| Troutman Sanders fees and costs to respond to the Court Order (Ex. C) | $ 18,495 |
| Thomas Whitelaw fees and costs (Ex. E) | $ 224,355 |
| Kaufman Dolowich Fees for prior Surf Waves matter (Ex. F1) | $ 30,471 |
| Kaufman Dolowich Fees for prior Flowrider matter (Ex F2) | $ 4,281 |
| **TOTAL** | $ 2,759,186 |

      Accordingly, if the Court finds that PSD should be fully compensated for its finding this case exceptional under §285, the Court should award PSD $ 2,759,186.

## II. ALTERNATIVELY, PSD REQUESTS THE COURT ALLOCATE COSTS IN THE REASONABLE MANNER IN WHICH PSD OUTLINED IN ITS SUPPORTING DECLARATION.

In the event that the Court finds that PSD is not entitled to all attorneys' fees and costs, and instead allocates the award between the '016 patent and the '589 patent, PSD submits an alternative allocation of attorney's fees.

Attached hereto as Exhibit B1 to the Declaration of Charanjit Brahma is an accounting of Troutman Sanders attorneys' fees and costs directed to litigation tasks with regard to the '016 patent. The total fees allocated to only the '016 patent equals $494,622, plus costs of $31,140, for a total of $525,762. (Brahma Decl. at ¶ 14-17). PSD submits that these fees and costs should be distributed at a 100% allocation based upon the Court's finding this case to be exceptional for litigation conduct regarding the '016 patent.

Attached hereto as Exhibit B2 to the Declaration of Charanjit Brahma is an accounting of Troutman Sanders attorney's fees and costs directed to litigation tasks for both the '016 patent and the '589 patent prior to June 1, 2017, which was the filing date of the later case specific to the '589. (Brahma Decl. at ¶ 18-25). PSD submits that a 67% split in favor of awarding fees is proper. *Id.* PSD came to this distribution by analyzing documents and litigation activities, as set out in the Declaration of C. Braham. *Id.* In making this allocation, PSD determined that these mixed tasks including activities and efforts specific to the '016 patent, activities and efforts specific to the '589 patent, and activates and efforts that would have been

199538

5

3:15-cv-01879-BEN-BLM

incurred whether or not the '589 patent was ever in this case. For example, a claim construction brief has an expensive legal section that sets out the current law on claim construction, which would be required even if the '589 patent was not in the case at all. In this way, a 50-50 allocation is unfair to PSD, as there are significant activities, efforts, and tasks that are required, even for a one-patent suit. In another example, discovery has significant aspects that would also be required if the '589 patent were not in the case. After evaluating documents and the case file, PSD believes an allocation of 33% is appropriate for '589 patent specific activity. In this way, 67% of the mixed billing is reasonably allocated to the '016 patent.

As shown in Exhibit B2, (1) Troutman Sanders LLP attorney fees, (2) Troutman Sanders eMerge fees, and (3) costs total $1,628,479. Applying the 67% allocation results in PSD being owed $1,091,081.

Attached hereto as Exhibit B3 to the Declaration of Charanjit Brahma is an accounting of Troutman Sanders attorney's fees and costs directed to litigation tasks for both the '016 patent and the '589 patent after June 1, 2017, which was the filing date of the case specific to the '589 patent. (Brahma Decl. at ¶ 26-29). PSD submits that a 67% split in favor of awarding fees is proper. *Id*. For the same reasons set forth with regard to Exhibit B2, PSD believes an allocation of 33% is appropriate to the '589 patent such that 67% is reasonably allocated to the '016 patent. However, no eMerge attorney fees or costs are sought for this time period.

As shown in Exhibit B3, Troutman Sanders LLP attorney fees total $250,905.

With a 67% allocation to the '016 patent, PSD is owed $168,106. In the attached Declaration of C. Brahma, the expert costs have been reduced to remove activity directed to the '589 patent. Accordingly, the allocation of expert fees to the '016 patent is $12,969.

### A. The fees incurred by Troutman Sanders in responding to the Court's Order.

Attached hereto as Exhibit C to the Declaration of Charanjit Brahma is a complete accounting of all fees incurred by PSD from Troutman Sanders' preparation and assistance in responding to the Court's Order. As shown in Exhibit C, the total amount of attorneys' fees equals $18,495.

### B. The fees and costs incurred by Thomas Whitelaw in responding to the Court's Order.

Attached hereto as Exhibit E to the Declaration of Joseph Thomas is a complete accounting of all fees incurred by PSD from Thomas Whitelaw's in responding to the Court's Order and other fees since becoming lead counsel in October 2019. As shown in Exhibit E, the total amount of attorneys' fees and costs equals $ 224,355.

### C. The fees and costs incurred by Kaufman Dolowich in predecessor cases.

Prior to the instant case, on May 1, 2014 Surf Waves Ltd. filed a case asserting the '016 patent against PSD. This case was filed by the same law firm as with this case, and raised the same infringement allegations. PSD engaged the law firm of Kaufman Dolowich to defend against the infringement accusations regarding

the '016 patent. This case was voluntarily dismissed after little more than a month. As such, this prior case is simply an extension of the unreasonable litigation conduct the Court found in this case with regard to the '016 patent. Accordingly, the fees and costs that PSD incurred are appropriately awarded in this case. The fees and costs incurred in the Surf Waves case (with regard to the '016 patent) are identified in Exhibit F1, which total $30,471.

Below is a summary of all fees and costs that are appropriately awarded for a finding that this case is exceptional under §285 where the Court finds it necessary to reduce the award to reflect activity and tasks directed to the '589 patent.

| ACTIVITY | AMOUNT |
| --- | --- |
| Fees and costs directed only to '016 activities (Ex. B1), allocated at 100% | $ 525,762 |
| Mixed fees and costs directed to '016 and '589 activities (Ex. B2), before June 2017 and allocated at 67% | $1,091,081 |
| Mixed fees directed to '016 and '589 activities (Ex. B3), after June 2017 and allocated at 67% | $ 168,106 |
| Troutman Sanders fees and costs to respond to the Court Order (Ex. C) | $ 18,495 |
| Expert costs (Brahma Dec, §B), allocated | $ 12,969 |
| Thomas Whitelaw fees and costs (Ex. E) | $ 224,355 |
| Kaufman Dolowich Fees for prior Surf | $ 30,471 |

| Waves matter (Ex. F1) | |
|---|---|
| **TOTAL** | **$ 2,040,768** |

Accordingly, if the Court finds that PSD should be only partially compensated for its finding this case exceptional under §285, the Court should award PSD $ 2,040,768.

### III.  CONCLUSION

The Court has found this case exceptional. To compensate PSD properly for litigating this case and deter future unwarranted litigation, an award of all attorneys' fees and costs is proper and just as set forth in Section I above. Alternatively, PSD should be awarded fees and costs as allocated in Section II above.

Dated: March 30, 2020                    Respectfully submitted,

                                                        THOMAS WHITELAW & KOLEGRAFF LLP


                                                        By:   /s/ Joseph E. Thomas
                                                            JOSEPH E. THOMAS
                                                            Attorneys for Pacific Surf Designs, Inc.

**Certificate of Service**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on March 30, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

Dated March 30, 2020          By:   /s/ Tierra Mendiola
                                    Thomas Whitelaw & Kolegraff