1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOWRIDER SURF, LTD., a Canadian corporation; and SURF WAVES, LTD., a company incorporated in the United Kingdom, | Case No.:  3:15-cv-01879-BEN-BLM |
| | **ORDER DENYING PLAINTIFFS'** |
| Plaintiffs, | **(1)  *EX PARTE* MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S RENEWED MOTION FOR ATTORNEY'S FEES** |
| v. | |
| PACIFIC SURF DESIGNS, INC., a Delaware corporation, | |
| Defendant. | **(2)  MOTION TO RE-TAX COSTS** |
| | **[ECF No. 294, 296]** |

Presently before the Court are Plaintiffs' (1) *Ex Parte* Motion for Leave to File a Sur-Reply to Defendant's Reply in Support of Their Renewed Motion for Attorneys' Fees, ECF No. 294, and (2) Motion to Re-tax Costs, ECF No. 296.  The Court **DENIES** Plaintiffs' (1) *Ex Parte* Motion for Leave to File a Sur-Reply to Defendant's Reply in Support of Their Renewed Motion for Attorneys' Fees as moot, and (2) Motion to Re-tax Costs.

On August 24, 2015, Plaintiffs commenced this patent infringement action alleging

PSD willfully infringed the '589 and '016 Patents.  *See generally*, ECF No. 1.  On May 26, 2017, this Court (1) granted Defendant's motion to dismiss Flowrider's '589 Patent claim for lack of subject matter jurisdiction; (2) denied Flowrider's motion to substitute parties; (3) dismissed FlowRider as well as the '589 Patent Claim for lack of standing *without prejudice*; and (4) stayed the rest of the case while '016 Patent underwent *inter partes* review with the Patent Trial and Appeal Board of the U.S. Patent Office ("PTAB").  ECF No. 222.  On January 19, 2018, Defendant notified the Court of the PTAB January 17, 2018 Final Written Decision in the *inter partes* review of the '016 Patent, in which the PTAB found all asserted claims of the '016 Patent unpatentable.  ECF No. 230.  On May 7, 2018, based on the PTAB decision, judgment was entered against Plaintiffs, and provided that "Plaintiff's patent is unenforceable and judgment is entered for Defendant for the entire action."  ECF No. 240.

On May 22, 2018, Defendant filed a Bill of Costs, seeking **$30,634.31** in costs against Plaintiffs.  On August 13, 2019, a hearing for taxation of costs was held.  On October 22, 2019, John Morrill, Clerk of the Court, issued an Order Taxing Costs, taxing $19,844.16 in favor of Defendant and against Plaintiffs.  ECF No. 295.  On October 29, 2019, Plaintiffs filed a Motion to Re-tax Costs.

## I.  <u>LEGAL STANDARD</u>

"A review of the decision of the clerk in the taxation of costs may be taken to the court on motion to re-tax by any party in accordance with Rule 54(d), Fed. R. Civ. P., and Civil Local Rule 7.1."  S.D. Cal. Civ. R. 54.1(h).  "'Under the well-established Rule 54(d)(1) case law, the district court is charged with making a de novo review of the clerk's determination of the costs issue.'"  *Jardin v. DATAllegro, Inc.*, No. 08-CV-1462-IEG WVG, 2011 WL 4835742, at *1 (S.D. Cal. Oct. 12, 2011) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 461 (3d Cir. 2000)).  Rule 54(d) creates a presumption favoring an award of costs to the prevailing party.  *See*, *e.g.*, *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 375–76 (2013) ("describing the 'venerable' presumption that prevailing parties are entitled to costs); *see also Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948, 966 (9th

Cir.), *cert. granted*, 139 S. Ct. 52, (2018), and *rev'd in part*, 139 S. Ct. 873 (2019) (noting that *Marx* remains binding precedent on the Ninth Circuit). "The fact that a party does not prevail on all of its claims does not, however, preclude it from being the prevailing party for purposes of awarding costs under Rule 54(d)." *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1347–48 (Fed. Cir. 2006); *see also Hashimoto v. Dalton*, 118 F.3d 671, 677 (9th Cir. 1997) (providing that "[a] litigant need not prevail on every issue, or even on the 'central issue' in the case, to be considered the prevailing party").

The losing party carries the burden of overcoming the presumption favoring an award of costs to the prevailing party by affirmatively showing a valid reason that the prevailing party is not entitled to costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). In reviewing costs assessments, district courts consider (1) whether the costs are allowable and (2) whether the amount assessed for each item is reasonable. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000); *see also Yumi Ito v. Tokio Marine & Fire Ins. Co., LTD.*, No. CV036835JFWJTLX, 2007 WL 9735847, at *1 (C.D. Cal. Mar. 22, 2007) (citing to *Majeske* for the same proposition). District courts also consider whether the award of costs is just.

## II.   **DISCUSSION**

Plaintiffs have moved the Court for two forms of relief. First, Plaintiffs filed an *Ex Parte* Motion for Leave to File a Sur-Reply to Defendant's Reply in Support of Their Renewed Motion for Attorneys' Fees. ECF No. 294. Given the Court has ruled on Defendant's Renewed Motion for Attorneys' Fees, the issue is moot.

Second, Plaintiffs move to re-tax costs, arguing that (1) prevailing party status is determined by federal circuit law, not the local rules, ECF No. 296-1 at 1:25-27; (2) Defendant is not the prevailing party on the '589 Patent given a defendant is not considered the prevailing party when dismissal without prejudice is the result of lack of subject matter jurisdiction, *id.* at 2:13-17; and (3) Defendant has not demonstrated an entitlement to costs

for the '016 Patent, including but not limited to the depositions and file wrappers, *id.* at 3:8-18. Defendant responds that (1) Defendant is the prevailing party in the action under federal common law, ECF No. 299 at 2:18-25, and (2) costs were properly taxable under 28 U.S.C. § 1919 and Local Rule 54.1, *id.* at 4:13-15 and 5:6-8. Upon careful consideration of the numerous briefs, objections, and responses exchanged in this case, the Court affirms the Clerk's order taxing costs and denies Plaintiffs' Motion to Re-tax Costs.

Plaintiffs also argue that "[w]hether a party is prevailing within the meaning of Rule 54 is a matter of Federal Circuit law." While "[w]hether a party is prevailing within the meaning of Rule 54 is a matter of Federal Circuit law[,] . . . [t]he district court's actual decision regarding an award of costs, however, is reviewed under the law of the regional circuit." *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1407 (Fed. Cir. 2004). In other words, this Court's decision regarding awarding costs is reviewed under regional Ninth Circuit law. *Id.* at 1407. Regardless, this Court concludes that under both Federal Circuit and Ninth Circuit law, the Clerk properly taxed costs. Thus, while Plaintiffs argue that "the costs clerk determined taxable costs based solely on the application of Local Rule 54.1 without regard to Federal Rule of Civil Procedure 54 or the Federal Circuit's binding interpretation of it," ECF No. 296-1 at 2:7-12, the Court concludes that the Clerk properly taxed costs under both Federal and Ninth Circuit law.

1.     ***This Court Properly Determined Defendant is the Prevailing Party Even if the Dismissal Was for Lack of Standing or Jurisdiction.***

Plaintiffs rely on cases from 2001, 2002, 2003, 2014, and 2017 to argue that a defendant is not considered a prevailing party when dismissed without prejudice due to a lack of subject matter jurisdiction. ECF No. 296-1 at 2:13-26. Defendant correctly notes that the majority of the cases relied on by Plaintiffs were either clarified or overruled entirely by later cases. ECF No. 299 at 3:3-5.

District "courts [have] the discretion to award costs to prevailing parties," and "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs." *Marx*, 568 U.S. at 377; see also Fed. R. Civ. P. 54(d)(1) (providing that courts award costs,

other than attorney's fees, should be awarded to the prevailing party in a case "[u]nless a federal statute, these rules, or a court order provides otherwise").  Generally, when a court dismisses a case, the defendant qualifies as the prevailing party for purposes of recovering costs under Rule 54 of the Federal Rules of Civil Procedure ("Rule 54").  *See*, *e.g.*, *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1300-09 (Fed. Cir. 2018) (affirming the district court's award of costs after the plaintiff's lawsuit for patent infringement was dismissed for lack of standing); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990), *partially superseded by statute on other grounds* ("district courts may award costs after an action is dismissed for want of jurisdiction"); *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1416-17 (Fed. Cir. 2004) (holding that "IR, which had all claims against it dismissed with prejudice, is therefore a prevailing party" but affirming the district court's denial of costs because the court did not abuse its discretion, and "the district court still retains discretion over the award of costs under Rule 54"); *Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037 (8th Cir. 2001) (concluding that a voluntary dismissal without prejudice under Rule 41(a)(1)(i) does not deprive a District Court of its authority to award costs).

While courts previously evaluated the basis for the dismissal in deciding whether to award costs, such authority has largely been overruled.  *See*, *e.g.*, *Raniere*, 887 F.3d at 1306 (providing that "[e]ven if the district court's decision to dismiss with prejudice for lack of standing is not based on the substantive merits of a plaintiff's case, . . a merits decision is not required").  Thus, even though "a dismissal for lack of standing is generally to be without prejudice because it is not an adjudication on the merits," courts will still award the defendant costs as a prevailing party in such a case.  *See id.* at 1304 (citing *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1332 (Fed. Cir. 2009)).  Here, this Court dismissed the claims related to the '589 Patent *without prejudice* after it determined that Plaintiffs lacked standing to pursue those claims, and as a result, the Court lacked subject-matter jurisdiction.

Defendant correctly notes that to be deemed the prevailing party, Defendant "need only have prevented plaintiff from receiving some judicial imprimatur, *i.e.*, prevailing on

the merits of the case." ECF No. 299 at 2:13-18; *see also Raniere*, 887 F.3d at 1306 (noting that the defendants won by securing dismissal of the plaintiff's case, which prevented the plaintiff from "from achieving a material alteration of the relationship between them, based on a decision marked by 'judicial *imprimatur*'"). Thus, contrary to Plaintiffs' argument, even where a court dismisses a case for lack of subject matter jurisdiction, the court may deem the defendant the prevailing party. *Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709-11 (9th Cir. 2017). In fact, and as discussed below, all of Plaintiffs' authority for its position are from 2001, 2002, 2003, 2014, and 2017 and omits more recent authority.

For their argument that Defendant is not the prevailing party, Plaintiffs largely rely on *SPH Am., LLC v. AT&T Mobility LLC*, No. 3:13-CV-2318-CAB-KSC, 2017 WL 3021025, at *2 (S.D. Cal. July 14, 2017) and *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001). However, as discussed below, *SPH* was arguably overruled by *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1309 (Fed. Cir. 2018), and *Buckhannon* was later clarified by the Supreme Court in *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1644 (2016), which held that a ruling on the merits is no longer required to determine a defendant is a prevailing party. The other two Federal Circuit cases upon which Plaintiffs rely also predate the Supreme Court's ruling in *CRST*. As such, Plaintiffs fail to cite any binding precedent to support their argument that Defendants are not a prevailing party.

In 2001, the United States Supreme Court held that the term prevailing party did not include "a party that has failed to secure a judgment on the merits . . . but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon Bd.*, 532 U.S. at 600. The Supreme Court held that the term "prevailing party" does not authorize "federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief." *Id.* at 606.

Fifteen years later, the Court clarified *Buckhannon* in the case of *CRST Van Expedited, Inc. v. E.E.O.C.*, which involved "the interpretation of a statutory interpretation allowing district courts to award attorney's fees to defendants in employment discrimination cases." 136 S. Ct. at 1644. The United States Supreme Court reversed the Eighth Circuit Court of Appeals, which had held that a Title VII defendant "prevails only by obtaining a 'ruling on the merits.'" *Id.* at 1646. Instead, the Court held "that a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." Notably, the *CRST* Court indicated that it "has not articulated a precise test for when a defendant is a prevailing party." *Id.* Even though *CRST* considered the fee-shifting provision of Title VII, the Supreme Court was careful to advise that "Congress has included the term 'prevailing party' in various fee-shifting statues, and it has been the Court's approach to interpret the term in a consistent manner." *Id.* at 1646. Further, the *CRST* listed numerous reasons why defendants who prevail for various non-meritorious reasons should still equitably be deemed prevailing parties and explicitly included the example of a defendant who had prevailed for jurisdictional reasons. *Id.* at 1651-54.

One year after *CRST*, the Southern District of California issued *SPH Am., LLC v. AT&T Mobility LLC*, a case upon which Plaintiffs strongly rely. 2017 WL 3021025. However, in 2018, the *SPH* decision was called into question, if not entirely overruled, by the Federal Circuit case of *Raniere*, 887 F.3d at 1309. In *Raniere*, the United States District Court for the Northern District of Texas dismissed the plaintiff's lawsuit for patent infringement *with prejudice* due to lack of standing. 887 F.3d at 1300-02. The *Raniere* plaintiffs contended, like Plaintiffs here, "that dismissal with prejudice for lack of standing is not an adjudication on the merits . . . required to find that a defendant is a 'prevailing party.'" *Id.* at 1303. The Federal Circuit disagreed with this argument, "particularly in light of the Supreme Court's decision in *CRST*, which held that favorable judgment on the merits is not necessary for a defendant to be deemed a prevailing party for purposes of statutory fee-shifting." *Id.* The court noted that *Buckhannon* had been interpreted to require that "in determining whether a party is a prevailing party in patent litigation," courts

-7-

should "apply the general principle that 'to be a prevailing party, one must receive at least some relief on the merits, which alters . . . the legal relationship of the parties." *Id.* at 1304. The court clarified that "relief on the merits" meant that "the party obtain[ed] a court order materially changing the legal relationship of the parties." *Id.* It also noted that "the Ninth Circuit [has] concluded that *CRST* overruled its earlier holding in *Branson v. Nott*, 62 F.3d 287 (9th Cir. 1995), which had held that when a defendant wins based on a dismissal for lack of subject matter jurisdiction, that defendant is not a prevailing party under 42 U.S.C. § 1988." *Id.* at 1306 (citing *Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709-10 (9th Cir. 2017)). After the *Raniere* court's extensive analysis of Federal Circuit, Ninth Circuit, and Supreme Court cases, it concluded that the district court did not err in finding the defendants-appellees were the prevailing parties where the plaintiff had been dismissed due to lack of standing. *Id.* at 1303-08. Thus, the *Raniere* court affirmed "the district court's award of attorney fees and costs under 35 U.S.C. § 285." *Id.* at 1309.

More recently, in *B.E. Technology, L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 678-79 (Fed. Cir. 2019), the Federal Circuit also held that "a defendant can be deemed a prevailing party even if the case is dismissed on procedural grounds rather than on the merits." The *B.E. Technology* defendant, Facebook, obtained a dismissal for mootness after the PTAB found the claims unpatentable. *Id.* In affirming the district court's award of costs to the defendant under Rule 54(d), the court pointed out "[t]hat the merits of the decision cancelling the claims occurred in the PTO rather than the district court does not change the fact that the district court dismissed the claims it had before it, albeit for mootness." *Id.* at 679. "It thereby placed a judicial *imprimatur* upon B.E.'s claim for patent infringement." *Id.* As a result, just like Defendant in this case, Facebook was determined to be the prevailing party in *B.E. Technology* after the court dismissed the case as moot following the PTAB's invalidation of the plaintiff's patent claims on *inter partes* review. *Id.*

In this case, on May 26, 2017, this Court dismissed Plaintiff's '589 Patent infringement claim for lack of standing, *without prejudice*, and stayed the rest of the case while the '016 Patent underwent *inter partes* review with the PTAB of the U.S. Patent

-8-

Office.  ECF No. 222.  Thus, just like plaintiffs in *SPH*, *Raniere*, and *B.E. Technology*, Plaintiffs in this case had their patent infringement case dismissed.  This Court is bound by *Raniere* and *B.E. Technology*.  As Defendant points out, under those more recent authorities, the Clerk's order does not conflict with federal rules or case law interpreting those rules, and costs were properly taxed under Local Rule 54.1.  As such, this Court affirms the Clerk's award of costs to Defendant.

> **2.** ***The District Court Properly Taxed Costs Under Rule 54 of the Federal Rules of Civil Procedure, Local Rule 54.1, and 28 U.S.C. § 1919.***

Plaintiffs also argue that "the costs clerk determined taxable costs based solely on the application of Local Rule 54.1 without regard to Federal Rule of Civil Procedure 54 or the Federal Circuit's binding interpretation of it."  ECF No. 296-1 at 2:8-11 (citing ECF No. 295 at 1:26-28 ("the Local Rule does not distinguish for claims dismissed for lack of subject matter jurisdiction").  Defendant responds by noting that district courts have the discretion to adopt local rules, and in this case, "Local Rule 54.1 properly allows for costs to the prevailing party."  ECF No. 299 at 4:2-5 (citing *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010)).

> a.  *Local Rule 54.1*

"A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules."  Fed. R. Civ. P. 83.  The Southern District's Local Rules provide: "The defendant is the prevailing party upon any termination of the case without judgment for the plaintiff except a voluntary dismissal under Fed. R. Civ. P. 41(a)."  S.D. Cal. Civ. R. 54.1(f).  It elaborates that "[a] review of the decision of the clerk in the taxation of costs may be taken to the court on motion to re-tax by any party in accordance with Rule 54(d), Fed. R. Civ. P., and Civil Local Rule 7.1."  S.D. Cal. Civ. R. 54.1(h).  As discussed, this local rule, which provides that the defendant a defendant is the prevailing party whenever a case terminates without judgment for the plaintiff except for cases of voluntary dismissal, in no way conflicts with

-9-

the law of the Federal Circuit or Ninth Circuit. *E.g.*, *Raniere*, 887 F.3d at 1300-09; *Cooter*, 496 U.S. at 395; *Amphastar*, 856 F.3d at 709-11.

b.   *28 U.S.C. § 1919.*

Plaintiffs argue, *inter alia*, that Defendant cannot recover costs relating to the (1) '589 Patent "because the dismissed claim was subsequently re-filed against the same defendant," ECF No. 300 at 1:22-26, and (2) '016 Patent because Defendant failed to explain the how the costs it seeks qualify as "just costs" under section 1919 or apportion which costs related to the '016 Patent, *id.* at 1:26-28.  Defendant responds that the authority upon which Plaintiffs rely is inapplicable to the case.  ECF No. 302 at 3:1-11.

"Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919. "Unlike Rule 54(d)(1) ('costs—other than attorney's fees—should be allowed to the prevailing party'), a cost award under § 1919 does not turn on prevailing party status and lies within the sound discretion of the district court." *Otay Land Co. v. United Enterprises Ltd.*, 672 F.3d 1152, 1156 (9th Cir. 2012). "In determining 'just costs' under 28 U.S.C. § 1919, a district court should consider what is most fair and equitable under the totality of the circumstances." *Id.* at 1157. "Although 'just costs' is a unitary standard, it involves a two step analysis—[1] whether an award of costs is just and equitable and, [2] if so, the appropriate amount of costs." *Id.* "In determining 'just costs' under 28 U.S.C. § 1919, a district court should consider what is most fair and equitable under the totality of the circumstances." *Id.* at 1157.

In their objection, Plaintiffs argue that Defendant's "reliance on 28 U.S.C. § 1919 is improper." ECF No. 300 at 1:22-23.  Plaintiffs contend that "[c]osts relating to U.S. Patent No. 6,491,589 cannot be recovered under Section 1919 because the dismissed claim was subsequently re-filed against the same defendant."  ECF No. 300 at 1:23-25 (citing *Callicrate v. Farmland Indus.*, 139 F.3d 1336, 1342-43 (10th Cir. 1998); *Plata v. Darbun Enters., Inc.*, No. 09-CV-0044-IEG CAB, 2010 WL 3184298, at *5 (S.D. Cal. Aug. 11,

-10-

2010)).

In *Otay Land*, the Court declined to follow *Callicrate*.  672 F.3d at 1159-60 ("If the costs in question are 'just' in the federal case, we see no need to defer to future proceedings in state court" and "presume that state courts will exercise their available discretion to prevent" double recovery).  In *Callicrate v. Farmland Industries*, 139 F.3d 1336, 1342-43 (10th Cir. 1998), the Tenth Circuit upheld certain costs as to a defendant against whom litigation had concluded after a dismissal for want jurisdiction; however, it reversed the award of certain deposition costs as to another defendant that was a party to a subsequently filed state court action litigating the state law claims against him.  The court reasoned that whenever the claims pertaining to the state court action concluded in that court, the state court cold award costs at that point.  *Id.* at 1342.  In this case, this action has concluded, and the only extent to which costs might be improper would be if Defendant sought costs for which it seeks to recover in this case in the *Whitewater* Case as well.  However, that would be the subject of a separate motion that Plaintiffs can file at a later date, provided they provide proof of the dates the costs were incurred and show that those costs were already awarded in this case.  In *Plata*, the Court likewise granted the Defendant's motion for costs with respect to some, but not all, costs.  2010 WL 3184298 at *5.  Citing to the *Callicrate* court, the *Plata* court held that costs related to pending state law litigation could be awarded by the state court at the conclusion of the case.  *Id.*

This Court shares the view of the *Otay* court that *Callicrate* and *Plata* are distinguishable because both cases involved diversity jurisdiction.  As a result, when the cases were dismissed for lack of federal jurisdiction, the plaintiffs could re-file the state law claims in state court.  As the *Otay* court noted, however, the plaintiffs "may not refile its two dismissed federal claims in state court, nor may it refile the federal claims [in federal court] unless they are ripe."  *Otay*, 672 F.3d at 1159.  Here, there are no state law claims.

### 3.   *The Items Taxed Were Properly Taxed*

Plaintiffs also argue that to the extent Defendant seeks costs under section 1919 relating to the '016 Patent, Defendant has failed to (1) "explain how the costs it seeks

-11-

qualify as 'just costs' under Section 1919" and (2) "apportion which costs—if any—are attributed solely to the '016 Patent claims." ECF No. 300 at 1 25-28. Defendant responds that "the interests of justice support taxing costs against plaintiff for continuing to pursue claims based on the '589 patent when FlowRider knew it had transferred the rights to the patent." ECF No. 299 at 5:6-8.

On a motion to re-tax costs, "a district court must 'specify reasons' for its *refusal* to tax costs to the losing party," *Assoc. of Mexican–American Educators v. California,* 231 F.3d 572, 591 (9th Cir.2000), but does not need to "specify reasons for its *decision* to abide the presumption and tax costs to the losing party," *Save Our Valley v. Sound Transit,* 335 F.3d 932, 945 (9th Cir. 2003). In fact, "[a] district court deviates from normal practice when it refuses to tax costs to the losing party, and that deviation triggers the requirement to 'specify reasons.'" *Save Our Valley,* 335 F.3d at 945.

In *Save Our Valley,* the Ninth Circuit reiterated "that a district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id.* at 945. *Save Our Valley* involved a plaintiff-community group that challenged the defendant-regional transit authority's plan to build a light-rail line by filing a suit under 42 U.S.C. section 1983, "alleging that the street-level alignment . . . will cause disproportionate adverse impacts to minority residents." *Id.* at 934. The district court granted summary judgment to the defendant and affirmed, without explanation, the clerk's taxation of costs against the plaintiff as the losing party. On appeal, the Ninth Circuit held that district courts need not provide reasons for awarding costs; rather, "[t]he presumption [in favor of awarding costs to the losing party] provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, we will assume it acted based on that presumption." *Id.* at 945. The court noted that only on rare occasions, "where severe injustice will result from an award of costs, does a district court abuse its discretion by failing to conclude that the presumption has been rebutted." *Id.* The court explicitly "decline[d] to adopt a rule that would place on district courts the

-12-

burden of justifying routine awards of costs against losing parties in civil rights cases." *Id.* at 946. In sum, the lost party carries the burden of overcoming the presumption favoring an award of costs to the prevailing party by affirmatively showing a valid reason that the prevailing party is not entitled to costs. *Id.* at 944-45. In this case, the Court concludes that it is well within its discretion to affirm the Court's taxation of costs.

### a. *The Depositions*

The clerk may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "The court has discretion to tax the costs of transcripts from court proceedings when (1) the transcripts are necessarily obtained for use in the case, and (2) the cost is reasonable." *ACE Const., Inc. v. United States*, 81 Fed. Cl. 161, 170 (2008); *see also Kemart Corp. v. Printing Arts Research Labs., Inc.*, 232 F.2d 897, 905 (9th Cir. 1956) (upholding the trial court's discretion to award the costs of trial transcripts). Generally, "[d]eposition costs are taxable if they are reasonably necessary for trial." *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998) (holding that "the trial court did not abuse its discretion in awarding these [deposition] costs").

Plaintiffs again offer non-binding precedent, citing to a 1987 case from the Western District of North Carolina, *S.G.C. v. Penn-Charlotte Assocs.*, 116 F.R.D. 284, 288 (W.D.N.C. 1987), to argue that "[w]hen seeking to recover deposition costs, the burden is on the moving party 'to offer some explanation as to why the costs of the depositions petitioned for should be allowed.'" ECF No. 296 at 3:22-26. This authority conflicts with more recent, binding authority providing that the "losing party must show why costs should not be awarded." *Save Our Valley*, 335 F.3d at 945.

"Whether a transcript or deposition is necessary must be determined in light of the facts known at the time the expense was incurred." *Ruff v. Cty. of Kings*, 700 F. Supp. 2d 1225, 1247 (E.D. Cal. 2010) (internal quotations omitted); *accord Allison v. Bank One-Denver*, 289 F.3d 1223, 1249 (10th Cir. 2002), *as amended on denial of reh'g* (June 19, 2002) (holding that "[a]s long as the taking of the deposition appeared to be reasonably

-13-

necessary at the time it was taken, barring other appropriate reasons for denial, the taxing of such costs should be approved"); *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (providing that "[t]he proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court"). Here, Plaintiffs take issue with the eight deponents for whom Defendant seeks costs, arguing those deponents provide no testimony regarding the '016 Patent:

| Deponent: | Date of Deposition: |
|---|---|
| Yong Yeh | March 21-23, 2017. *See* ECF No. 250-1 at 2:21-3:3. |
| Andrew Thatcher | March 27, 2017. *See* ECF No. 250-1 at 2:11-13. |
| Thomas Lochtefeld | March 28, 2017. *See* ECF No. 250-1 at 2:16-18. |
| Luc Benac | April 5-6, 2017. *See* ECF No. 250-1 at 3:22-23-4:1-2. |
| David Keim | April 7, 2017. *See* ECF No. 250-1 at 2:14-15. |
| Richard Alleshouse | April 18-19, 2017. *See* ECF No. 250-1 at 3:13-21. |
| Bruce McFarland | April 21, 2017. *See* ECF No. 250-1 at 2:19-20. |
| Marshall Myrman | April 25, 2017. *See* ECF No. 250-1 at 2:8-10. |

The Court finds that during the time period of March 2017 through April 2017, (1) the claims related to both the '589 Patent and '016 Patent were still pending in this case; (2) the '589 Claim was not dismissed until May 26, 2017, more than one month after the latest deposition; and (3) the subsequently filed *Whitewater* Case was not filed until June 2, 2017, also well after the above depositions were taken. Given the above depositions were taken while both patents were at issue in this case, the Court finds that they were necessarily obtained for use in this case. Notably, Plaintiffs do not dispute the cost of the transcripts themselves, and as such, only take issue with the propriety of taxing the costs but not the amount of the costs.

Finally, the court notes that Plaintiffs argue that "[s]hould Plaintiffs prevail on its infringement claims for the '589 Patent, it would be the prevailing party and be entitled to

-14-

reimbursement for these depositions." ECF No. 296-1 at 7:2-4 (citing 28 U.S.C. § 1920). As a result, if Plaintiffs have already paid Defendant for the transcripts, Plaintiffs would not be made whole if they seek recovery of costs in the '589 Patent case. ECF No. 296-1 at 7:4-9. However, Plaintiffs did not prevail, and as such, not only is this argument moot, *Tur*, 562 F.3d at 1214; but Defendant would also be entitled to these costs anyways—either now, in this case, or later, in the *Whitewater* Case. The Court finds that judicial economy merits affirming the Clerk's award of costs in this case. Should Defendant seek to recover for the same depositions in the *Whitewater* Case, then, Plaintiffs would have a legitimate objection that the costs should be denied on the grounds of double recovery.

### b.   *The Patent File Wrappers*

The Clerk granted $447.99 for two (2) different versions of the file wrapper for the '589 Patent. ECF No. 243-3 at 2; *see also* ECF No. 295 at 3 (granting costs for "patent file wrappers as requested for the amount charged"). Plaintiff does not dispute that copying costs, including patent file wrappers may be recovered if "necessarily obtained for use in the case." ECF No. 296-1 at 7:10-16 (citing 28 U.S.C. § 1920(4); L.R. 54.1(b)(6)(a)). Plaintiffs argue that Defendant "does not and cannot contend that the file wrapper for the '589 Patent was 'necessarily obtained' for use in the case or claims relating to the '016 Patent," and as such, is not entitled to recover those costs. ECF No. 296-1 at 7:17-20. Defendant does not address this argument in its opposition.

Here, the invoices for the patent wrappers show that they were incurred on February 17, 2016 and February 10, 2017 for the '589 Patent. *See* ECF No. 243-6, Ex. D. Thus, just as with the depositions, because these costs were incurred (1) while both patents were still at issue in this case and (2) before the dismissal of the '589 Patent, the Court finds that the cost was necessary to this case at the time it was occurred. Thus, the Court affirms the clerk's award of costs for the patent wrappers. Awarding costs to Defendant is just.

Plaintiffs objected to Defendant's Opposition (1) as untimely under Local Rule 54(1)(h)(2), arguing it was due on November 1, 2019 rather than November 18, 2019, when it was filed, ECF No. 300 at 1:4-6, and (2) was filed by attorneys from the law firm of

-15-

Thomas, Whitelaw & Kolegraff, LLP ("TWK") who had not yet appeared on Defendant's behalf in this case, and as such, are not authorized to act on Defendant's behalf, *id.* at 1:7-13. Local Rule 7.1 provides that "each party opposing a motion . . . must file that opposition . . . not later than fourteen (14) calendar days prior to the noticed hearing." S.D. Cal. Civ. R. 7.1(e)(2). Here, the hearing on the Motion to Re-tax Costs was originally scheduled for December 2, 2019, meaning that the Opposition needed to be filed, pursuant to Rules 54.1 and 7.1 of the Local Rules, by Monday, November 18, 2019. Defendant submitted its opposition on November 18, 2019, and as such, on time.

Concerning the notion that the attorney filing the Opposition had not yet filed a formal appearance, there are two problems with disregarding the Opposition brief. First, federal courts bear in mind "the public policy favoring disposition of cases on their merits." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Second, the record indicates that while Troutman & Sanders LLP represented Defendant, TWK filed the actual Opposition brief prior to making its formal appearance. Nonetheless, the Court also finds that the error does not prejudice Plaintiffs as binding circuit court authority warrants denying the re-tax motion. Thus, the Court has properly considered Plaintiffs' objections and overrules them in favor of deciding this motion on the merits.

## III.   CONCLUSION

For the above reasons, the Court **DENIES** Plaintiffs': (1) *Ex Parte* Motion for Leave to File a Sur-Reply to Defendant's Reply in Support of Their Renewed Motion for Attorneys' Fees, ECF No. 294; and (2) Motion to Re-tax Costs, ECF No. 296.

**IT IS SO ORDERED.**

DATED:  September 30, 2020

**HON. ROGER T. BENITEZ**
United States District Judge

-16-